1  Roland Tellis (SBN 186269)
   rtellis@baronbudd.com
2  Mark Pifko (SBN 228412)
   mpifko@baronbudd.com
3  BARON & BUDD, P.C.
   15910 Ventura Boulevard, Suite 1600
4  Encino, California 91436
   Telephone:  (818) 839-2333
5  Facsimile:   (818) 986-9698

6  Attorneys for Plaintiff
   CLAIRE DELACRUZ individually, and
7  on behalf of other members of the
   public similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLAIRE DELACRUZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CYTOSPORT, INC., a California Corporation,<br><br>Defendant. | Case No.: 4:11-cv-03532-CW<br>**CLASS ACTION**<br><br>**DECLARATION OF MARK PIFKO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:         April 11, 2013<br>Time:        2:00 p.m.<br>Location:   Courtroom 2, 4th Floor<br>                    1301 Clay Street<br><br>Judge:       Hon. Claudia Wilken<br><br>Action Filed:   July 18, 2011<br>Trial Date:      None Set |

Case No. 4:11-cv-03532-CW
DECLARATION OF MARK PIFKO IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# DECLARATION OF MARK PIFKO

I, Mark Pifko, declare as follows:

1. I am an attorney licensed to practice before this Court and all courts of the State of California. Unless the context indicates otherwise, I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently to them. I am an attorney with Baron & Budd, P.C., and I serve as counsel for Plaintiff Claire Delacruz ("Plaintiff") in *Delacruz v. CytoSport, Inc.*, (N.D. Cal. Case No. 4:11-cv-03532-CW). I make this declaration in support of Plaintiff's Motion For Preliminary Approval of Class Action Settlement.

2. I joined Baron & Budd, P.C.'s Los Angeles office in 2011, where I represent clients in complex and class action litigation matters. My practice focuses on cases involving false advertising, fraud, and scientific and technical disputes. Prior to joining Baron & Budd, P.C., I was an attorney with the international law firms Bingham McCutchen LLP and Arnold & Porter LLP, and I have been on both the prosecution and defense sides of more than fifty class action lawsuits and other complex legal matters concerning a variety of consumer goods, including food products, consumer electronics, dietary supplements, vehicles, software, mortgage service fees, and other items.

3. I am currently counsel in a number of putative class action cases concerningfalse and deceptive advertising, including: *IN RE: Avon Anti-Aging Skincare Creams and Products Marketing and Sales Practices Litigation*, (S.D.N.Y. Case No. 1:13-cv-01417) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: L'Oreal Wrinkle Cream Marketing and Sales Practices Litigation*, (D.N.J. Case No. 2:12-cv-07869) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: Alexia Foods, Inc.* (N.D. Cal. Case No. 4:11-cv-06119-PJH) (putative class action concerning false advertising, fraud and misrepresentation on frozen food products' labels); and *Michael J. Otto v. Abbott Laboratories, Inc.*, (C.D. Cal. Case No. 5:12-1411-SVW) (putative class action

1

Case No. 4:11-cv-03532-CW
DECLARATION OF MARK PIFKO IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

concerning false advertising, fraud and misrepresentation concerning nutritional supplement drinks).

4. In addition, I am currently counsel in the following class action cases: *Stitt, et al., v. Citibank, N.A, et al.*, (N.D. Cal. Case No. 4:12-cv-03892-YGR), *Bias, et al., v. Wells Fargo & Company, et al.* (N.D. Cal. Case No. 4:12-cv-00664-YGR), and *Ellis, et al., v. J.P. Morgan Chase & Co., et al.*, (N.D. Cal. Case No. 4-12-cv-03897-YGR) (putative class actions concerning banks' unlawful mark-ups of mortgage default service fees); and *Brad Aarons v. BMW of North America* LLC (C.D. Cal. Case No. 2:11-cv-07667-PSG-CW) (putative class action concerning car manufacturer's failure to disclose a safety defect to consumers).

5. Other noteworthy complex and class actions cases I have had significant involvement in include: *Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008 (S.D. Cal. 2009) (class action regarding major restaurant system's alleged violation of California's gift card laws); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798 (2007) (allegations that progesterone cream products required warnings under California consumer laws and Proposition 65); *Wiener v. Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) (class action alleging false advertising concerning yogurt products); and *In re Light Cigarettes Marketing and Sales Practices. Litig.*, 652 F. Supp. 2d 1379 (MDL No. 2068) (class action alleging false advertising concerning light cigarettes).

6. In addition, I have published several articles concerning class actions and consumer laws. Relevant articles include "Game On!," *Daily Journal* (March 14, 2011), "Getting What You Paid For," *California Lawyer Magazine* (February 2010); "California District Attorneys Enforce Gift Card Law Against Major Retailer, Highlighting Increasing Government Enforcement Trend," *Arnold & Porter LLP Advisory* (August 2009); "California Supreme Court Rules Consumers Need Actual Injury for CLRA Claim," *Arnold & Porter LLP Advisory* (February 2009); and "AHPA Members Fight California 'Shakedown' Lawsuit: Potential Industry-wide Benefits," *American Herbal Products Association (APHA) Report* (October 2006).

7. Both prior to and following the filing of this action, I conducted thorough investigation of Plaintiff's claims against Defendant CytoSport, Inc. ("Defendant" or "CytoSport"). Such efforts included, for example, testing the Products for nutritional content, consulting with experts regarding the Products' nutritional content, reviewing scientific research concerning the Products and their ingredients, and discussing claims with Plaintiff and putative class members.

8. Additionally, Plaintiff and Defendant (collectively, the "Parties") have engaged in substantial discovery efforts concerning Plaintiff's claims. Discovery efforts included serving and responding to requests for production of documents, reviewing and analyzing documents produced by Defendant, deposing several key witnesses, including high-level executives at CytoSport and third parties involved in the marketing of the Products, and serving numerous third-party subpoenas for documents. In addition, Plaintiff retained two experts who developed and provided detailed reports concerning her claims.

9. The Parties have vigorously litigated this action for well over one year. In ultimately reaching the Settlement, the Parties were well-informed concerning the facts and law underlying Plaintiff's claims. By the time the Parties endeavored to settle this case, Plaintiff's counsel had developed an in-depth understanding of the strengths and weaknesses of Plaintiff's claims. The Parties were then able to engage in informed negotiation with each other.

10. The Parties spent a considerable amount of time and resources negotiating the terms of the settlement and ultimately, the Settlement Agreement and Release ("Settlement") that documents the resolution of this action. On April 27, 2012, the Parties participated in an all-day mediation session with Hon. Edward A. Panelli (Ret.) at JAMS in San Francisco. Then, on September 11, 2012, the Parties participated in another all-day mediation session, this time with Hon. Carl J. West (Ret.) in Los Angeles. Having made significant progress towards settlement during this session, the Parties arranged for a third mediation session, which was conducted by Judge West at JAMS in San Francisco on

1  September 28, 2012.  Although the Parties did not reach a settlement there, they continued
2  to negotiate material terms via phone and e-mail.  Thereafter, the Parties ultimately
3  reached an agreement concerning the material terms, and memorialized the resulting
4  Settlement Agreement and Release on February 27, 2013.

5  11.  Based on my own investigation and evaluation, I am of the opinion that the Settlement, including its financial and non-financial terms, its allocation among class members, and the recovery for each class member, is fair and reasonable.  From my experience litigating class action matters, I believe I have formed a strong understanding of the trends in both the likelihood of certification of cases such as this one and the value of settlements of such cases.

12.  My opinion takes into consideration the amounts received in other similar class actions which I have litigated and/or am familiar with, the risks inherent in litigation of this type, and the reasonable tailoring of each class member's claim to the amount received in settlement.  I believe the Settlement is fair, reasonable and adequate and is in the best interests of the proposed class.

13.  A true and correct copy of the Settlement Agreement and Release is attached to this Declaration as Exhibit 1.

14.  A true and correct copy of the proposed Notice of Settlement is attached to this Declaration as Exhibit 2.

15.  A true and correct copy of the proposed plan for notice of the settlement is attached to this Declaration as Exhibit 3.

I declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed this 7th day of March, 2013, in Encino, California.

/s/ Mark Pifko
Mark Pifko