# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

The parties hereto, by and through their respective counsel, in consideration for and subject to the promises, terms and conditions contained in this Settlement Agreement and Release ("Settlement Agreement"), hereby agree, subject to Court approval pursuant to Federal Rule of Civil Procedure 23, as follows:

### I. RECITALS

WHEREAS, on or about July 18, 2011, Plaintiff Claire Delacruz ("Plaintiff") initiated a class action lawsuit against CytoSport, Inc. ("CytoSport," together with Plaintiff, the "Parties" and each a "Party") in the United States District Court for the Northern District of California, Case No. 4:11-cv-03532 (the "Action");

WHEREAS, Plaintiff filed the now-operative Second Amended Complaint in the Action on April 18, 2012;

WHEREAS, Plaintiff has alleged that CytoSport has falsely or misleadingly represented the nutritional attributes and healthfulness of its Muscle Milk® Ready-to-Drink protein beverage (the "RTD") and Muscle Milk® protein bar (the "Bar," together with the RTD, the "Products") by, among other things:  (1) using the words "Healthy Sustained Energy" on the label of certain RTDs, (2) using the words "Healthy Fats" on the label of certain RTDs, (3) using the words "Good Carbohydrates" on the label of certain RTDs, (4) using the words "Healthy Sustained Energy" on the label of the Bars, (5) using the words "0g Trans Fat" on the label of the Bars, (6) including fractionated palm kernel oil and partially hydrogenated palm oil as ingredients in the Bars, and (7) using similar words and phrases in the advertising and marketing of the Products on CytoSport's website and in television commercials;

WHEREAS, the Second Amended Complaint asserts claims for alleged violations of California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), fraud, negligent misrepresentation, and unjust enrichment on behalf of a purported nationwide class of consumers;

EXHIBIT 1

WHEREAS, Plaintiff, by and through her counsel, has conducted an investigation into the facts and law relating to the matters alleged in the Action by, *inter alia,* conducting fact discovery (including the depositions of three senior CytoSport executives and the production of thousands of pages of documents) and exchanging expert reports, as well as legal research and briefing on the sufficiency of the claims in the Second Amended Complaint;

WHEREAS, Plaintiff and her counsel hereby acknowledge that in the course of their investigation they received, examined, and analyzed information, documents, products, and other items that they deem necessary and appropriate to enable them to enter into this Settlement Agreement on a fully informed basis;

WHEREAS, this Settlement Agreement was reached as a result of extensive arms-length negotiations between counsel for Plaintiff and Defense Counsel and after multiple meditation sessions with the Hon. Edward A. Panelli (ret.) and Hon. Carl J. West (ret.), both currently affiliated with JAMS;

WHEREAS, counsel for Plaintiff has considered that, if the claims asserted in the Action are not settled now by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, involve highly complex legal and factual issues relating to class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation.  In light of these factors, counsel for Plaintiff and Plaintiff have concluded that it is desirable and in the best interests of Plaintiff and the members of the putative class to settle the claims asserted in the Action at this time upon the terms set forth in this Settlement Agreement;

WHEREAS, counsel for Plaintiff and Plaintiff have concluded that the settlement embodied in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the putative class;

WHEREAS, CytoSport has vigorously denied and continues to vigorously deny all of the claims and contentions alleged in the Action, denies any wrongdoing and denies any liability to Plaintiff or any members of the putative class;

EXHIBIT 1

WHEREAS, CytoSport has also considered the risks and potential costs of continued litigation, on the one hand, and the benefits of the proposed settlement, on the other hand, and desires to settle the Action upon the terms and conditions set forth in this Settlement Agreement;

WHEREAS, CytoSport has agreed not to oppose class action treatment of the claims alleged in the Action solely for the purpose of effecting the compromise and settlement of those claims on a class basis as set forth herein and not for any other purpose; and

NOW THEREFORE, it is hereby stipulated and agreed, by and between the Parties, through their respective counsel, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after a hearing or hearings as provided for in this Settlement Agreement; and (b) upon such approval by the Court, a Final Order and Judgment, substantially in the form attached hereto as Exhibit "B," be entered dismissing the Action with prejudice, once the Effective Date (as defined below) has been reached, all upon the following terms and conditions.

## II. DEFINITIONS

1.     "Bar Date" means the final time and date by which a Claim Form must be received by the Settlement Administrator in order for a Settlement Class Member to be entitled to any of the settlement consideration contemplated in this Settlement Agreement.

2.     "Claim Form" means the proof of claim and release form(s) substantially in the form attached hereto as Exhibit "C," which may be modified to meet the requirements of the Claims Administrator, pursuant to which Settlement Class Members can recover one of the benefits described in Paragraphs 32 through 34.

3.     "Claim Period" means the time period from the Notice Date through the Bar Date, which is the time period that Settlement Class Members will have to claim the benefits and payments contemplated by Paragraphs 32 through 34 of this Settlement Agreement.

4.     "Class Counsel" means the law firm of Baron & Budd, P.C.

5.     "Class Period" means the period of time beginning July 18, 2007 through December 31, 2012.

EXHIBIT 1

6. "Court" means the United States District Court for the Northern District of California and the Judge assigned to the Action.

7. "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

8. "Effective Date" means the date on which the Final Order and Judgment (defined below) in the Action becomes "Final." As used in this Settlement Agreement, "Final" means three business days after all of the following conditions have been satisfied:

(a) The Final Order and Judgment has been entered; and

(b) (i) if reconsideration and/or appellate review is not sought from the Final Order and Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or (ii) if reconsideration and/or appellate review is sought from the Final Order and Judgment: (A) the date on which the Final Order and Judgment is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Judgment is no longer subject to judicial review.

9. "Final Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (c) to rule upon an application by Class Counsel for an award of attorneys' fees.

10. "Final Order and Judgment" means an order fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit "B."

11. "Long Form Notice" means the long form "NOTICE OF SETTLEMENT," substantially in the form attached hereto as Exhibit "D."

12. "Notice Date" means the date that the Long Form Notice and/or Summary Notice is initially emailed or published (as appropriate).

EXHIBIT 1

13.     "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Notice Procedures, substantially in the form attached hereto as Exhibit "A."

14.     "Proof of Purchase" means a valid, original receipt or similar writing issued by a retailer, bank, or credit card issuer describing the Products purchased at retail by a Settlement Class Member, or the actual container(s) or wrapper(s) for the Products manufactured and sold during the Class Period.

15.     "Released Claims"

(a)     "Released Claims" means any and all claims, demands, rights, damages, obligations, suits, liens, and causes of action over every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in paragraph 47 below) as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(i)     were brought or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq*., Cal. Bus. & Prof. Code § 17500 *et seq*., and Cal. Civ. Code § 1750 *et seq*.); breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(ii)    relate in any way to any claim, advertisement, representation, assertion, promise, or similar statement made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness

EXHIBIT 1

or nutritional attributes of the Products, including but not limited to all claims that relate in any way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the use of the words "Good Carbohydrates" with respect to the Products; the calories provided by the Products; the ingredients in the Products, including but not limited to the amounts and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type; the amount and/or presence of fat or saturated fat in the Products; the amount and/or presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the Products; the amount and/or presence of protein in the Products; the marketing of the Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative beverage" and/or related statements; guidelines concerning when and/or in what quantities to use the Products; and compliance with any federal, state, or local labeling requirements with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the Products.

   (b)  "Released Claims" do not include claims for personal injury.

  16.  "Released Parties" means: CytoSport and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors; all of CytoSport's parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the development, formulation, manufacture, sale, or marketing of the Products or their labeling, packaging, or advertising.

  17.  "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their predecessors, successors, assigns, heirs, or executors.

  18.  "Settlement" means the settlement embodied in this Settlement Agreement.

  19.  "Settlement Administrator" means the qualified third party selected by the parties and approved by the Court in the Preliminary Approval Order to administer the Settlement,

EXHIBIT 1

including providing Summary Notice.  The parties agree to recommend that the Court appoint Garden City Group as Settlement Administrator. If Garden City Group is unavailable or the parties agree otherwise, the parties may recommend a different proposed Settlement Administrator.

20.     "Settlement Class" means all persons who purchased the Products at retail in the United States during the Class Period.  Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of CytoSport or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

21.     "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in this Settlement Agreement, the Long Form Notice, and the Summary Notice.

22.     "Summary Notice" means the summary "Notice of Proposed Class Action Settlement," substantially in the form attached hereto as Exhibit "E."

23.     "Total Settlement Value" means the amount of $5,275,000, which is the total monetary value that the Parties ascribe to all relief, benefits, fees, costs, expenses, and any and all other expenditures to be paid by CytoSport as described herein.

### III. SUBMISSION OF THE SETTLEMENT TO THE COURT

24.     As soon as is practicable but no later than twenty-one (21) days following the signing of this Settlement Agreement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "A"), for the purpose of, among other things:

(a)     Approving the Long Form Notice and Summary Notice, substantially in the form set forth at Exhibits "D" and "E";

(b)     Finding that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiffs as the representatives of the Settlement Class, and Class Counsel as counsel for the Settlement Class, and preliminarily

EXHIBIT 1

approving the Settlement as being within the range of reasonableness such that the Long Form Notice and Summary Notice should be provided pursuant to this Settlement Agreement;

(c)     Scheduling the Final Fairness Hearing to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice;

(d)     Preliminarily approving the form of the Final Order and Judgment;

(e)     Directing that notice of the Settlement and of the Fairness Hearing shall be given to the Settlement Class as follows:

(i)     publishing, on or before the Notice Date as specified in the Preliminary Approval Order, the Summary Notice in accordance with the plan of publication described in Exhibit F hereto; and, in addition, that the mutually agreed-upon press release described in Exhibit F shall be posted on the websites of both Class Counsel and Defendant.

(ii)     providing a link in the Long Form Notice and the Summary Notice to a settlement website to be designed and administered by the Settlement Administrator that will contain the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a list of important dates, and any other information to which the parties may agree; and

(iii)     having the Settlement Administrator contact by email all of CytoSport's customers who purchased the Products during the Class Period for whom CytoSport has valid email addresses, to provide such customers with the Summary Notice.

(f)     Providing that Settlement Class Members will have until the Bar Date to submit Claim Forms;

(g)     Providing that any objections by any Settlement Class Member to the certification of the Settlement Class and the proposed Settlement contained in this Settlement Agreement, and/or the entry of the Final Order and Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing

only if, on or before the date(s) specified in the Long Form Notice, the Summary Notice and Preliminary Approval Order, such objector files with the Court a notice of the objector's intention to appear, and otherwise complies with the requirements in Paragraphs 67 through 68 of this Settlement Agreement;

(h)     Establishing dates by which the parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

(i)     Providing that all Settlement Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such members of the Settlement Class timely file valid written requests for exclusion or opt out in accordance with this Settlement Agreement and the Long Form Notice;

(j)     Providing that Settlement Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Long Form Notice, the Summary Notice, and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator;

(k)     Providing a procedure for Settlement Class Members to request exclusion or opt out from the Settlement, by timely mailing such request to the Settlement Administrator;

(l)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and the Preliminary Approval Order; and

(m)     Pending the Fairness Hearing, enjoining Plaintiffs and Settlement Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims.

25.     Following the entry of the Preliminary Approval Order, the Long Form Notice and Summary Notice shall be given and published in the manner directed and approved by the Court.

26.     The parties agree that the notice plan contemplated by this Settlement Agreement is valid and effective, that it provides reasonable notice to the Settlement Class, and that it represents the best practicable notice under the circumstances.

## IV. THE SETTLEMENT CONSIDERATION

**A.     Injunctive Relief**

27.     No later than forty-five days following the Effective Date, CytoSport will implement the following changes with respect to the Products:

(a)     CytoSport will cease to use the words "Healthy, Sustained Energy" on the Principal Display Panel on the newly printed packaging of any of the Products; and

(b)     CytoSport will cease to use the words "Healthy Fats" on newly printed packaging of the RTD Product; provided, however that CytoSport may use the term "Healthy Fats" on the packaging of the RTD Product or any related product so long as (i) such product contains fewer than 0.5 grams of saturated fat per serving, or (ii) CytoSport also includes the words "See nutrition information for saturated fat content" in connection with the words "Healthy Fats."

28.     CytoSport may continue to use any labels printed earlier than forty-five days following the Effective Date, regardless of whether those labels comply with the restrictions set forth in the preceding paragraph, until seventy-five days following the Effective Date. After seventy-five days after the Effective Date, CytoSport may only use labels that comply with the restrictions set forth in the preceding paragraph on any new Products manufactured after that date.

29.     Nothing in this Settlement Agreement shall be construed to require CytoSport to relabel any Product manufactured on or before seventy-five days after the Effective Date, even if it is not sold until after that date.

30.     CytoSport shall be required to abide by the requirements in the Paragraphs 27(a)-(b) for no longer than three years following the Effective Date.

EXHIBIT 1

31.     The Parties hereby agree that the monetary value of the injunctive relief described in paragraphs 27-28 herein is $1,000,000 (such amount the "Agreed Injunctive Relief Value").

**B.     Monetary Relief**

32.     The Available Monetary Relief shall consist of the Total Settlement Value minus (i) the Agreed Injunctive Relief Value, (ii) payments to Class Counsel and the Class Representative as described in paragraphs 38-44, herein; and (iii) all costs of providing notice to the Settlement Class and administering the settlement, including but not limited to the administration of the settlement described in paragraphs 51-66, herein.  CytoSport will contribute an amount up to Available Monetary Relief to be distributed to eligible Settlement Class Members who purchased the Products in the United States during the class period as follows:

(a)     If a Settlement Class Member does not have a Proof of Purchase, then such Settlement Class Member will be entitled to receive up to $10.00 total for his or her purchases of the Products during the Class Period, allocated as $4.00 per RTD to which such Settlement Class Member attests to have purchased and $2.50 per Bar to which such Settlement Class Member attests to have purchased.  To be eligible for the amounts described in the preceding sentence, such Settlement Class Member must complete a Claim Form and provide his or her name, email address, and mailing address.  Such Settlement Class Member must also submit a signed attestation form in which he or she describes, under penalty of perjury, which of the Products he or she purchased during the Class Period and the location of such purchases.

(b)     If a Settlement Class Member submits a valid, original Proof of Purchase, then such Settlement Class Member may receive up to $30.00 for any Products purchased at retail during the Class Period by the Settlement Class Member as evidenced by the Proof of Purchase, such total amount not to exceed $4.00 per RTD and $2.50 per Bar.

(c)     No Household shall be eligible to receive more than a total of $30.00 under the preceding paragraphs 32(a)-(b). (For purposes of this paragraph 32, "Household" means any combination of family members residing in the same dwelling or at the same street address.)

SETTLEMENT AGREEMENT

EXHIBIT 1

(d)     If the aggregate value of the claims made pursuant to paragraph 32 herein exceeds the Available Monetary Relief, then the amount to be paid to each Settlement Class Member shall be reduced on a *pro rata* basis such that the aggregate value of all such claims does not exceed the Available Monetary Relief.

(e)     The Settlement Administrator shall determine each authorized Settlement Class Member's payment based upon each Settlement Class Member's Claim Form and the total number of valid Claim Forms received. Accordingly, the actual amount recoverable by each Settlement Class Member will not be determined until after the Claims Period has ended and all Claims Form have been received.

33.     In addition to the foregoing, if the Available Monetary Relief minus the total amount paid to Settlement Class Members as provided in the preceding paragraph is equal to or exceeds $85,000, CytoSport shall make a payment of $85,000 to the American Heart Association as a *cy pres* beneficiary. If the Available Monetary Relief minus the total amount paid to Settlement Class Members as provided in the preceding paragraph is less than $85,000, CytoSport shall make a payment of that amount, if any, to the American Heart Association as a *cy pres* beneficiary.

34.     In no event shall CytoSport be required to pay any amount greater than the Available Monetary Relief for payments pursuant to paragraphs 32 and 33.

**C.     Balance of the Total Settlement Value**

35.     A Balance of the Total Settlement Value shall be calculated as the Total Settlement Value less the following: (i) the Agreed Injunctive Relief Value; (ii) distributions to Settlement Class Members in accordance with paragraph 32; (iii) the payment of up to $85,000 as described in paragraph 33; (iv) payments to Class Counsel and the Class Representative as described in paragraphs 38-44, herein; and (v) all costs of providing notice to the Settlement Class and administering the settlement, including but not limited to the administration of the settlement described in paragraphs 51-66, herein.

EXHIBIT 1

36.     If the Balance of the Total Settlement Value is greater than zero, then such amount shall be distributed in the form of distributions of Muscle Milk® products, as follows: 50% to the American Cancer Society or to an entity specified by the American Cancer Society, and 50% to persons over the age of 65, hospital patients, or others who may benefit from the use of high-protein items, according to a plan approved by the Court. The value of any products distributed pursuant to this paragraph shall be measured exclusively according to the retail value of such products. The distribution of products contemplated by this paragraph shall occur over a period of three years following the Effective Date.

37.     In no event shall CytoSport be obligated to pay or disburse pursuant to this Settlement Agreement an amount in excess of the Total Settlement Value less the Agreed Injunctive Relief Value.

## V. ATTORNEYS FEE-AND-EXPENSE AWARD AND CLASS REPRESENTATIVE AWARD

38.     Class Counsel may petition the Court for an award of attorneys' fees, costs, and expenses pursuant to California Civil Procedure Code Section 1021.5. For purposes of this Settlement Agreement And Release only, CytoSport does not oppose, and will not encourage or assist a third party in opposing, Class Counsel's request for attorneys' fees up to 23.5% of the Total Settlement Value (i.e., $1,239,625); nor does CytoSport contest the reasonableness of the amount; nor does CytoSport contest Plaintiff's and Class Counsel's assertion that they have conferred a benefit on the public in prosecuting and settling the Action. CytoSport also will not object to a request by Class Counsel to be reimbursed for reasonable, documented costs and expenses up to $87,500.

39.     Subject to Court approval, CytoSport will pay Class Counsel up to 23.5% of the Total Settlement Value for attorneys' fees, plus up to $87,500 for costs and expenses, as ordered by the Court. Such payment by CytoSport will be in lieu of any statutory fees Plaintiff and/or Class Counsel might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action. Class Counsel will not seek in excess of

EXHIBIT 1

23.5% of the Total Settlement Value for attorneys' fees and up to $87,500 for costs and expenses and, in any event, Plaintiffs and Class Counsel agree that CytoSport shall not pay, or be obligated to pay, in excess of 23.5% of the Total Settlement Value for attorneys' fees and no more than $87,500 for costs and expenses, all of which funds shall be paid from the Total Settlement Value.

40.     Class Counsel and Plaintiff will ask the court for the payment of a stipend from CytoSport to Plaintiff in the amount of $6,000, such amount to be deemed a portion of the Total Settlement Value. CytoSport will not oppose this request by Class Counsel and Plaintiff for the stipend payment. Class Counsel and Plaintiff will not seek in excess of $6,000 in stipend payments and, in any event, Plaintiff and Class Counsel agree that CytoSport shall not pay, or be obligated to pay, in excess of $6,000 in stipend payments.

41.     Plaintiff and Class Counsel, and each of them, agree that upon CytoSport's compliance with the terms and conditions of this Settlement Agreement, CytoSport will forever and finally have satisfied all of its obligations to Plaintiff and/or Class Counsel, or any of them, concerning payment of attorneys' fees, costs and expenses in the Action, and will forever and finally be absolved, released and discharged of any liability whatsoever to Plaintiff and/or Class Counsel, or any of them, concerning attorneys' fees in the Action. It is further agreed that under no circumstances will Class Counsel, or any of them, sue CytoSport for, or because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Settlement Agreement. Under no circumstances will CytoSport be liable to Class Counsel, or any of them, for, because of, relating to, concerning or as a result of any payment or allocation of attorneys' fees made in accordance with this Settlement Agreement; and Class Counsel, and each of them, release CytoSport from any and all claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Stipulation and Settlement. CytoSport shall have no responsibility for any taxes associated with the attorneys' fees, costs, and expenses paid by CytoSport pursuant to this Settlement Agreement.

EXHIBIT 1

42.     CytoSport shall pay fifty percent (50%) of any such attorneys' fees and expenses, as awarded by the Court, by wire to a financial institution of Class Counsel's choosing within 30 days after the Effective Date.  CytoSport shall pay the remaining fifty percent (50%) of such attorneys' fees and expenses, as awarded by the Court, by wire to a financial institution of Class Counsel's choosing within nine months of the payment described in the preceding sentence, subject to Plaintiff's and Class Counsel's compliance with the terms of the Settlement Agreement.  Class Counsel shall provide sufficient wiring instructions to Defense Counsel at least ten business days before each such payment is due.

43.     CytoSport shall pay the stipend to Plaintiff described in paragraph 40 herein in accordance with Plaintiff's instructions within 30 days following the Effective Date.

44.     The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel or for any stipend payments to be paid to Plaintiffs are not part of the settlement of the Released Claims as set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement.  Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees or stipends, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to any of them or reversal or modification of any of them, shall not operate to terminate or cancel this Settlement Agreement or otherwise affect or delay the finality of the Final Order and Judgment or the Settlement.

## VI. RELEASES AND DISMISSAL OF ACTION

45.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

EXHIBIT 1

46.     Members of the Settlement Class who have opted out of the Settlement by the date set by the Court do not release their claims and will have no right to obtain any benefits of the Settlement.

47.     The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section.  Settlement Class Members are not releasing any claims for

EXHIBIT 1

personal injury.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

48.     Upon the Effective Date, the Action shall be dismissed with prejudice.  Class Counsel shall have the responsibility for ensuring that the Action is timely dismissed with prejudice in accordance with the terms of this Settlement Agreement.

49.     The Court shall retain jurisdiction over the Parties to this Settlement Agreement with respect to the future performance of the terms of this Settlement Agreement.  In the event that any applications for relief are made, such applications shall be made to the Court.

50.     Upon the Effective Date: (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members; and (b) the Settlement Class Members shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VII. ADMINISTRATION OF THE SETTLEMENT

51.     Within 30 days after the entry of the Preliminary Approval Order, CytoSport will coordinate with the Settlement Administrator to provide notice to the Settlement Class as provided in this Settlement Agreement.

52.     Because the names, e-mail addresses, and other personal information about Settlement Class Members will be provided to the Settlement Administrator by the Settlement Class Members for purposes of providing payments and processing opt out requests, the Settlement Administrator will execute a non-disclosure agreement with CytoSport and will take all reasonable steps to ensure that any information provided to it by Settlement Class Members will be used solely for the purpose of effecting this Settlement.  Any such information provided to the Settlement Administrator will not be provided to Plaintiff or Class Counsel; however, Class Counsel will designate one attorney who may inspect such information upon his or her execution of, and subject to, the terms of the non-disclosure agreement.

EXHIBIT 1

53.    The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall:

(a)    Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Settlement Agreement or by court order; and

(b)    Receive opt out and other requests from members of the Settlement Class to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three days of receipt. If the Settlement Administrator receives any exclusion forms or other requests from Settlement Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

54.    CytoSport will reimburse the Settlement Administrator for reasonable costs, fees, and expenses of providing notice to the Settlement Class and administering the Settlement in accordance with this Settlement Agreement, and such funds shall be drawn from the Total Settlement Value. The Parties specifically agree that CytoSport shall not be liable for the costs, fees, and expenses of providing notice to the Settlement Class and administering the Settlement above and beyond the funds available included in the Total Settlement Value.

55.    Each Settlement Class Member shall submit a Claim Form listing each of the Products purchased. When requested in the Claim Form, the Claim Form shall be signed under penalty of perjury. Claim Forms will be: (a) included on the settlement website to be designed and administered by the Settlement Administrator; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order.

56.    Any Settlement Class Member who, in accordance with the terms and conditions of this Settlement Agreement, neither seeks exclusion from the Settlement Class nor files a Claim Form will not be entitled to receive any payments, benefit, or any other relief pursuant to this Settlement Agreement, but will be bound together with all Settlement Class Members by all

EXHIBIT 1

of the terms of this Settlement Agreement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

57.    Claim Forms that do not meet the requirements set forth in this Settlement Agreement and in the Claim Form instructions shall be rejected. Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

(a)    The Settlement Class Member seeks payment for products that are not covered by the terms of this Settlement Agreement;

(b)    Failure to fully complete and/or sign the Claim Form;

(c)    Illegible Claim Form;

(d)    The Settlement Class Member cannot identify which of the Products he or she purchased;

(e)    Failure to provide adequate proof of purchase if the same is required;

(f)    The Claim Form is fraudulent;

(g)    The Claim Form is duplicative of another Claim Form;

(h)    The person submitting the Claim Form is not a Settlement Class Member;

(i)    Failure to submit a Claim Form by the Bar Date; and/or

(j)    The Claim Form otherwise does not meet the requirements of this Settlement Agreement.

58.    The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Settlement Agreement. Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with the terms and conditions of this Settlement Agreement the extent, if any, to which each claim shall be allowed. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, maintaining a record of each and every payment made to a Settlement Class Member.

SETTLEMENT AGREEMENT

EXHIBIT 1

59.     Claim Forms that do not meet the terms and conditions of this Settlement Agreement shall be rejected by the Settlement Administrator.  The Settlement Administrator shall notify the Settlement Class Member through the email address provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Settlement Class Members.

60.     No person shall have any claim against CytoSport, Defense Counsel, Plaintiff, Plaintiff's counsel, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations or distributions made in accordance with this Settlement Agreement.  This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Settlement Agreement.

61.     Any Settlement Class Member who fails to submit a Claim Form by the Bar Date shall be forever barred from receiving any benefit pursuant to this Settlement Agreement, but shall in all other respects be bound by all of the terms of this Settlement Agreement including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning any of the Released Claims.  Where an attestation form and/or Proof of Purchase is required to be submitted as part of the Claim Form, the Claim Form will be deemed to have been submitted only when the attestation form and/or proof of purchase are postmarked, if received with a postmark, or equivalent mark by a courier company indicated on the envelope or mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Claim Form.  In all other cases, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

62.     Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

63.     The Settlement Administrator shall distribute payments to eligible Settlement Class Members on a date that occurs only after the Effective Date.

EXHIBIT 1

64.    If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Settlement Agreement.

65.    All notification duties imposed by 28 U.S.C. § 1715 shall be borne by CytoSport, including the corresponding expenses, and shall be separate and in addition to any other obligation imposed herein.

66.    CytoSport and the Released Parties are not and will not be obligated to compute, estimate, or pay any taxes on behalf of any Plaintiff, any Settlement Class Member, Plaintiff's counsel, Class Counsel, and/or the Settlement Administrator.

## VIII.  OBJECTIONS AND OPT-OUTS BY SETTLEMENT CLASS MEMBERS

67.    Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must send a written objection by fax, U.S. mail, or e-mail to the Settlement Administrator and send by U.S. mail or e-mail a copy to Class Counsel and Defense Counsel at the address set forth below postmarked no later than the date specified in the Preliminary Approval Order.  Settlement Class Members who object must set forth their full name, current address, and telephone number.  Objections must be served:

Upon Class Counsel at:

BARON & BUDD, P.C.
ROLAND TELLIS
MARK PIFKO
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone: 818.839.2333
Facsimile:  818.986.9698
E-mail: mpifko@baronandbudd.com

Upon CytoSport at:

GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH
TIMOTHY W. LOOSE
MATTHEW L. BERDE
555 Mission St., Suite 3000
San Francisco, CA 94105

EXHIBIT 1

Telephone: 415.393.8200
Facsimile: 415.393.8306
E-mail: mberde@gibsondunn.com

68.　Objecting class members must state in writing all objections and the reasons for each objection, and state whether the objecting class member intends to appear at the Fairness Hearing either with or without separate counsel.　No member of the Settlement Class shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court and served on Class Counsel and Defense Counsel on or before the date specified in the Preliminary Approval Order.　Members of the Settlement Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

69.　Members of the Settlement Class may elect to opt out of the settlement, relinquishing their rights to benefits hereunder.　Members of the Settlement Class who opt out of the Settlement will not release their claims pursuant to this Settlement Agreement.　Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator by fax, U.S. Mail, or e-mail a letter including their name, address, and telephone number and providing a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement.　Any request for exclusion or opt out must be postmarked on or before the opt out deadline provided in the Court's Preliminary Approval Order.　The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.　Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Settlement Agreement and the

EXHIBIT 1

Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

70.     Any member of the Settlement Class who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

71.     Not later than three business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests.  Notwithstanding any other provision of this Settlement Agreement, if more than 1,000 members of the Settlement Class opt out of the Settlement, CytoSport, in its sole discretion, may rescind and revoke the entire Settlement and this Settlement Agreement, thereby rendering the Settlement null and void in its entirety, by sending written notice that CytoSport revokes the settlement pursuant to this paragraph to Class Counsel within 10 business days following the date the Settlement Administrator informs CytoSport of the number of Settlement Class members who have requested to opt out of the Settlement pursuant to the provisions set forth above.

72.     On the date set forth in the Preliminary Approval Order, a Final Fairness Hearing shall be conducted to determine final approval of the Settlement.  Upon final approval of the Settlement by the Court at or after the Final Fairness Hearing, the parties shall present the Final Order and Judgment, substantially in the form attached to this Settlement Agreement as Exhibit "B," to the Court for approval and entry.

## IX.  SCOPE AND EFFECT OF CERTIFICATION OF SETTLEMENT CLASS
## AND RELEASE OF CLAIMS

73.     For purposes of settlement only, the parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "A") granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order and Judgment, and appointing Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class.

EXHIBIT 1

74.    CytoSport does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action. If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph.

75.    In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to attorneys' fees, costs, expenses, and/or stipend payments, are materially modified by any court, either party in its sole discretion to be exercised within 14 days after such a material modification may declare this Settlement Agreement null and void.  For purposes of this paragraph, material modifications include but are not limited to any modifications to the definitions of the Settlement Class, Settlement Class Members, or Released Claims, changes to the notice plan described in Paragraph 24, and/or any modifications to the terms of the settlement consideration described in Paragraphs 27 through 34.

## X. SETTLEMENT NOT EVIDENCE AGAINST PARTIES

76.    The provisions contained in this Settlement Agreement are not and shall not be deemed a presumption, concession or admission by CytoSport of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative.  CytoSport does not admit that it or any of the Released Parties has or have engaged in any illegal or wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action.  CytoSport does not

consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action.

## XI.  BEST EFFORTS

77.     Class Counsel shall take all necessary actions to accomplish approval of the Settlement, notice, and dismissal of the Action.  The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

78.     Each party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder.  Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

## XII.  MISCELLANEOUS PROVISIONS

79.     The parties agree that the recitals are contractual in nature and form a material part of this Settlement Agreement.

80.     This Settlement Agreement and its accompanying Exhibits set forth the entire understanding of the parties.  No change or termination of this Settlement Agreement shall be effective unless in writing and signed by Class Counsel and Defense Counsel.  Any and all previous agreements and understandings between or among the parties regarding the subject matter of this Settlement Agreement, whether written or oral, are superseded by this Settlement Agreement.

81.     This Settlement Agreement and the Settlement contemplated herein shall be governed by, and construed in accordance with, the laws of the State of California, without regard to conflict of laws principles.

EXHIBIT 1

82.     All of the parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

83.     The waiver by any Party of a breach of any term of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party. The failure of a Party to insist upon strict adherence to any provision of the Settlement Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

84.     The headings in this Settlement Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

85.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. The date of execution shall be the latest date on which any Party signs the Settlement Agreement.

86.     This Settlement Agreement has been negotiated among and drafted by Class Counsel and Defense Counsel. To the extent there is any uncertainty or ambiguity in this Settlement Agreement, none of the Parties will be deemed to have caused any such uncertainty or ambiguity. Accordingly, this Settlement Agreement should not be construed favor of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 shall not apply to the construction or interpretation of this Settlement Agreement.

87.     Except as specifically provided in this Settlement Agreement, the Parties and/or their counsel will not issue any press release or make other public statements regarding the Settlement or the Action without the prior written approval of all Parties, other than to state that the Action "has been resolved."

EXHIBIT 1

88.   The Parties believe that this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

[The Remainder Of This Page Left Intentionally Blank]

EXHIBIT 1

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: February 27, 2013

By:  _____
     Claire Delacruz

DATED: February 27, 2013          BARON & BUDD, P.C.
                                  ROLAND TELLIS
                                  MARK PIFKO

                          By:  _____
                               Roland Tellis

                                  Attorneys for Plaintiff,
                                  Claire Delacruz

DATED: February ___, 2013         CYTOSPORT, INC.

                          By:  _____
                               Bobbie White

DATED: February ___, 2013         GIBSON, DUNN & CRUTCHER LLP
                                  G. CHARLES NIERLICH
                                  TIMOTHY W. LOOSE
                                  MATTHEW L. BERDE

                          By:  _____
                               G. Charles Nierlich

                                  Attorneys for Defendant,
                                  CYTOSPORT, INC.

_____
SETTLEMENT AGREEMENT

EXHIBIT 1

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: February ___, 2013

By: _____
       Claire Delacruz

DATED: February ___, 2013        BARON & BUDD, P.C.
                                       ROLAND TELLIS
                                       MARK PIFKO

By: _____
       Roland Tellis

Attorneys for Plaintiff,
Claire Delacruz

DATED: February 27, 2013        CYTOSPORT, INC.

By: _____
       Bobbie White

DATED: February 27, 2013        GIBSON, DUNN & CRUTCHER LLP
                                         G. CHARLES NIERLICH
                                         TIMOTHY W. LOOSE
                                         MATTHEW L. BERDE

By: _____
       G. Charles Nierlich

Attorneys for Defendant,
CYTOSPORT, INC.

SETTLEMENT AGREEMENT

EXHIBIT 1

# **EXHIBIT A**

EXHIBIT 1

1    BARON & BUDD, P.C.
     ROLAND TELLIS, SBN 186269
2    rtellis@baronbudd.com
     LAURA BAUGHMAN, SBN 263944
3    lbaughman@baronbudd.com
     MARK PIFKO, SBN 228412
4    mpifko@baronbudd.com
     1999 Avenue of the Stars, Suite 3450
5    Los Angeles, CA 90067
     Telephone: 310.860.0476
6    Fax: 310.860.0480

7    Attorneys for Plaintiff
     CLAIRE DELACRUZ individually, and
8    on behalf of other members of the public similarly situated

9

10   GIBSON, DUNN & CRUTCHER LLP
     G. CHARLES NIERLICH, SBN 196611
     gnierlich@gibsondunn.com
11   TIMOTHY W. LOOSE, SBN 241037
     tloose@gibsondunn.com
12   MATTHEW L. BERDE, SBN 260615
     mberde@gibsondunn.com
13   555 Mission Street, Suite 3000
     San Francisco, CA  94105-2933
14   Telephone: 415.393.8200
     Fax: 415.393.8306

15

16   Attorneys for Defendant
     CYTOSPORT, INC., a California Corporation

17

               UNITED STATES DISTRICT COURT

18

          NORTHERN DISTRICT OF CALIFORNIA

19

                OAKLAND DIVISON

20

| | |
|---|---|
| 21   CLAIRE DELACRUZ, individually, and on behalf of other members of the general public | CASE NO.: 4:11-cv-03532-CW |
| 22   similarly situated, | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,** |
| 23           Plaintiff, | **PROVISIONALLY CERTIFYING A** |
| 24       v. | **NATIONWIDE SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND** |
| 25   CYTOSPORT, INC., a California | **SCHEDULING FAIRNESS HEARING** |
|      Corporation, | |
| 26 | |
|      Defendant. | |
| 27 | |

28

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION        Case No.: 4:11-cv-03532-CW
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

EXHIBIT 1

1     Upon review and consideration of the Settlement Agreement And Release, and the

2     attachments thereto, which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED

3     and DECREED as follows:

4         1.     The Court has carefully reviewed the Settlement Agreement And Release, as well as

5     the files, records, and proceedings to date in the Action.  The definitions in the Settlement Agreement

6     And Release are hereby incorporated as though fully set forth in this Order, and capitalized terms

7     shall have the meanings attributed to them in the Settlement Agreement And Release.

8         2.     The parties have agreed to settle the Action upon the terms and conditions set forth in

9     the Settlement Agreement And Release, which has been filed with the Court.  The Settlement

10    Agreement And Release, including all exhibits thereto, is preliminarily approved as fair, reasonable,

11    and adequate.  Plaintiff in the Action, by and through her counsel, has investigated the facts and law

12    relating to the matters alleged in her complaint, including extensive pretrial discovery, pretrial

13    motions practice, legal research as to the sufficiency of the claims, and an evaluation of the risks

14    associated with continued litigation, trial, and/or appeal.  The settlement was reached as a result of

15    extensive arm's length negotiations between counsel for Plaintiff, on the one hand, and counsel for

16    CytoSport, on the other hand, occurring over approximately one year and multiple mediation sessions

17    with two respected mediators—the Honorable Edward A. Panelli and the Honorable Carl J. West,

18    both currently affiliated with JAMS.  The settlement confers substantial benefits upon the Settlement

19    Class, particularly in light of the damages that Plaintiff and Class Counsel believe are potentially

20    recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated

21    with continued litigation, trial, and/or appeal.

22        3.     The Court conditionally certifies, for settlement purposes only:  a class of all persons

23    who purchased one or more Muscle Milk® Ready-to-Drink beverages (the "RTD") and/or Muscle

24    Milk® bars (the "Bar," together with the RTD, the "Products") at retail in the United States from July

25    18, 2007 through December 31, 2012 (the "Settlement Class").  Excluded from the Settlement Class

26    are all persons who are employees, directors, officers, and/or agents of CytoSport or its subsidiaries

27    and affiliated companies, as well as the Court and its immediate family and staff.

28

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION                                Case No.: 4:11-cv-03532-CW
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

EXHIBIT 1

4.      The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiff has retained experienced counsel to represent her; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

5.      The Court appoints the law firm of Baron & Budd, P.C. as counsel for the Class ("Class Counsel").  For purposes of these settlement approval proceedings, the Court finds that this law firm is competent and capable of exercising its responsibilities as Class Counsel.  The Court designates named Plaintiff Claire Delacruz as the representative of the Settlement Class.

6.      The Final Fairness Hearing shall be held before this Court on        , at        , to determine whether the Settlement Agreement And Release is fair, reasonable, and adequate and should receive final approval.  The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time.  Papers in support of final approval of the Settlement Agreement And Release and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 15 below.  The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement

2

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING                     Case No.: 4:11-cv-03532-CW

EXHIBIT 1

1    Class.  After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in

2    accordance with the Settlement Agreement And Release that will adjudicate the rights of the

3    Settlement Class Members (as defined in the Settlement Agreement And Release) with respect to the

4    claims being settled.

5           7.    Pending the Final Fairness Hearing, all proceedings in the Action, other than

6    proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement

7    And Release and this Order, are stayed.

8           8.    The Court approves, as to form and content, the Long Form Notice and Summary

9    Notice, attached as Exhibits "D" and "E," respectively, to the Settlement Agreement And Release.

10   As soon as possible after the entry of this Order, but not later than sixty (60) days after the entry of

11   this Order, CytoSport will coordinate with the Settlement Administrator to provide notice to the

12   Settlement Class as follows:

13          (a)    publishing, on or before _____ (the "Notice Date"), the Summary Notice in

14   accordance with the plan of publication described in Exhibit F to the Settlement Agreement; and, in

15   addition, posting of the mutually agreed-upon press release described in Exhibit F on the websites of

16   both Class Counsel and Defendant.;

17          (b)    providing a link in the Long Form Notice and the Summary Notice to a

18   settlement website to be designed and administered by the Settlement Administrator that will contain

19   the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a

20   list of important dates, and any other information to which the parties may agree; and

21          (c)    having the Settlement Administrator contact by email all of CytoSport's

22   customers who purchased the Products during the Class Period for whom CytoSport has valid email

23   addresses, to provide such customers with the Summary Notice.

24          9.    The Court finds that the Long Form Notice and Summary Notice are reasonable, that

25   they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that

26   they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

27   Specifically, the Court finds that the manner of dissemination of the Long Form Notice and Summary

28   Notice described in Paragraph 8 complies with Rule 23(e) of the Federal Rules of Civil Procedure as

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING       Case No.: 4:11-cv-03532-CW

EXHIBIT 1

1  it is a reasonable manner of providing notice to those Settlement Class Members who would be

2  bound by the settlement. The Court also finds that the manner of dissemination of the Long Form

3  Notice and Summary Notice described in Paragraph 8 complies with Rule 23(c)(2), as it is also the

4  best practicable notice under the circumstances, provides individual notice to all Settlement Class

5  Members who can be identified through a reasonable effort, and is reasonably calculated, under all

6  the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the

7  terms of the settlement, and their right to object to the settlement or exclude themselves from the

8  Settlement Class. *See, e.g., Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009)

9  (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand*

10  *Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd*

11  *v. Retail Concepts, Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court

12  approved plan disseminating notice by email, in-store posting, and website posting).

13       10.    Settlement Class Members will have until        , to submit their Claim Forms,

14  which is due, adequate, and sufficient time.

15       11.    Each Settlement Class member who wishes to be excluded from the Settlement Class

16  and follows the procedures set forth in this Paragraph shall be excluded. Putative members of the

17  Settlement Class who wish to opt out of the settlement must send a letter by fax, U.S. mail, or e-mail

18  in the form specified in the Settlement Agreement And Release and Long Form Notice to: CytoSport

19  Settlement Administrator,               , postmarked (or the equivalent for fax

20  or e-mail), with copies to Class Counsel and Defense Counsel, postmarked (or the equivalent for fax

21  or e-mail) no later than      . All persons or entities who properly elect to opt out of the

22  settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with

23  respect to the Settlement Agreement And Release, should it be approved.

24       12.    Any member of the Settlement Class who has not timely submitted a written request

25  for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the

26  proposed settlement contained in the Settlement Agreement And Release, the certification of the

27  Settlement Class, the entry of the Final Order and Judgment, the amount of fees requested by Class

28  Counsel, and/or the amount of the incentive awards requested by the named Plaintiffs. Any

4

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING      Case No.: 4:11-cv-03532-CW

EXHIBIT 1

1   Settlement Class Member who intends to object to the Settlement Agreement And Release must send

2   a written objection by fax, U.S. mail, or e-mail to the Settlement Administrator, with copies to Class

3   Counsel and Defense Counsel at the addresses set forth below, postmarked (or the equivalent for fax

4   or e-mail) no later than _____ . Settlement Class Members who fail to file and serve timely

5   written objections in the manner specified above shall be deemed to have waived all objections and

6   shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

7   No Settlement Class Member shall be entitled to be heard at the Final Fairness Hearing (whether

8   individually or through separate counsel) or to object to the settlement, and no written objections or

9   briefs submitted by any Settlement Class Member shall be received or considered by the Court at the

10  Final Fairness Hearing, unless written notice of the objecting class member's intention to appear at

11  the Final Fairness Hearing and copies of any written objections and/or briefs shall have been filed

12  with the Court and served on Class Counsel and Defense Counsel by _____ . Settlement Class

13  Members who object must set forth their full name, current address, and telephone number.

14                    Settlement Administrator

15                    CytoSport Settlement Administrator
16                    [ADDRESS]

17                    Counsel for the Class

18                    Baron & Budd, P.C.
                      Roland Tellis
19                    Mark Pifko
                      15910 Ventura Boulevard, Suite 1600
20                    Encino, California  91436
                      Telephone: 818.839.2333
21                    Facsimile:  818.986.9698
22                    E-mail: mpifko@baronandbudd.com

23
                      Counsel for CytoSport
24
                      Gibson, Dunn & Crutcher LLP
25                    G. Charles Nierlich
                      Timothy W. Loose
26                    Matthew L. Berde
                      555 Mission St., Suite 3000
27                    San Francisco, CA 94105
                      Telephone: 415.393.8200
28

                                           5

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION          Case No.: 4:11-cv-03532-CW
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

                                                                              EXHIBIT 1

Facsimile: 415.393.8306
E-mail: mberde@gibsondunn.com

13.     Class Counsel shall file their Fee Application on or before          .

14.     Papers in support of final approval of the Settlement Agreement And Release, and in response to objections to the Settlement Agreement And Release or the Fee Application, shall be filed with the Court on or before          .

15.     In summary, the dates of performance are as follows:

        (a)     The Notice Date shall occur within sixty (60) days after the entry of this Order;

        (b)     Settlement Class members may submit Claim Forms or may submit requests for exclusion postmarked no later than 90 days following the Notice Date;

        (c)     Class Counsel shall file their Fee Application on or before 75 days following the Notice Date;

        (d)     All objections to the Settlement Agreement And Release and written notices of the objecting class member's intention to appear at the Final Fairness Hearing shall be filed and served no later than 90 days following the Notice Date;

        (e)     Papers in support of final approval of the Settlement Agreement And Release, and in response to objections to the Settlement Agreement And Release or the Fee Application, shall be filed with the Court on or before 120 days following the Notice Date; and

        (f)     The Final Fairness Hearing shall be held on          , at          .

16.     These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members must check the settlement website at [WEBSITE ADDRESS] regularly for updates and further details regarding extensions of these dates of performance.

17.     In the event the Settlement Agreement And Release is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement And Release, or the Settlement Agreement And Release is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

6

EXHIBIT I

1        (a)    All orders and findings entered in connection with the Settlement Agreement

2   And Release shall become null and void and have no force and effect whatsoever, shall not be used or

3   referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any

4   other proceeding;

5        (b)    The conditional certification of the Settlement Class pursuant to this Order

6   shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had

7   never been certified pursuant to this Settlement Agreement And Release and such findings had never

8   been made;

9        (c)    Nothing contained in this Order is, or may be construed as, a presumption,

10  concession or admission by or against CytoSport or Plaintiff of any default, liability or wrongdoing

11  as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether

12  civil, criminal or administrative;

13       (d)    Nothing in this Order or pertaining to the Settlement Agreement And Release,

14  including any of the documents or statements generated or received pursuant to the claims

15  administration process, shall be used as evidence in any further proceeding in this case; and

16       (e)    All of the Court's prior Orders having nothing whatsoever to do with class

17  certification shall, subject to this Order, remain in force and effect.

18      18.    Pending final determination of whether the proposed settlement should be approved,

19  no Settlement Class Member directly, derivatively, in a representative capacity, or in any other

20  capacity, shall commence or continue any action against any of the Released Parties (as that term is

21  defined in the Settlement Agreement And Release) in any court or tribunal asserting any of the

22  Released Claims (as that term is defined in the Settlement Agreement And Release).

23      19.    Garden City Group, is hereby appointed as Settlement Administrator for this

24  settlement and shall perform all of the duties of the Settlement Administrator set forth in the

25  Settlement Agreement And Release.

26      20.    Class Counsel and Defense Counsel are hereby authorized to use all reasonable

27  procedures in connection with approval and administration of the settlement that are not materially

28  inconsistent with this Order or the Settlement Agreement And Release, including making, without

7

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING     Case No.: 4:11-cv-03532-CW

EXHIBIT 1

1    further approval of the Court, minor changes to the form or content of the Long Form Notice,

2    Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

3

4            IT IS SO ORDERED, this ___ day of _____, 2013

5

6                                              _____

7                                              THE HONORABLE CLAUDIA WILKEN
                                               UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20   101434905.2

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION                      Case No.: 4:11-cv-03532-CW
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

EXHIBIT 1

# **EXHIBIT B**

EXHIBIT 1

1  BARON & BUDD, P.C.
ROLAND TELLIS, SBN 186269
2  rtellis@baronbudd.com
LAURA BAUGHMAN, SBN 263944
3  lbaughman@baronbudd.com
MARK PIFKO, SBN 228412
4  mpifko@baronbudd.com
1999 Avenue of the Stars, Suite 3450
5  Los Angeles, CA 90067
Telephone: 310.860.0476
6  Fax: 310.860.0480

7  Attorneys for Plaintiff
CLAIRE DELACRUZ individually, and
8  on behalf of other members of the public similarly situated

9

10  GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH, SBN 196611
gnierlich@gibsondunn.com
11  TIMOTHY W. LOOSE, SBN 241037
tloose@gibsondunn.com
12  MATTHEW L. BERDE, SBN 260615
mberde@gibsondunn.com
13  555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
14  Telephone: 415.393.8200
Fax: 415.393.8306
15

16  Attorneys for Defendant
CYTOSPORT, INC., a California Corporation

17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                          OAKLAND DIVISON
20

21  CLAIRE DELACRUZ, individually, and on      CASE NO.: 4:11-cv-03532-CW
    behalf of other members of the general public
22  similarly situated,                        **[PROPOSED] ORDER GRANTING FINAL
                                               APPROVAL TO CLASS ACTION
23            Plaintiff,                        SETTLEMENT; FINAL JUDGMENT**

24       v.

25  CYTOSPORT, INC., a California
    Corporation,
26
    Defendant.
27

28

---

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;      Case No.: 4:11-cv-03532-CW
FINAL JUDGMENT

                                                                          EXHIBIT 1

1   WHEREAS, by order dated _____, 2013, this Court granted preliminary approval

2   of the proposed class action settlement between the parties in the above-captioned action (the

3   "Action").

4   WHEREAS, the Court also provisionally certified a nationwide Settlement Class for

5   settlement purposes only, approved the procedure for giving notice and forms of notice, and

6   set a final fairness hearing to take place on _____. On that date, the Court

7   held the duly noticed final fairness hearing to consider: (1) whether the terms and conditions

8   of the Settlement Agreement and Release are fair, reasonable and adequate; (2) whether a

9   judgment should be entered dismissing the named Plaintiff's complaint on the merits and

10   with prejudice in favor of Defendant CytoSport, Inc. ("CytoSport") and against all persons

11   or entities who are Settlement Class Members; and (3) whether and in what amount to

12   award attorney's fees and expenses to counsel for the Settlement Class.

13   WHEREAS, the Court considered all matters submitted to it at the hearing and

14   otherwise, and it appears that notice substantially in the form approved by the Court was

15   given in the manner that the Court ordered.

16   WHEREAS, the settlement was the result of extensive and intensive arms-length

17   negotiations occurring over several years and multiple mediation sessions with several

18   respected mediators—the Honorable Edward A. Panelli and the Honorable Carl J. West,

19   both currently affiliated with JAMS. Counsel for the parties are highly experienced in this

20   type of litigation, with full knowledge of the risks inherent in this Action. The extent of

21   written discovery, depositions, document productions, and independent investigations by

22   counsel for the parties, and the factual record compiled, suffices to enable the parties to

23   make an informed decision as to the fairness and adequacy of the settlement.

24   WHEREAS, the Court has determined that the proposed settlement of the claims of

25   the Settlement Class Members against CytoSport, as well as the release of CytoSport and

26   the Released Parties, the significant relief provided to the Settlement Class Members—in

27   the form of CytoSport's agreement to make certain payments to Settlement Class Members

28   as well as its agreement to discontinue the use of certain words and phrases in the labeling

---

1

EXHIBIT 1

1   and marketing of certain Muscle Milk® products—as described in the Settlement

2   Agreement And Release, and the award of attorneys' fees and expenses requested, are fair,

3   reasonable and adequate.

4       NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

5       1.      The Settlement Agreement and Release, including any attachments thereto, is

6   expressly incorporated by reference into this Final Order and Judgment and made a part

7   hereof for all purposes.  Except where otherwise noted, all capitalized terms used in this

8   Final Order and Judgment shall have the meanings set forth in the Settlement Agreement

9   and Release.

10      2.      The Court has personal jurisdiction over the Parties and all Settlement Class

11  Members, and has subject-matter jurisdiction over this Action, including, without limitation,

12  jurisdiction to approve the proposed settlement, to grant final certification of the Settlement

13  Class, to settle and release all claims arising out of the transactions alleged in Plaintiff's

14  complaint in the Action, and to dismiss this Action on the merits and with prejudice.

15      3.      The Court finds, for settlement purposes only and conditioned upon the entry

16  of this Final Order and Judgment and upon the occurrence of the Effective Date, that the

17  requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil

18  Procedure have been satisfied in that: (a) the number of Settlement Class Members is so

19  numerous that joinder of all members thereof is impracticable; (b) there are questions of law

20  and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the

21  claims of the Settlement Class they seek to represent for purposes of settlement; (d) the

22  Plaintiff has fairly and adequately represented the interests of the Settlement Class and will

23  continue to do so, and the Plaintiff has retained experienced counsel to represent her; (e) for

24  purposes of settlement, the questions of law and fact common to the Settlement Class

25  Members predominate over any questions affecting any individual Settlement Class

26  Member; and (f) for purposes of settlement, a class action is superior to the other available

27  methods for the fair and efficient adjudication of the controversy.  The Court also concludes

28  that, because this Action is being settled rather than litigated, the Court need not consider

2

EXHIBIT 1

1    manageability issues that might be presented by the trial of a nationwide class action

2    involving the issues in this case. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620

3    (1997). In making these findings, the Court has considered, among other factors: (i) the

4    interests of Settlement Class Members in individually controlling the prosecution or defense

5    of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending

6    separate actions; (iii) the extent and nature of any litigation concerning these claims already

7    commenced; and (iv) the desirability of concentrating the litigation of the claims in a

8    particular forum. The Court takes guidance in its consideration of certification and

9    settlement issues from *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998).

10           4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

11    finally certifies this Action for settlement purposes as a nationwide class action on behalf of:

12    a class of all persons who purchased one or more Muscle Milk® Ready-to-Drink beverages

13    (the "RTD") and/or Muscle Milk® bars (the "Bar," together with the RTD, the "Products")

14    at retail in the United States from July 18, 2007 through December 31, 2012 (the

15    "Settlement Class"). As defined in the Settlement Agreement and Release, "Settlement

16    Class Member(s)" means any member of the Settlement Class who does not elect exclusion

17    or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set

18    out in the Settlement Agreement And Release and the Long Form Notice. Excluded from

19    the Settlement Class are all persons who are employees, directors, officers, and/or agents of

20    CytoSport or its subsidiaries and affiliated companies, as well as the Court and its

21    immediate family and staff.

22           5.      The Court appoints the law firm of Baron & Budd, P.C. as counsel for the

23    Class ("Class Counsel"). The Court designates named Plaintiff Claire Delacruz as the

24    representative of the Settlement Class. The Court finds that the named Plaintiff and Class

25    Counsel have fully and adequately represented the Settlement Class for purposes of entering

26    into and implementing the Settlement Agreement and Release and have satisfied the

27    requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;     Case No.: 4:11-cv-03532-CW
FINAL JUDGMENT

EXHIBIT 1

6.     The Court finds that the electronic and publication notice are in accordance with the terms of the Settlement Agreement and Release and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Final Fairness Hearing:

(a)     constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)     were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiff or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c)     constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d)     fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The Court finds that CytoSport provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to

4

1    the proposed settlement before entering its Final Order and Judgment and no such

2    objections or comments were received.

3        8.      The terms and provisions of the Settlement Agreement and Release, including

4    any and all amendments and exhibits, have been entered into in good faith and are hereby

5    fully and finally approved as fair, reasonable and adequate as to, and in the best interests of,

6    the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable

7    requirements of the Federal Rules of Civil Procedure, the United States Constitution

8    (including the Due Process Clause), and any other applicable law.  The Court finds that the

9    Settlement Agreement and Release is fair, adequate and reasonable based on the following

10   factors, among other things:

11          (a)     There is no fraud or collusion underlying this settlement, and it was

12   reached after good faith, arms-length negotiations, warranting a presumption in favor of

13   approval.  *Officers for Justice v. Civil Serv. Comm'n.,* 688 F.2d 615, 625 (9th Cir. 1982).

14          (b)     The complexity, expense and likely duration of the litigation favor

15   settlement on behalf of the Settlement Class, which provides meaningful benefits on a much

16   shorter time frame than otherwise possible.  Based on the stage of the proceedings and the

17   amount of investigation and informal discovery completed, the Parties have developed a

18   sufficient factual record to evaluate their chances of success at trial and the proposed

19   settlement.

20          (c)     The support of Class Counsel, who are highly skilled in class action

21   litigation such as this, and the Plaintiff, who has participated in this litigation and evaluated

22   the proposed settlement, also favors final approval.  *See Boyd v. Bechtel Corp.,* 485 F. Supp.

23   610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1291 (9th Cir.

24   1992).

25          (d)     The settlement provides meaningful relief to the Settlement Class,

26   including the injunctive and monetary relief described below, and falls within the range of

27   possible recoveries by the Settlement Class.

28

EXHIBIT 1

1    The parties are directed to consummate the Settlement Agreement and Release in

2    accordance with its terms and conditions.  The Court hereby declares that the Settlement

3    Agreement and Release is binding on all parties and Settlement Class Members, and it is to

4    be preclusive in all pending and future lawsuits or other proceedings.

5        9.    As described in the Settlement Agreement and Release, CytoSport has agreed

6    to make payments to be distributed to eligible Settlement Class Members, and, not later than

7    forty-five (45) days following the Effective Date, to provide for the following injunctive

8    relief:

9            (a)    To cease using the words "Healthy, Sustained Energy" on any newly-printed

10                   labels of Muscle Milk® RTD and Bars.

11           (b)    To cease using the words "Healthy Fats" on any newly-printed labels of

12                   Muscle Milk® RTD.  However, CytoSport is permitted to use the words

13                   "Healthy Fats" on labels of Muscle Milk® RTD (or related products) so long

14                   as such product contains fewer than 0.5 grams of saturated fat per serving, or

15                   CytoSport also includes the words "See nutrition information for saturated fat

16                   content" in connection with the words "Healthy Fats" on the label.

17       10.   The terms and requirements of the Injunctive Relief described in the preceding

18   paragraph shall expire at the earliest of (a) three (3) years after the Effective Date, or (b) the

19   date upon which there are changes to any applicable statute, regulation, or other law that

20   CytoSport reasonably believes would require a modification to any of the changes described

21   in the preceding paragraph in order to comply with the applicable statute, regulation, or law.

22   Nothing in this Final Order and Judgment shall prevent CytoSport from implementing

23   changes prior to the Effective Date.  This Final Order and Judgment does not preclude

24   CytoSport from making further changes to any of its product labels or marketing: (i) that

25   CytoSport reasonably believes are necessary to comply with any statute, regulation, or other

26   law of any kind; (ii) that are necessitated by product changes and/or to ensure that

27   CytoSport provides accurate product descriptions; or (iii) that are more detailed than those

28   required by the Settlement Agreement and Release and/or this Final Order and Judgment.

6

EXHIBIT 1

1     11.    Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court

2    hereby awards Class Counsel attorney's fees and expenses in the amount of $_____

3    and stipends of $_____ to each of the class representatives. The attorneys' fees

4    are based on the amount of time class counsel reasonably expended working on this action.

5    CytoSport shall pay such attorney's fees and expenses and class representative stipends

6    according to the schedule, and in the manner, described in the Settlement Agreement and

7    Release. Such payment by CytoSport will be in lieu of statutory fees Plaintiffs and/or their

8    attorneys might otherwise have been entitled to recover, and this amount shall be inclusive

9    of all fees and costs of Class Counsel in the Action. In the event that any dispute arises

10    relating to the allocation of fees amongst Class Counsel and any other attorneys for

11    Plaintiffs, Class Counsel will hold CytoSport harmless from any and all such liabilities,

12    costs, and expenses of such dispute.

13     12.    This Action is hereby dismissed with prejudice and without costs as against

14    CytoSport and the Released Parties.

15     13.    Upon the Effective Date, the Releasing Parties (as that term is defined in the

16    Settlement Agreement And Release) shall be deemed to have, and by operation of the Final

17    Order and Judgment shall have, fully, finally and forever released, relinquished, and

18    discharged all Released Claims against the Released Parties. Released Claims means and

19    includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and

20    causes of action of every nature and description whatsoever, ascertained or unascertained,

21    suspected or unsuspected, existing or claimed to exist, including unknown claims (as

22    described in Paragraph 14 below) as of the Effective Date by Plaintiff and all Settlement

23    Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors,

24    administrators, representatives, agents, attorneys, partners, successors, predecessors-in-

25    interest, and assigns) that:

26        (i)    were brought or that could have been brought against the Released

27    Parties, or any of them, and that arise out of or are related in any way to any or all of the

28    acts, omissions, facts, matters, transactions, or occurrences that were or could have been

7

**EXHIBIT 1**

1  directly or indirectly alleged or referred to in the Action (including, but not limited to

2  alleged violations of state consumer protection, unfair competition, and/or false or deceptive

3  advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*,

4  Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of

5  contract; breach of express or implied warranty; fraud; unjust enrichment, restitution,

6  trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims

7  sounding in contract and tort); and

8             (ii)    relate in any way to any claim, advertisement, representation, assertion,

9  promise, or similar statement made by any of the Released Parties in any forum or medium

10  whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness or

11  nutritional attributes of the Products, including but not limited to all claims that relate in any

12  way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with

13  respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the

14  use of the words "Good Carbohydrates" with respect to the Products; the calories provided

15  by the Products; the ingredients in the Products, including but not limited to the amounts

16  and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any

17  variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type;

18  the amount and/or presence of fat or saturated fat in the Products; the amount and/or

19  presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the

20  Products; the amount and/or presence of protein in the Products; the marketing of the

21  Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative

22  beverage" and/or related statements; guidelines concerning when and/or in what quantities

23  to use the Products; and compliance with any federal, state, or local labeling requirements

24  with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the

25  Products.

26       However, Released Claims do not include claims for personal injury.

27       14.    The Released Claims include known and unknown claims relating to the Action,

28  and the Settlement Agreement and Release is expressly intended to cover and include all such

8

injuries or damages, including all rights of action thereunder.  Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.   In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the Parties expressly acknowledged that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties has expressly waived whatever benefits it may have had pursuant to such section.   Settlement Class Members are not releasing any claims for personal injury.  Plaintiff has acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

15.    Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

16.    The Court orders that, upon the Effective Date, the Settlement Agreement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiff, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiff or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiff or Settlement Class Members, seeking to certify a class that includes Plaintiff or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

17.    Neither the Settlement Agreement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a)    offered by any person or received against CytoSport as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by CytoSport of the truth of the facts alleged by the Plaintiff or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of CytoSport;

(b)    offered by any person or received against CytoSport as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with

10

1   respect to any statement or written document approved or made by CytoSport or any other

2   wrongdoing by CytoSport;

3          (c)     offered by any person or received against CytoSport or as evidence of a

4   presumption, concession, or admission with respect to any default, liability, negligence,

5   fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered,

6   received in evidence, or referred to for any other reason against any of the settling parties, in

7   any civil, criminal, or administrative action or proceeding; provided, however, that nothing

8   contained in this paragraph shall prevent the Settlement Agreement and Release (or any

9   agreement or order relating thereto) from being used, offered, or received in evidence in any

10  proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or

11  order relating thereto) or the Final Order and Judgment, or in which the reasonableness,

12  fairness, or good faith of the parties in participating in the settlement (or any agreement or

13  order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the

14  Final Order and Judgment, or the Claim Form as to CytoSport, Plaintiff, or the Settlement

15  Class Members; or

16         (d)     offered by any person or received against the Plaintiff or any other class

17  representative as evidence or construed as or deemed to be evidence that any of their claims.

18  Notwithstanding the foregoing, CytoSport may file the Settlement Agreement and Release,

19  this Final Order and Judgment, and/or any of the documents or statements referred to therein

20  in support of any defense or claim that is binding on and shall have *res judicator, collateral*

21  *estoppel,* and/or preclusive effect in all pending and future lawsuits or other proceedings

22  maintained by or on behalf of Plaintiff and/or any other Settlement Class Members, and

23  each of them, as well as their heirs, executors, administrators, successors, assigns, and/or

24  any other of the Releasing Parties.

25      18.    The Court has jurisdiction to enter this Final Order and Judgment.  Without in

26  any way affecting the finality of this Final Order and Judgment, this Court expressly retains

27  exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and

28  all matters relating to the administration, consummation, validity, enforcement and

11

1   interpretation of the Settlement Agreement and Release and of this Final Order and

2   Judgment, including, without limitation, for the purpose of:

3           (a)     enforcing the terms and conditions of the Settlement Agreement And

4   Release and resolving any disputes, claims or causes of action that, in whole or in part, are

5   related to or arise out of the Settlement Agreement And Release, and/or this Final Order and

6   Judgment (including, without limitation: whether a person or entity is or is not a Settlement

7   Class Member; whether claims or causes of action allegedly related to this Action are or are

8   not barred or released by this Final Order and Judgment; and whether persons or entities are

9   enjoined from pursuing any claims against CytoSport);

10          (b)     entering such additional orders, if any, as may be necessary or

11  appropriate to protect or effectuate this Final Order and Judgment and the Settlement

12  Agreement and Release (including, without limitation, orders enjoining persons or entities

13  from pursuing any claims against CytoSport), or to ensure the fair and orderly

14  administration of the settlement; and

15          (c)     entering any other necessary or appropriate orders to protect and

16  effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement

17  And Release, the settling Parties, and the Settlement Class Members.

18      19.    Without further order of the Court, the settling Parties may agree to reasonably

19  necessary extensions of time to carry out any of the provisions of the Settlement Agreement

20  And Release.

21      20.    In the event that the Effective Date does not occur, certification shall be

22  automatically vacated and this Final Order and Judgment, and all other orders entered and

23  releases delivered in connection herewith, shall be vacated and shall become null and void.

24      IT IS SO ORDERED, this _____ day of _____, 2013.

25

26

27                           _____

THE HONORABLE CLAUDIA WILKEN

28                           UNITED STATES DISTRICT COURT JUDGE

12

1    101435702.2

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;    Case No.: 4:11-cv-03532-CW
FINAL JUDGMENT

**EXHIBIT 1**

# **EXHIBIT C**

EXHIBIT 1

# CLAIM FORM AND INSTRUCTIONS

> **The Settlement Administrator must receive this Claim Form no later than INSERT in order for it to be considered.**

### *Claire Delacruz v. CytoSport, Inc.*
### Case Number 4:11-cv-03532-CW (United States District Court, Northern District of California)

### Please read all of the following instructions carefully before filling out your Claim Form.

1. Please review the Notice of Settlement (the "Notice") and have the Notice with you when you complete your Claim Form. If you do not have the Notice, or if you misplaced it, please request a copy from **[SETTLEMENT ADMINISTRATOR]**. You will need the Notice in order to complete the Claim Form.

2. Type or print legibly in black ink.

3. Complete Part A ("Claimant Information") by filling in your name, your current mailing address, e-mail address, daytime telephone number with area code. Only one Claim Form per household will be honored.

4. Complete Part B. Please review Questions 5 and 7.B. of the Notice to determine whether you are eligible for a reimbursement.

5. If you desire an acknowledgment of receipt of your Claim Form, please send it by Certified Mail, Return Receipt Requested.

6. You must submit your Claim Form and any supporting documents by U.S. Mail to: **[ADDRESS]**.

7. Once your Claim Form is received, the Settlement Administrator will review the Claim Form for compliance.

8. Keep a copy of your completed Claim Form for your records. If your claim is rejected for any reason, the Settlement Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

## PART A – CLAIMANT INFORMATION

Claimant Name:

Street Address: _____     Daytime Phone Number: _____

City, State, Zip Code: _____     E-mail address: _____

**EXHIBIT 1**

**PART B – LIMITED REIMBURSEMENT FOR QUALIFYING HOUSEHOLDS**

*To determine if you purchased a qualifying Muscle Milk® product, please review the Notice, specifically questions 5 and 7.B.*

**CHECK AND COMPLETE ONLY ONE OF THE FOLLOWING:**

❑ **I have an original sales receipt** showing that I purchased a Muscle Milk® RTD and/or bar product(s) between July 18, 2007 and December 31, 2012.  I understand that a qualifying household that submits a valid claim form and a valid receipt is entitled to receive payment in the amount of up to $4.00 for each RTD and up to $2.50 for each Bar purchased (as those terms are defined in the Notice), up to $30.00 per household.

My household seeks payment based on (list specific qualifying Muscle Milk® products purchased as reflected on the enclosed sales receipt):_____

**OR**

❑ **I have enclosed original product packaging** showing that I purchased Muscle Milk® RTD and/or bar product(s) between July 18, 2007 and December 31, 2012.  I understand that a qualifying household that submits a valid claim form and a valid receipt is entitled to receive payment in the amount of up to $4.00 for each RTD and up to $2.50 for each Bar purchased (as those terms are defined in the Notice), up to $30.00 per household.

My household seeks payment based on (list specific qualifying Muscle Milk® products purchased as evidenced by the enclosed product packaging):_____

**OR**

❑ **I DO NOT HAVE an original, dated sales receipt or original product packaging** showing that I purchased Muscle Milk® RTD and/or bar products between July 18, 2007 and December 31, 2012.  I understand that if I purchased a qualifying Muscle Milk® product, my household still may be eligible to receive payment in the amount of up to $4.00 per RTD and up to $2.50 per Bar, up to $10.00 per household.

My household seeks payment based on (list specific qualifying Muscle Milk® products purchased):_____

**I understand that in order for my household to obtain any payment under this option, I must sign and date the following certification under penalty of perjury:**

*I certify under penalty of perjury that I purchased one or more Muscle Milk RTD or Bar products listed in the Notice between July 18, 2007 and December 31, 2012, as described above.*

_____          _____
**Signature of Claimant**                                              **Date**

_____          _____
**Print name and, if applicable, title**                    **Name(s) of product(s) purchased**

**EXHIBIT 1**

**<u>EXHIBIT D</u>**

EXHIBIT 1

### NOTICE OF SETTLEMENT

> **If you purchased certain Muscle Milk® products, you may benefit from a Proposed Class Action Settlement.**
>
> **READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE CHECK THE SETTLEMENT WEBSITE AT [WEBSITE] REGULARLY FOR UPDATES AND FURTHER DETAILS**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in *Delacruz v. CytoSport, Inc.*, a class action lawsuit in which the Plaintiff alleges that CytoSport inaccurately represented the nutritional attributes and healthfulness of certain of its Muscle Milk® Ready-to-Drink ("RTD") beverages and Muscle Milk® bars ("Bars"). CytoSport denies all of the Plaintiff's claims. The Court did not rule in favor of either party. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuit.

- Your legal rights may be affected whether you act or do not act. Read this notice carefully.

- If you are eligible, the Proposed Settlement <u>may</u> provide you with payments based on your purchases of Muscle Milk® RTD and Bar products.

- You are a Class Member if you purchased Muscle Milk® RTD or Bars at retail in the United States from July 18, 2007 through December 31, 2012. See questions 5-6 on page 4, for further information.

- You are not part of the class if you: (a) did not purchase Muscle Milk® RTD or Bars at retail; (b) are an employee, director, officer, or agent of CytoSport or its subsidiaries and affiliated companies, (c) are a Judge of the Court in which the Action is pending or part of their immediate family and staff. See question 6 on page 4, below.

### YOUR RIGHTS AND CHOICES:

| *YOU MAY:* | | *DUE DATE* |
|---|---|---|
| **FILE A CLAIM FORM** | This is the <u>only</u> way that you may receive monetary reimbursement. | *By          , 2013* |
| **EXCLUDE YOURSELF** | Ask to get out of the Proposed Settlement. If you do this, you cannot get any benefits provided in the Proposed Settlement, but you keep your right to sue CytoSport yourself regarding the claims in the lawsuit. | *By          , 2013* |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlement. Even if you object, you must still submit a valid claim form by          , 2013 in order to receive a payment. | *By          , 2013* |
| **APPEAR IN THE LAWSUIT OR GO TO A HEARING** | Participate in the Proposed Settlement on your own or through your own lawyer. You can also ask to speak in Court about the Proposed Settlement. | *By          , 2013* |
| **DO NOTHING** | You get no settlement benefits and you give up the right to sue CytoSport on your own regarding the claims later. | |

- These rights and choices – **and the deadlines to exercise them** – are further explained in this Notice.

- These **deadlines may be moved, cancelled or otherwise modified**, so please check the settlement website at [WEBSITE] regularly for updates and further details.

- The Court still has to decide whether to approve the Proposed Settlement. Benefits will be provided only if the Court approves the Proposed Settlement and after any appeals are resolved.

EXHIBIT 1

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................................ 4

    1.    Why did I get this Notice? ......................................................................... 4

    2.    What are the lawsuits about? ...................................................................... 4

    3.    Why is this a class action? ........................................................................ 4

    4.    Why is there a Proposed Settlement? ........................................................ 5

WHO IS IN THE PROPOSED SETTLEMENT CLASS ......................................................... 5

    5.    How do I know if I'm part of the Proposed Settlement Class? ...................... 5

    6.    Are there exceptions to being included? .................................................... 5

THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET ................................ 5

    7.    What does the Proposed Settlement provide? ............................................. 5

    8.    How do I submit a claim for reimbursement? ............................................. 6

    9.    When will I get my Proposed Settlement benefits? ..................................... 6

    10.    What am I giving up to stay in the Class? ................................................. 7

    11.    Can I get out of the Proposed Settlement and the Class? ............................ 8

    12.    How do I exclude myself from the Proposed Settlement? ............................ 8

    13.    If I don't exclude myself, can I still sue CytoSport for the same things later? ................ 9

    14.    If I exclude myself, can I get any benefits from this Proposed Settlement? ................... 9

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT ...................... 9

    15.    How do I tell the Court I don't like the Proposed Settlement? ......................... 9

    16.    What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? ................................................... 10

YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT ................................. 10

    17.    Can I appear or speak in this lawsuit and Proposed Settlement? ................... 10

    18.    How can I appear in this lawsuit? ........................................................ 10

IF YOU DO NOTHING ............................................................................................ 11

    19.    What happens if I do nothing at all? ...................................................... 11

EXHIBIT 1

THE LAWYERS REPRESENTING YOU ................................................................................ 11

    20.    Do I have a lawyer in this case? ....................................................................... 11

    21.    How much will lawyers for the Class Counsel be paid and how will they be paid? ....... 11

THE COURT'S FAIRNESS HEARING ................................................................................ 11

    22.    When and where will the Court decide whether to approve the Proposed Settlement? .. 11

    23.    Do I have to come to the hearing? ....................................................................... 12

    24.    Can I speak at the hearing? ................................................................................ 12

GETTING MORE INFORMATION ...................................................................................... 12

    25.    Are more details about the lawsuit and the Proposed Settlement available? ................. 12

    26.    How do I get more information? ......................................................................... 12

EXHIBIT 1

## BASIC INFORMATION

### 1.  Why did I get this Notice?

A Court ordered that this Notice be given because you have the right to know about a Proposed Settlement that may affect you.  You have legal rights and choices to make before the Court decides whether to approve the Proposed Settlement.

This Notice explains:
- What the lawsuits are about.
- Who is included in the Proposed Settlement.
- How the Proposed Settlement may benefit you.
- What your legal rights are.
- How to get benefits of the Proposed Settlement.

### 2.  What are the lawsuits about?

The Plaintiff in this lawsuit claims that CytoSport inaccurately labeled and marketed certain Muscle Milk® RTD beverages and Muscle Milk® bars by, among other things, using the words "Healthy Sustained Energy," "Healthy Fats," and "Good Carbohydrates" on the label of certain RTDs; using the words "Healthy Sustained Energy" and "0g Trans Fat" on the label of the Bars; including fractionated palm kernel oil and partially hydrogenated palm oil as ingredients in the Bars; and using similar words and phrases relating to claims concerning healthiness or nutrition, in the advertising and marketing of the RTDs and Bars on CytoSport's website and other marketing and advertising.  The Plaintiff claims that the allegedly inaccurate use of these words violates California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.), and state common law.

CytoSport denies all these claims of wrongdoing and asserts that its RTD and Bar products provide a number of benefits, including protein.  The Court has not issued a final ruling on the strengths or weaknesses of the Plaintiff's case or CytoSport's contentions in this lawsuit.  Nevertheless, CytoSport has agreed to the proposed settlement to avoid the risk and expense of further litigation.  Plaintiffs believe that their claims have merit, but that the proposed settlement is fair, reasonable, and in the best interests of the members of the Settlement Class given the risk and expense of further litigation.

This case is pending in the United States District Court for the Northern District of California, Oakland Division. The full name of the action is *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW.

### 3.  Why is this a class action?

In a class action, one or more people, called Class Representatives, sue on behalf of other people who have similar claims.  All these people together are a "Class" or "Class Members."  One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class.  In a class action, the court has a responsibility to assure that prosecution and resolution of the class claims by the Class Representatives and class counsel is fair.  In this lawsuit, the Class Representatives are asking the Court to decide the issues for all purchasers of certain Muscle Milk® RTD and Bar products.

EXHIBIT 1

**4.     Why is there a Proposed Settlement?**

The Court did not rule in favor of either party. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuits. The Class Representative and her attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS

**5.     How do I know if I'm part of the Proposed Settlement Class?**

As part of the settlement, the parties have agreed to the certification of a Settlement Class for purposes of this settlement only. The Settlement Class includes all individuals who purchased Muscle Milk® Ready-to-Drink beverages or Muscle Milk® bars at retail in the United States from July 18, 2007 through December 31, 2012.

If this describes you, **you are automatically a member of the Settlement Class unless you exclude yourself by following the steps for exclusion described below.** Persons who are members of the Settlement Class and do not exclude themselves will be eligible for the compensation offered by the settlement if they meet the specified criteria, submit a valid Claim Form, and the Court gives final approval to the settlement. Class Members will be bound by the settlement, if approved by the Court, whether or not they submit a Claim Form and will be prevented from bringing other claims covered by the settlement. Those who exclude themselves from the Settlement Class will not be bound by the settlement and will not receive any payments from the settlement.

**6.     Are there exceptions to being included?**

All persons who are employees, directors, officers and agents of CytoSport or its subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending and their immediate family and staff, are also excluded.

## THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET

**7.     What does the Proposed Settlement provide?**

**The Proposed Settlement provides for a number of significant benefits.** It was negotiated between the Plaintiff and CytoSport, through their attorneys, and has been preliminarily approved by the Court. The proposed terms are:

**A.     Injunctive Relief**

CytoSport has agreed to cease using the words "Healthy, Sustained Energy" on any newly-printed labels of Muscle Milk® RTDs and Bars. Additionally, CytoSport has agreed to cease using the words "Healthy Fats" on any newly-printed labels of Muscle Milk® RTD. However, CytoSport is permitted under the Proposed Settlement to using the words "Healthy Fats" on labels of Muscle Milk® RTD (or related products) so long as such product contains fewer than 0.5 grams of saturated fat per serving, or CytoSport also includes the words "See nutrition information for saturated fat content" in connection with the words "Healthy Fats" on the label. The specific injunctive relief agreed to between the parties can be found in the Settlement Stipulation filed with the Court and located on the settlement website, [WEBSITE ADDRESS].

*EXHIBIT 1*

**B.     Payments**

CytoSport will make funds available for payments to class members (the "Available Monetary Relief"). Class members may be eligible to receive payments under one of the following options, provided that a timely claim form is properly submitted:

> Payment With Proof of Purchase:  Class members who are able to submit a proof of purchase (such as sales receipt or original product packaging) for one or more Muscle Milk® RTD or Bar products during the period from July 18, 2007 through December 31, 2012 may receive up to $4.00 per Muscle Milk® RTD and up to $2.50 per Muscle Milk® Bar (subject to a maximum of $30.00 total) based on such purchases.

> Payment Without Proof of Purchase:  Class members who purchased one or more Muscle Milk® RTD or Bar products during the period described in the answer to Question 5 above, but who do not have a proof of purchase for such purchases, may receive up to $4.00 per Muscle Milk® RTD and up to $2.50 per Muscle Milk® Bar (subject to a maximum of $10.00 total) based on those purchases. To be eligible for such payments, a class member must complete a claim form and provide his or her name, email address, and mailing address.  A class member must also submit a signed attestation form in which he or she describes, under penalty of perjury, which Muscle Milk® products he or she purchased, the date of the purchase(s), and the location of the purchase(s).

Class Members may choose only one of these two options.  Each household is eligible for up to a total of $30.00 in payments, however, the amount of reimbursement that each household may receive may be reduced on a *pro rata* basis if the total value of all claims for reimbursement exceeds the amount of the Available Monetary Relief. Additional details concerning reimbursement may be found in section IV of the Settlement Agreement.

**C. Payment To Charity**

Under the Proposed Settlement, CytoSport will make a charitable donation of up to $85,000 to the American Heart Association or a similar organization.  CytoSport may also make charitable product donations to the American Cancer Society and/or other charitable organizations that may benefit from donations of high-protein products, depending on the total amount of payments made to class members.

| **8.** | **How do I submit a claim for reimbursement?** |
|---|---|

To submit a claim, you **must** complete a claim form (and, if instructed to do so, submit proof of purchase and/or an attestation form along with any other requested forms) and submit the claim form in hard copy, paper format by mailing the claim form and any supporting papers to: _____ by _____ , 2013.

| **9.** | **When will I get my Proposed Settlement benefits?** |
|---|---|

Settlement benefits will be available only after the Proposed Settlement is approved and becomes final.  The Court will hold a hearing on _____ , 2013, to decide whether to approve the Proposed Settlement. If the Court approves the Proposed Settlement, there may be appeals, and the Proposed Settlement can't become final until all appeals are resolved.  It is always uncertain how long appeals will take -- they can take many months or longer. You should check the settlement website at [WEBSITE ADDRESS] for updates on the status of the Proposed Settlement and applicable deadlines. Please be patient. Furthermore, please be aware that the parties will not know the exact value of each claim for payment until *after* all claim forms have been received and validated by the claims administrator.

EXHIBIT 1

**YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

| 10. | What am I giving up to stay in the Class? |
|-----|-------------------------------------------|

If you do not exclude yourself from the Class, then you are automatically in the Class if you purchased Muscle Milk® RTD or Muscle Milk® Bars between July 18, 2007 and December 31, 2012. If you stay in the Class, you can't sue or be part of any other lawsuit against CytoSport about the claims in this lawsuit, as set forth below. In addition, if you stay in the Class, all the Court's orders will apply to you.

By staying in the Class, you become a Settlement Class Member and you are agreeing to fully, finally and forever release, relinquish, and discharge any current or future claims you might have against CytoSport that relate to the claims in this lawsuit. The entire release contained in the Proposed Settlement Agreement is set forth below:

> "Released Parties" means: CytoSport and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors; all of CytoSport's parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the development, formulation, manufacture, sale, or marketing of the Products or their labeling, packaging, or advertising.

> "Released Claims" means any and all claims, demands, rights, damages, obligations, suits, liens, and causes of action over every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in paragraph 47 below) as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

> (i) were brought or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

> (ii) relate in any way to any claim, advertisement, representation, assertion, promise, or similar statement made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness or nutritional attributes of the Products, including but not limited to all claims that relate in any way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the use of the words "Good Carbohydrates" with respect to the Products; the calories provided by the Products; the ingredients in the Products, including but not limited to the amounts and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type; the amount and/or presence of fat or saturated fat in the Products; the amount and/or presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the Products; the amount and/or presence of protein in the Products; the marketing of the Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative beverage" and/or related statements; guidelines concerning when and/or in what quantities to use the Products; and compliance with any federal, state, or local labeling requirements with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the Products.

EXHIBIT 1

"Released Claims" do not include claims for personal injury.

The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section.  Settlement Class Members are not releasing any claims for personal injury.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

## 11.    Can I get out of the Proposed Settlement and the Class?

You can get out of the Proposed Settlement and the Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.  If you exclude yourself, you can't get Proposed Settlement benefits and you can't object to the Proposed Settlement.  But you keep the right to file your own lawsuit or join another lawsuit against CytoSport about the claims in this lawsuit.

## 12.    How do I exclude myself from the Proposed Settlement?

To exclude yourself, you must send by fax, U.S. Mail, or e-mail a letter that contains all of the following:

- Your name, current address and telephone number;

- A statement that you want to be excluded from the case *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW, that you do not wish to be a Settlement Class Member, and that you want to be excluded from any judgment entered in this case;

- Your signature (or your lawyer's signature).

Your exclusion request must be signed mailed, faxed or e-mailed, and ***postmarked, or the equivalent for fax or e-mail, by***          , 2013, to:

- 8 -

EXHIBIT I

[NAME] Settlement Administrator
[ADDRESS]
Facsimile: [###-###-####]
E-Mail: [EMAIL ADDRESS]

You cannot exclude yourself on the phone.

**13.    If I don't exclude myself, can I still sue CytoSport for the same things later?**

No.  Unless you exclude yourself, you give up the right to sue CytoSport as described in response to Question 10.  If you want to keep the right to sue CytoSport in a new lawsuit, you have to exclude yourself from this Class and Proposed Settlement.  Remember, any exclusion request must be signed, mailed, faxed, or e-mailed, and postmarked (or the equivalent for fax or e-mail) by                , 2013.

**14.    If I exclude myself, can I get any benefits from this Proposed Settlement?**

No.  If you exclude yourself, you can't get any Proposed Settlement benefits.

**YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT**

**15.    How do I tell the Court I don't like the Proposed Settlement?**

If you're a Class Member and don't exclude yourself, you can tell the Court you don't like the Proposed Settlement or some part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must send a written objection by fax, U.S. mail, or e-mail setting forth your full name, current address, telephone number, and proof of purchase to the Settlement Administrator and send by e-mail or U.S. mail a copy to Class Counsel and Defense Counsel postmarked no later than                , 2013.  Please use the following addresses:

| Settlement Administrator | Counsel for the Class: | Counsel for CytoSport: |
|---|---|---|
| [NAME] Settlement Administrator<br>[ADDRESS]<br>Facsimile: [###-###-####]<br>E-Mail: [EMAIL ADDRESS] | Baron & Budd, P.C.<br>Roland Tellis<br>Mark Pifko<br>15910 Ventura Boulevard, Suite 1600<br>Encino, California 91436<br>Telephone: 818.839.2333<br>Facsimile:  818.986.9698<br>E-mail: mpifko@baronandbudd.com | Gibson, Dunn & Crutcher LLP<br>G. Charles Nierlich<br>Matthew L. Berde<br>555 Mission St., Suite 3000<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br>E-mail: mberde@gibsondunn.com |

You must also state in writing all objections and the reasons for each objection, and state whether you intend to appear at the Final Fairness Hearing either with or without separate counsel.  You will not be entitled to be heard at the Final Fairness Hearing or to object to the Settlement, and no written objections or briefs submitted by you shall be received or considered by the Court at the Final Fairness Hearing, unless written notice of your intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs are filed with the Court and served on Class Counsel and Defense Counsel on or before                , 2013.  If you fail to file and serve timely written objections in the manner specified above, you shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

If you object through a lawyer, you will have to pay for the lawyer yourself.

- 9 -

EXHIBIT 1

| 16. | What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? |
|---|---|

Objecting is the way to tell the Court what you don't like about the Proposed Settlement. You can object only if you stay in the Class and don't exclude yourself.

Excluding yourself is the way to tell the Court you do not want to be a part of the Class and the Proposed Settlement, and that you want to keep the right to file your own lawsuit. If you exclude yourself, you cannot object because the Proposed Settlement no longer will affect you.

## YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT

| 17. | Can I appear or speak in this lawsuit and Proposed Settlement? |
|---|---|

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

| 18. | How can I appear in this lawsuit? |
|---|---|

If you want to participate (or have your own lawyer instead of Class Counsel participate or speak for you) in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection (see question 17 above) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information too.

Your Notice of Appearance must be signed, mailed and *postmarked by _____, 2013*, to the Court at:

Clerk of Court
U.S. District Court
Northern District of California
[OAKLAND ADDRESS]

Copies of your Notice of Appearance must also be signed, mailed, e-mailed, or faxed and *postmarked, or the equivalent for e-mail and facsimile, by _____, 2013*, to the same addresses for the Settlement Administrator, Counsel for the Class, and Counsel for CytoSport, appearing on page 9 of this Notice, in Question 15.

- 10 -

EXHIBIT 1

**IF YOU DO NOTHING**

| 19. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing:

- You will stay a member of the Class and all of the Court's orders will apply to you.

- You will receive reimbursement. You will only be eligible to receive reimbursement under the Proposed Settlement if you complete a claim form with appropriate information.

- You won't be able to sue, or join a new lawsuit against CytoSport, about the issues and claims in this lawsuit, ever again, unless you exclude yourself.

**THE LAWYERS REPRESENTING YOU**

| 20. | **Do I have a lawyer in this case?** |
|---|---|

Yes, the Court has appointed the following law firms to represent the Class as Class Counsel:

> Baron & Budd, P.C.
> Roland Tellis
> Mark Pifko
> 15910 Ventura Boulevard, Suite 1600
> Encino, California 91436
> Telephone: 818.839.2333
> Facsimile: 818.986.9698
> E-mail: mpifko@baronandbudd.com

You will not be charged for these lawyers.

You may also consult your own lawyer at your own expense.

| 21. | **How much will lawyers for the Class Counsel be paid and how will they be paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of attorneys' fees of no more than $1,239,625, plus up to an additional $87,500 in expenses. Class Counsel also will ask the Court to award the named class representative $6,000. Class Counsel will file their Fee Application with the Court on or before **[DATE], 2013**. CytoSport will pay the amounts awarded by the Court, up to these maximums.

**THE COURT'S FAIRNESS HEARING**

| 22. | **When and where will the Court decide whether to approve the Proposed Settlement?** |
|---|---|

The Court will hold a Final Fairness Hearing at          on          , 2013. This hearing date may be moved, cancelled or otherwise modified, so please check the settlement website at [WEBSITE] regularly for further details. The Court is located at 1301 Clay St., Oakland, CA 94612. At this hearing, the judge will consider all objections, if any, and will consider whether the Proposed Settlement is fair, reasonable, and adequate to the Class. The judge will listen to people who have asked to speak at the hearing. The judge may also decide how much to award to Class Counsel for their fees and expenses. At or after the hearing, the judge will decide whether to approve the Proposed Settlement. We do not know how long these decisions will take.

EXHIBIT 1

**23.   Do I have to come to the hearing?**

You don't have to come to the hearing.  Class Counsel will answer questions the Court has.  But you and/or your lawyer are welcome to come at your own expense.  If you send an objection, you don't have to come to the hearing for the judge to consider it.

**24.   Can I speak at the hearing?**

You can ask the Court to allow you (or your lawyer) to speak at the hearing.  To do so, you or your lawyer must file a Notice of Appearance that says you wish to speak.  You can find how to file a Notice of Appearance, and the due date for filing, in question 18 on page 10 of this Notice.  If you submit an objection and wish to speak about it at the Final Fairness Hearing, you must include that information in your objection (see question 15 on page 9).

You cannot speak at the hearing if you exclude yourself.

## GETTING MORE INFORMATION

**25.   Are more details about the lawsuit and the Proposed Settlement available?**

This Notice only summarizes the lawsuit and Proposed Settlement.  More details are in the complaints filed in these class actions and in the Settlement Stipulation.  You can get copies of these documents by visiting the Proposed Settlement website, [WEBSITE].

You can also look at all of the documents filed in the lawsuit at the Office of the Clerk, United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA 94612.

**26.   How do I get more information?**

You can get more information and read common questions and answers by visiting the Proposed Settlement website, [WEBSITE]or calling (###) ###-####.

101435037.2

- 12 -

EXHIBIT 1

**EXHIBIT E**

EXHIBIT 1

Legal Notice                                                    Legal Notice

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### IF YOU PURCHASED CERTAIN MUSCLE MILK® PRODUCTS, YOU MAY BE ELIGIBLE TO RECEIVE BENEFITS UNDER A PROPOSED CLASS ACTION SETTLEMENT

A settlement has been proposed in class action lawsuits against CytoSport, Inc. ("CytoSport") regarding certain Muscle Milk® products.

**What Is This Notice About?**

A lawsuit is pending in the United States District Court, Northern District of California that may affect your rights. Plaintiffs allege that CytoSport misled consumers of Muscle Milk® ready-to-drink and bar products in the way that CytoSport labeled and marketed those products. CytoSport vigorously denies these allegations. The Court did not rule in favor of the Plaintiff or CytoSport. Instead, the parties agreed to a settlement to avoid the expense and risks of continuing the lawsuits.

**Am I A Member Of The Class?**

You are a class member if you purchased, at retail in the United States, one or more Muscle Milk® ready-to-drink beverages (the "RTD") or Muscle Milk® bars (the "Bar") between July 18, 2007 and December 31, 2012.

**What Does The Settlement Provide?**

The settlement requires CytoSport to discontinue the use of certain statements in the labeling and/or marketing of RTD and Bar products. Depending on which products a class member purchased, class members may be eligible to receive up to $30.00 (up to $10.00 if the class member has no proof of purchase), based on up to $4.00 per RTD and up to $2.50 per Bar.

Class Counsel also will ask that the Court award up to approximately $1,327,125 in attorneys' fees and expenses they incurred on behalf of the Class, and for an incentive payment of $6,000 for the class representative.

**What Are My Rights?**

You have four options under the Settlement: (1) submit a claim for reimbursement; (2) object; (3) do nothing; or (4) exclude yourself.

If you are a member of the Settlement Class and do not exclude yourself, you will be bound by any

judgment in the case and will release certain claims you may have against CytoSport as set forth in the full Notice of Settlement (at Section [X]) at [WEBSITE]. Please read the release language carefully as it affects your rights.

1.  To submit a claim for reimbursement, you must complete a Claim Form and comply with the other requirements at [WEBSITE], and submit the claim by U.S. Mail at [ADDRESS] by _____, 2013.

2.  To Object to the Settlement, you must file a written objection with the Clerk of the Court by [DATE], 2013, and serve copies of your objection on the Settlement Administrator and the parties. The Court will decide whether to approve the Settlement at the Final Fairness Hearing on _____, 2013, at ___ . For specific procedures for objecting, please see the full Notice of Settlement at [WEBSITE].

3.  If You Do Nothing, you will not receive any reimbursement under the Settlement, but you will be bound by the terms of the Settlement and will release certain claims against CytoSport as explained in the full Notice of Settlement on the settlement website.

4.  To Exclude Yourself from the Class and the Settlement: If you wish to exclude yourself ("opt out") from the Settlement, you must, by _____, 2013, send to the Settlement Administrator by fax ([###-###-####]), email [(EMAIL ADDRESS)], or U.S. Mail ([ADDRESS]), a signed letter that includes your name, address, and telephone number and a statement that you wish to be excluded from the Settlement. If you submit a timely and valid request for exclusion, you will no longer be a member of the Class and will receive no benefits under the Settlement, but you will retain whatever claims you may have against CytoSport.

This Notice is a summary only. To get additional information, including a copy of the Settlement Agreement And Release and full Notice of

**EXHIBIT 1**

Settlement, visit [WEBSITE] or call (###-###-####). The deadlines in this Notice may be moved, cancelled or otherwise modified, so please check the website regularly for updates.

BY ORDER OF THE U.S. DISTRICT COURT

101435497.2

EXHIBIT 1

# **EXHIBIT F**

EXHIBIT 1

## PLAN OF PUBLICATION FOR SUMMARY NOTICE

Pursuant to Paragraph 24(e)(i) of the Settlement Agreement by and between Plaintiff Claire Delacruz and Defendant CytoSport, Inc. (the "Settlement Agreement"), the Summary Notice shall be published as follows on or before the Notice Date as specified in the Preliminary Approval Order (capitalized terms used herein but not defined shall have the same meanings as ascribed to those terms in the Settlement Agreement):

1. Twice in a weekday edition of USA Today (or, if USA Today is not available, another national newspaper of similar distribution);

2. Twice in a weekday edition of the California distribution of the same national newspaper as described in Paragraph 1, above;

3. For four (4) weeks on the internet site www.people.com and on various internet sites that are part of the Univision online network; and

4. The posting a joint press release issued by Class Counsel and Defendant upon preliminary approval of the settlement contemplated by the Settlement Agreement on PR Newswire's National U.S.1 and Hispanic newslines.

EXHIBIT 1