# Exhibit 2

Legal Notice                                                                                   Legal Notice

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### IF YOU PURCHASED CERTAIN MUSCLE MILK® PRODUCTS, YOU MAY BE ELIGIBLE TO RECEIVE BENEFITS UNDER A PROPOSED CLASS ACTION SETTLEMENT

A settlement has been proposed in class action lawsuits against CytoSport, Inc. ("CytoSport") regarding certain Muscle Milk® products.

**What Is This Notice About?**

A lawsuit is pending in the United States District Court, Northern District of California that may affect your rights. Plaintiffs allege that CytoSport misled consumers of Muscle Milk® ready-to-drink and bar products in the way that CytoSport labeled and marketed those products. CytoSport vigorously denies these allegations. The Court did not rule in favor of the Plaintiff or CytoSport. Instead, the parties agreed to a settlement to avoid the expense and risks of continuing the lawsuits.

**Am I A Member Of The Class?**

You are a class member if you purchased, at retail in the United States, one or more Muscle Milk® ready-to-drink beverages (the "RTD") or Muscle Milk® bars (the "Bar") between July 18, 2007 and December 31, 2012.

**What Does The Settlement Provide?**

The settlement requires CytoSport to discontinue the use of certain statements in the labeling and/or marketing of RTD and Bar products. Depending on which products a class member purchased, class members may be eligible to receive up to $30.00 (up to $10.00 if the class member has no proof of purchase), based on up to $4.00 per RTD and up to $2.50 per Bar.

Class Counsel also will ask that the Court award up to approximately $1,327,125 in attorneys' fees and expenses they incurred on behalf of the Class, and for an incentive payment of $6,000 for the class representative.

**What Are My Rights?**

You have four options under the Settlement: (1) submit a claim for reimbursement; (2) object; (3) do nothing; or (4) exclude yourself.

If you are a member of the Settlement Class and do not exclude yourself, you will be bound by any judgment in the case and will release certain claims you may have against CytoSport as set forth in the full Notice of Settlement (at Section [X]) at [WEBSITE]. Please read the release language carefully as it affects your rights.

1. To submit a claim for reimbursement, you must complete a Claim Form and comply with the other requirements at [WEBSITE], and submit the claim by U.S. Mail at [ADDRESS] by            , 2013.

2. To Object to the Settlement, you must file a written objection with the Clerk of the Court by [DATE], 2013, and serve copies of your objection on the Settlement Administrator and the parties. The Court will decide whether to approve the Settlement at the Final Fairness Hearing on           , 2013, at     . For specific procedures for objecting, please see the full Notice of Settlement at [WEBSITE].

3. If You Do Nothing, you will not receive any reimbursement under the Settlement, but you will be bound by the terms of the Settlement and will release certain claims against CytoSport as explained in the full Notice of Settlement on the settlement website.

4. To Exclude Yourself from the Class and the Settlement: If you wish to exclude yourself ("opt out") from the Settlement, you must, by         , 2013, send to the Settlement Administrator by fax ([###-###-####]), email [(EMAIL ADDRESS)], or U.S. Mail ([ADDRESS]), a signed letter that includes your name, address, and telephone number and a statement that you wish to be excluded from the Settlement. If you submit a timely and valid request for exclusion, you will no longer be a member of the Class and will receive no benefits under the Settlement, but you will retain whatever claims you may have against CytoSport.

This Notice is a summary only. To get additional information, including a copy of the Settlement Agreement And Release and full Notice of

EXHIBIT 2

Settlement, visit [WEBSITE] or call (###-###-####). The deadlines in this Notice may be moved, cancelled or otherwise modified, so please check the website regularly for updates.

BY ORDER OF THE U.S. DISTRICT COURT

101435497.2

EXHIBIT 2

**EXHIBIT 2**

## NOTICE OF SETTLEMENT

> **If you purchased certain Muscle Milk® products, you may benefit from a Proposed Class Action Settlement.**
>
> **READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE CHECK THE SETTLEMENT WEBSITE AT [WEBSITE] REGULARLY FOR UPDATES AND FURTHER DETAILS**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in *Delacruz v. CytoSport, Inc.*, a class action lawsuit in which the Plaintiff alleges that CytoSport inaccurately represented the nutritional attributes and healthfulness of certain of its Muscle Milk® Ready-to-Drink ("RTD") beverages and Muscle Milk® bars ("Bars"). CytoSport denies all of the Plaintiff's claims. The Court did not rule in favor of either party. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuit.
- Your legal rights may be affected whether you act or do not act. Read this notice carefully.
- If you are eligible, the Proposed Settlement <u>may</u> provide you with payments based on your purchases of Muscle Milk® RTD and Bar products.
- You are a Class Member if you purchased Muscle Milk® RTD or Bars at retail in the United States from July 18, 2007 through December 31, 2012. See questions 5-6 on page 4, below for further information.
- You are not part of the class if you: (a) did not purchase Muscle Milk® RTD or Bars at retail; (b) are an employee, director, officer, or agent of CytoSport or its subsidiaries and affiliated companies, (c) are a Judge of the Court in which the Action is pending or part of their immediate family and staff. See question 6 on page 4, below.

## YOUR RIGHTS AND CHOICES:

| YOU MAY: | | DUE DATE |
|---|---|---|
| **FILE A CLAIM FORM** | This is the <u>only</u> way that you may receive monetary reimbursement. | *By _____, 2013* |
| **EXCLUDE YOURSELF** | Ask to get out of the Proposed Settlement. If you do this, you cannot get any benefits provided in the Proposed Settlement, but you keep your right to sue CytoSport yourself regarding the claims in the lawsuit. | *By _____, 2013* |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlement. Even if you object, you must still submit a valid claim form by _____, 2013 in order to receive a payment. | *By _____, 2013* |
| **APPEAR IN THE LAWSUIT OR GO TO A HEARING** | Participate in the Proposed Settlement on your own or through your own lawyer. You can also ask to speak in Court about the Proposed Settlement. | *By _____, 2013* |
| **DO NOTHING** | You get no settlement benefits and you give up the right to sue CytoSport on your own regarding the claims later. | |

- These rights and choices – **and the deadlines to exercise them** – are further explained in this Notice.
- These **deadlines may be moved, cancelled or otherwise modified**, so please check the settlement website at [WEBSITE] regularly for updates and further details.
- The Court still has to decide whether to approve the Proposed Settlement. Benefits will be provided only if the Court approves the Proposed Settlement and after any appeals are resolved.

EXHIBIT 2

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .................................................................................................. 4

    1.    Why did I get this Notice? ............................................................................... 4

    2.    What are the lawsuits about? ........................................................................... 4

    3.    Why is this a class action? ............................................................................... 4

    4.    Why is there a Proposed Settlement? ............................................................. 5

WHO IS IN THE PROPOSED SETTLEMENT CLASS ................................................ 5

    5.    How do I know if I'm part of the Proposed Settlement Class? ...................... 5

    6.    Are there exceptions to being included? ........................................................ 5

THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET ................. 5

    7.    What does the Proposed Settlement provide? ................................................ 5

    8.    How do I submit a claim for reimbursement? ................................................ 6

    9.    When will I get my Proposed Settlement benefits? ....................................... 6

    10.    What am I giving up to stay in the Class? ...................................................... 7

    11.    Can I get out of the Proposed Settlement and the Class? .............................. 8

    12.    How do I exclude myself from the Proposed Settlement? ............................ 8

    13.    If I don't exclude myself, can I still sue CytoSport for the same things later? ................. 9

    14.    If I exclude myself, can I get any benefits from this Proposed Settlement? ..... 9

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT ....... 9

    15.    How do I tell the Court I don't like the Proposed Settlement? ..................... 9

    16.    What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? ............................ 10

YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT ..................... 10

    17.    Can I appear or speak in this lawsuit and Proposed Settlement? ................ 10

    18.    How can I appear in this lawsuit? ................................................................. 10

IF YOU DO NOTHING ................................................................................................... 11

    19.    What happens if I do nothing at all? ............................................................. 11

EXHIBIT 2

- 3 -

THE LAWYERS REPRESENTING YOU ................................................................................ 11

    20.    Do I have a lawyer in this case? ........................................................................ 11

    21.    How much will lawyers for the Class Counsel be paid and how will they be paid? ....... 11

THE COURT'S FAIRNESS HEARING ................................................................................. 11

    22.    When and where will the Court decide whether to approve the Proposed Settlement? .. 11

    23.    Do I have to come to the hearing? ..................................................................... 12

    24.    Can I speak at the hearing? ............................................................................... 12

GETTING MORE INFORMATION ....................................................................................... 12

    25.    Are more details about the lawsuit and the Proposed Settlement available? ................ 12

    26.    How do I get more information? ....................................................................... 12

## BASIC INFORMATION

### 1. Why did I get this Notice?

A Court ordered that this Notice be given because you have the right to know about a Proposed Settlement that may affect you. You have legal rights and choices to make before the Court decides whether to approve the Proposed Settlement.

This Notice explains:
- What the lawsuits are about.
- Who is included in the Proposed Settlement.
- How the Proposed Settlement may benefit you.
- What your legal rights are.
- How to get benefits of the Proposed Settlement.

### 2. What are the lawsuits about?

The Plaintiff in this lawsuit claims that CytoSport inaccurately labeled and marketed certain Muscle Milk® RTD beverages and Muscle Milk® bars by, among other things, using the words "Healthy Sustained Energy," "Healthy Fats," and "Good Carbohydrates" on the label of certain RTDs; using the words "Healthy Sustained Energy" and "0g Trans Fat" on the label of the Bars; including fractionated palm kernel oil and partially hydrogenated palm oil as ingredients in the Bars; and using similar words and phrases relating to claims concerning healthiness or nutrition, in the advertising and marketing of the RTDs and Bars on CytoSport's website and other marketing and advertising. The Plaintiff claims that the allegedly inaccurate use of these words violates California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.), and state common law.

CytoSport denies all these claims of wrongdoing and asserts that its RTD and Bar products provide a number of benefits, including protein. The Court has not issued a final ruling on the strengths or weaknesses of the Plaintiff's case or CytoSport's contentions in this lawsuit. Nevertheless, CytoSport has agreed to the proposed settlement to avoid the risk and expense of further litigation. Plaintiffs believe that their claims have merit, but that the proposed settlement is fair, reasonable, and in the best interests of the members of the Settlement Class given the risk and expense of further litigation.

This case is pending in the United States District Court for the Northern District of California, Oakland Division. The full name of the action is *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW.

### 3. Why is this a class action?

In a class action, one or more people, called Class Representatives, sue on behalf of other people who have similar claims. All these people together are a "Class" or "Class Members." One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class. In a class action, the court has a responsibility to assure that prosecution and resolution of the class claims by the Class Representatives and class counsel is fair. In this lawsuit, the Class Representatives are asking the Court to decide the issues for all purchasers of certain Muscle Milk® RTD and Bar products.

### 4. Why is there a Proposed Settlement?

The Court did not rule in favor of either party. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuits. The Class Representative and her attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS

### 5. How do I know if I'm part of the Proposed Settlement Class?

As part of the settlement, the parties have agreed to the certification of a Settlement Class for purposes of this settlement only. The Settlement Class includes all individuals who purchased Muscle Milk® Ready-to-Drink beverages or Muscle Milk® bars at retail in the United States from July 18, 2007 through December 31, 2012.

If this describes you, **you are automatically a member of the Settlement Class unless you exclude yourself by following the steps for exclusion described below.** Persons who are members of the Settlement Class and do not exclude themselves will be eligible for the compensation offered by the settlement if they meet the specified criteria, submit a valid Claim Form, and the Court gives final approval to the settlement. Class Members will be bound by the settlement, if approved by the Court, whether or not they submit a Claim Form and will be prevented from bringing other claims covered by the settlement. Those who exclude themselves from the Settlement Class will not be bound by the settlement and will not receive any payments from the settlement.

### 6. Are there exceptions to being included?

All persons who are employees, directors, officers and agents of CytoSport or its subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending and their immediate family and staff, are also excluded.

## THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET

### 7. What does the Proposed Settlement provide?

**The Proposed Settlement provides for a number of significant benefits.** It was negotiated between the Plaintiff and CytoSport, through their attorneys, and has been preliminarily approved by the Court. The proposed terms are:

A.  **Injunctive Relief**

CytoSport has agreed to cease using the words "Healthy, Sustained Energy" on any newly-printed labels of Muscle Milk® RTDs and Bars. Additionally, CytoSport has agreed to cease using the words "Healthy Fats" on any newly-printed labels of Muscle Milk® RTD. However, CytoSport is permitted under the Proposed Settlement to using the words "Healthy Fats" on labels of Muscle Milk® RTD (or related products) so long as such product contains fewer than 0.5 grams of saturated fat per serving, or CytoSport also includes the words "See nutrition information for saturated fat content" in connection with the words "Healthy Fats" on the label. The specific injunctive relief agreed to between the parties can be found in the Settlement Stipulation filed with the Court and located on the settlement website, [WEBSITE ADDRESS].

EXHIBIT 2

**B.    Payments**

CytoSport will make funds available for payments to class members (the "Available Monetary Relief"). Class members may be eligible to receive payments under one of the following options, provided that a timely claim form is properly submitted:

> Payment With Proof of Purchase: Class members who are able to submit a proof of purchase (such as sales receipt or original product packaging) for one or more Muscle Milk® RTD or Bar products during the period from July 18, 2007 through December 31, 2012 may receive up to $4.00 per Muscle Milk® RTD and up to $2.50 per Muscle Milk® Bar (subject to a maximum of $30.00 total) based on such purchases.
>
> Payment Without Proof of Purchase: Class members who purchased one or more Muscle Milk® RTD or Bar products during the period described in the answer to Question 5 above, but who do not have a proof of purchase for such purchases, may receive up to $4.00 per Muscle Milk® RTD and up to $2.50 per Muscle Milk® Bar (subject to a maximum of $10.00 total) based on those purchases. To be eligible for such payments, a class member must complete a claim form and provide his or her name, email address, and mailing address. A class member must also submit a signed attestation form in which he or she describes, under penalty of perjury, which Muscle Milk® products he or she purchased, the date of the purchase(s), and the location of the purchase(s).

Class Members may choose only one of these two options. Each household is eligible for up to a total of $30.00 in payments, however, the amount of reimbursement that each household may receive may be reduced on a *pro rata* basis if the total value of all claims for reimbursement exceeds the amount of the Available Monetary Relief. Additional details concerning reimbursement may be found in section IV of the Settlement Agreement.

**C. Payment To Charity**

Under the Proposed Settlement, CytoSport will make a charitable donation of up to $85,000 to the American Heart Association or a similar organization. CytoSport may also make charitable product donations to the American Cancer Society and/or other charitable organizations that may benefit from donations of high-protein products, depending on the total amount of payments made to class members.

| **8.** | **How do I submit a claim for reimbursement?** |

To submit a claim, you **must** complete a claim form (and, if instructed to do so, submit proof of purchase and/or an attestation form along with any other requested forms) and submit the claim form in hard copy, paper format by mailing the claim form and any supporting papers to: _____ by _____, 2013.

| **9.** | **When will I get my Proposed Settlement benefits?** |

Settlement benefits will be available only after the Proposed Settlement is approved and becomes final. The Court will hold a hearing on _____, 2013, to decide whether to approve the Proposed Settlement. If the Court approves the Proposed Settlement, there may be appeals, and the Proposed Settlement can't become final until all appeals are resolved. It is always uncertain how long appeals will take – they can take many months or longer. You should check the settlement website at [WEBSITE ADDRESS] for updates on the status of the Proposed Settlement and applicable deadlines. Please be patient. Furthermore, please be aware that the parties will not know the exact value of each claim for payment until *after* all claim forms have been received and validated by the claims administrator.

**YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

| 10. | What am I giving up to stay in the Class? |
|---|---|

If you do not exclude yourself from the Class, then you are automatically in the Class if you purchased Muscle Milk® RTD or Muscle Milk® Bars between July 18, 2007 and December 31, 2012. If you stay in the Class, you can't sue or be part of any other lawsuit against CytoSport about the claims in this lawsuit, as set forth below. In addition, if you stay in the Class, all the Court's orders will apply to you.

By staying in the Class, you become a Settlement Class Member and you are agreeing to fully, finally and forever release, relinquish, and discharge any current or future claims you might have against CytoSport that relate to the claims in this lawsuit. The entire release contained in the Proposed Settlement Agreement is set forth below:

> "Released Parties" means: CytoSport and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors; all of CytoSport's parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the development, formulation, manufacture, sale, or marketing of the Products or their labeling, packaging, or advertising.
>
> "Released Claims" means any and all claims, demands, rights, damages, obligations, suits, liens, and causes of action over every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in paragraph 47 below) as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:
>
> (i) were brought or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and
>
> (ii) relate in any way to any claim, advertisement, representation, assertion, promise, or similar statement made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness or nutritional attributes of the Products, including but not limited to all claims that relate in any way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the use of the words "Good Carbohydrates" with respect to the Products; the calories provided by the Products; the ingredients in the Products, including but not limited to the amounts and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type; the amount and/or presence of fat or saturated fat in the Products; the amount and/or presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the Products; the amount and/or presence of protein in the Products; the marketing of the Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative beverage" and/or related statements; guidelines concerning when and/or in what quantities to use the Products; and compliance with any federal, state, or local labeling requirements with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the Products.

EXHIBIT 2

"Released Claims" do not include claims for personal injury.

The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section. Settlement Class Members are not releasing any claims for personal injury. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

### 11. Can I get out of the Proposed Settlement and the Class?

You can get out of the Proposed Settlement and the Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class. If you exclude yourself, you can't get Proposed Settlement benefits and you can't object to the Proposed Settlement. But you keep the right to file your own lawsuit or join another lawsuit against CytoSport about the claims in this lawsuit.

### 12. How do I exclude myself from the Proposed Settlement?

To exclude yourself, you must send by fax, U.S. Mail, or e-mail a letter that contains all of the following:

- Your name, current address and telephone number;
- A statement that you want to be excluded from the case *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW, that you do not wish to be a Settlement Class Member, and that you want to be excluded from any judgment entered in this case;
- Your signature (or your lawyer's signature).

Your exclusion request must be signed mailed, faxed or e-mailed, and ***postmarked, or the equivalent for fax or e-mail, by***          , 2013, to:

EXHIBIT 2

[NAME] Settlement Administrator
[ADDRESS]
Facsimile: [###-###-####]
E-Mail: [EMAIL ADDRESS]

You cannot exclude yourself on the phone.

### 13. If I don't exclude myself, can I still sue CytoSport for the same things later?

No. Unless you exclude yourself, you give up the right to sue CytoSport as described in response to Question 10. If you want to keep the right to sue CytoSport in a new lawsuit, you have to exclude yourself from this Class and Proposed Settlement. Remember, any exclusion request must be signed, mailed, faxed, or e-mailed, and postmarked (or the equivalent for fax or e-mail) by _____, 2013.

### 14. If I exclude myself, can I get any benefits from this Proposed Settlement?

No. If you exclude yourself, you can't get any Proposed Settlement benefits.

**YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT**

### 15. How do I tell the Court I don't like the Proposed Settlement?

If you're a Class Member and don't exclude yourself, you can tell the Court you don't like the Proposed Settlement or some part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a written objection by fax, U.S. mail, or e-mail setting forth your full name, current address, telephone number, and proof of purchase to the Settlement Administrator and send by e-mail or U.S. mail a copy to Class Counsel and Defense Counsel postmarked no later than _____, 2013. Please use the following addresses:

| Settlement Administrator | Counsel for the Class: | Counsel for CytoSport: |
|---|---|---|
| [NAME] Settlement Administrator<br>[ADDRESS]<br>Facsimile: [###-###-####]<br>E-Mail: [EMAIL ADDRESS] | Baron & Budd, P.C.<br>Roland Tellis<br>Mark Pifko<br>15910 Ventura Boulevard, Suite 1600<br>Encino, California 91436<br>Telephone: 818.839.2333<br>Facsimile: 818.986.9698<br>E-mail: mpifko@baronandbudd.com | Gibson, Dunn & Crutcher LLP<br>G. Charles Nierlich<br>Matthew L. Berde<br>555 Mission St., Suite 3000<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br>E-mail: mberde@gibsondunn.com |

You must also state in writing all objections and the reasons for each objection, and state whether you intend to appear at the Final Fairness Hearing either with or without separate counsel. You will not be entitled to be heard at the Final Fairness Hearing or to object to the Settlement, and no written objections or briefs submitted by you shall be received or considered by the Court at the Final Fairness Hearing, unless written notice of your intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs are filed with the Court and served on Class Counsel and Defense Counsel on or before _____, 2013. If you fail to file and serve timely written objections in the manner specified above, you shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

If you object through a lawyer, you will have to pay for the lawyer yourself.

EXHIBIT 2

| 16. | What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? |
|---|---|

Objecting is the way to tell the Court what you don't like about the Proposed Settlement. You can object only if you stay in the Class and don't exclude yourself.

Excluding yourself is the way to tell the Court you do not want to be a part of the Class and the Proposed Settlement, and that you want to keep the right to file your own lawsuit. If you exclude yourself, you cannot object because the Proposed Settlement no longer will affect you.

### YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT

| 17. | Can I appear or speak in this lawsuit and Proposed Settlement? |
|---|---|

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

| 18. | How can I appear in this lawsuit? |
|---|---|

If you want to participate (or have your own lawyer instead of Class Counsel participate or speak for you) in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection (see question 17 above) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information too.

Your Notice of Appearance must be signed, mailed and ***postmarked by_____, 2013***, to the Court at:

> Clerk of Court
> U.S. District Court
> Northern District of California
> [OAKLAND ADDRESS]

Copies of your Notice of Appearance must also be signed, mailed, e-mailed, or faxed and ***postmarked, or the equivalent for e-mail and facsimile, by_____, 2013***, to the same addresses for the Settlement Administrator, Counsel for the Class, and Counsel for CytoSport, appearing on page 9 of this Notice, in Question 15.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

If you do nothing:

- You will stay a member of the Class and all of the Court's orders will apply to you.
- You will receive reimbursement. You will only be eligible to receive reimbursement under the Proposed Settlement if you complete a claim form with appropriate information.
- You won't be able to sue, or join a new lawsuit against CytoSport, about the issues and claims in this lawsuit, ever again, unless you exclude yourself.

## THE LAWYERS REPRESENTING YOU

**20. Do I have a lawyer in this case?**

Yes, the Court has appointed the following law firms to represent the Class as Class Counsel:

> Baron & Budd, P.C.
> Roland Tellis
> Mark Pifko
> 15910 Ventura Boulevard, Suite 1600
> Encino, California 91436
> Telephone: 818.839.2333
> Facsimile: 818.986.9698
> E-mail: mpifko@baronandbudd.com

You will not be charged for these lawyers.

You may also consult your own lawyer at your own expense.

**21. How much will lawyers for the Class Counsel be paid and how will they be paid?**

Class Counsel will ask the Court to approve payment of attorneys' fees of no more than $1,239,625, plus up to an additional $87,500 in expenses. Class Counsel also will ask the Court to award the named class representative $6,000. Class Counsel will file their Fee Application with the Court on or before **[DATE], 2013**. CytoSport will pay the amounts awarded by the Court, up to these maximums.

## THE COURT'S FAIRNESS HEARING

**22. When and where will the Court decide whether to approve the Proposed Settlement?**

The Court will hold a Final Fairness Hearing at          on          , 2013. This hearing date may be moved, cancelled or otherwise modified, so please check the settlement website at [WEBSITE] regularly for further details. The Court is located at 1301 Clay St., Oakland, CA 94612. At this hearing, the judge will consider all objections, if any, and will consider whether the Proposed Settlement is fair, reasonable, and adequate to the Class. The judge will listen to people who have asked to speak at the hearing. The judge may also decide how much to award to Class Counsel for their fees and expenses. At or after the hearing, the judge will decide whether to approve the Proposed Settlement. We do not know how long these decisions will take.

EXHIBIT 2

| 23. | Do I have to come to the hearing? |
|---|---|

You don't have to come to the hearing. Class Counsel will answer questions the Court has. But you and/or your lawyer are welcome to come at your own expense. If you send an objection, you don't have to come to the hearing for the judge to consider it.

| 24. | Can I speak at the hearing? |
|---|---|

You can ask the Court to allow you (or your lawyer) to speak at the hearing. To do so, you or your lawyer must file a Notice of Appearance that says you wish to speak. You can find how to file a Notice of Appearance, and the due date for filing, in question 18 on page 10 of this Notice. If you submit an objection and wish to speak about it at the Final Fairness Hearing, you must include that information in your objection (see question 15 on page 9).

You cannot speak at the hearing if you exclude yourself.

**GETTING MORE INFORMATION**

| 25. | Are more details about the lawsuit and the Proposed Settlement available? |
|---|---|

This Notice only summarizes the lawsuit and Proposed Settlement. More details are in the complaints filed in these class actions and in the Settlement Stipulation. You can get copies of these documents by visiting the Proposed Settlement website, [WEBSITE].

You can also look at all of the documents filed in the lawsuit at the Office of the Clerk, United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA 94612.

| 26. | How do I get more information? |
|---|---|

You can get more information and read common questions and answers by visiting the Proposed Settlement website, [WEBSITE]or calling (###) ###-####.

101435037.2

EXHIBIT 2