BARON & BUDD, P.C.
ROLAND TELLIS, SBN 186269
rtellis@baronbudd.com
MARK PIFKO, SBN 228412
mpifko@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333
Fax: 818.986.9698

Attorneys for Plaintiff
CLAIRE DELACRUZ individually, and
on behalf of other members of the public similarly situated


GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH, SBN 196611
gnierlich@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
tloose@gibsondunn.com
MATTHEW L. BERDE, SBN 260615
mberde@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone: 415.393.8200
Fax: 415.393.8306

Attorneys for Defendant
CYTOSPORT, INC., a California Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISON

| | |
|---|---|
| CLAIRE DELACRUZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTOSPORT, INC., a California Corporation,<br><br>Defendant. | CASE NO.: 4:11-cv-03532-CW<br><br>**AMENDED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FAIRNESS HEARING** |

Upon review and consideration of the First Amended Settlement Agreement And Release, and the attachments thereto (Dkt. No. 66), and the Plaintiff's Motion for Preliminary Approval (Dkt. No. 58), which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the First Amended Settlement Agreement And Release, as well as the files, records, and proceedings to date in the Action. The definitions in the First Amended Settlement Agreement And Release are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the First Amended Settlement Agreement And Release.

2. The parties have agreed to settle the Action upon the terms and conditions set forth in the First Amended Settlement Agreement And Release, which has been filed with the Court. The First Amended Settlement Agreement And Release, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiff in the Action, by and through her counsel, has investigated the facts and law relating to the matters alleged in her complaint, including extensive pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiff, on the one hand, and counsel for CytoSport, on the other hand, occurring over approximately one year and multiple mediation sessions with two respected mediators—the Honorable Edward A. Panelli and the Honorable Carl J. West, both currently affiliated with JAMS. The settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiff and Class Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

3. The Court conditionally certifies, for settlement purposes only: a class of all persons who purchased one or more Muscle Milk® Ready-to-Drink beverages (the "RTD") and/or Muscle Milk® bars (the "Bar," together with the RTD, the "Products") at retail in the United States from July 18, 2007 through December 31, 2012 (the "Settlement Class"). Excluded from the Settlement Class

1

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION                         Case No.: 4:11-cv-03532-CW
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

are all persons who are employees, directors, officers, and/or agents of CytoSport or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

4. The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiff has retained experienced counsel to represent her; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

5. The Court appoints the law firm of Baron & Budd, P.C. as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that this law firm is competent and capable of exercising its responsibilities as Class Counsel. The Court designates named Plaintiff Claire Delacruz as the representative of the Settlement Class.

6. The Final Fairness Hearing shall be held before this Court on May 15, 2014 at 2:00 p.m. to determine whether the First Amended Settlement Agreement And Release is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time. Papers in support of final approval of the First Amended Settlement Agreement And Release and the Fee

Application shall be filed with the Court according to the schedule set forth in Paragraph 15 below. The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court. After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the First Amended Settlement Agreement And Release that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement And Release) with respect to the claims being settled.

7. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the First Amended Settlement Agreement And Release and this Order, are stayed.

8. The Court approves, as to form and content, the Long Form Notice and Summary Notice, attached as Exhibits "D" and "E," respectively, to the First Amended Settlement Agreement And Release. As soon as possible after the entry of this Order, but not later than December 12, 2013, CytoSport will coordinate with the Settlement Administrator concerning notice to the Settlement Class as follows:

(a) commencing publication on the Notice Date (as that term is defined in the First Amended Settlement Agreement) of the Summary Notice in accordance with the plan of publication described in Exhibit F to the Settlement Agreement; and, in addition, posting of the mutually agreed-upon press release described in Exhibit F on the websites of both Class Counsel and Defendant.;

(b) providing a link in the Long Form Notice and the Summary Notice to a settlement website to be designed and administered by the Settlement Administrator that will contain the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a list of important dates, and any other information to which the parties may agree; and

(c) having the Settlement Administrator contact by email all of CytoSport's customers who purchased the Products during the Class Period for whom CytoSport has valid email addresses, to provide such customers with the Summary Notice.

9. The Court finds that the Long Form Notice and Summary Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

Specifically, the Court finds that the manner of dissemination of the Long Form Notice and Summary Notice described in Paragraph 8 complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement.  The Court also finds that the manner of dissemination of the Long Form Notice and Summary Notice described in Paragraph 8 complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.  *See*, *e.g.*, *Farinella v. PayPal*, *Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009) (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd v. Retail Concepts*, *Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court approved plan disseminating notice by email, in-store posting, and website posting).

10.     Settlement Class Members will have until March 12, 2014, to submit their Claim Forms, which is due, adequate, and sufficient time.

11.     Each Settlement Class member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Putative members of the Settlement Class who wish to opt out of the settlement must send a letter by fax, U.S. mail, or e-mail in the form specified in the First Amended Settlement Agreement And Release and Long Form Notice to:  *Delacruz v. CytoSport* c/o GCG, P.O. Box 35069, Seattle, WA  98124-3508, postmarked (or the equivalent for fax or e-mail), with copies to Class Counsel and Defense Counsel, postmarked (or the equivalent for fax or e-mail) no later than March 12, 2014.  All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the First Amended Settlement Agreement And Release, should it be approved.

12.     Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the

4

proposed settlement contained in the First Amended Settlement Agreement And Release, the certification of the Settlement Class, the entry of the Final Order and Judgment, the amount of fees requested by Class Counsel, and/or the amount of the incentive awards requested by the named Plaintiffs.  Any Settlement Class Member who intends to object to the First Amended Settlement Agreement And Release must send a written objection by fax, U.S. mail, or e-mail to the Settlement Administrator, with copies to Class Counsel and Defense Counsel at the addresses set forth below, postmarked (or the equivalent for fax or e-mail) no later than March 12, 2014.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.  No Settlement Class Member shall be entitled to be heard at the Final Fairness Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court and served on Class Counsel and Defense Counsel by March 12, 2014.  Settlement Class Members who object must set forth their full name, current address, and telephone number.

<u>Settlement Administrator</u>

*Delacruz v. CytoSport*
c/o Garden City Group
P.O. BOX 35069
Seattle, WA  98124-3508

<u>Counsel for the Class</u>

Baron & Budd, P.C.
Roland Tellis
Mark Pifko
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone: 818.839.2333
Facsimile:  818.986.9698
E-mail: mpifko@baronandbudd.com

Counsel for CytoSport

Gibson, Dunn & Crutcher LLP
G. Charles Nierlich
Timothy W. Loose
Matthew L. Berde
555 Mission St., Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
E-mail: mberde@gibsondunn.com

13. Class Counsel shall file their Fee Application on or before February 25, 2014.

14. Papers in support of final approval of the First Amended Settlement Agreement And Release, and in response to objections to the Settlement Agreement And Release or the Fee Application, shall be filed with the Court on or before April 11, 2014.

15. In summary, the dates of performance are as follows:

(a) The Notice Date shall occur on or before December 12, 2014 and the notice provided in accordance with Exhibit F to the First Amended Settlement Agreement shall be completed within 45 days thereafter;

(b) Settlement Class members may submit Claim Forms or may submit requests for exclusion postmarked no later than 90 days following the Notice Date;

(c) Class Counsel shall file their Fee Application on or before 75 days following the Notice Date;

(d) All objections to the First Amended Settlement Agreement And Release and written notices of the objecting class member's intention to appear at the Final Fairness Hearing shall be filed and served no later than 90 days following the Notice Date;

(e) Papers in support of final approval of the First Amended Settlement Agreement And Release, and in response to objections to the Settlement Agreement And Release or the Fee Application, shall be filed with the Court on or before 120 days following the Notice Date; and

(f) The Final Fairness Hearing shall be held on May 15, 2014 at 2:00 p.m.

6

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING    Case No.: 4:11-cv-03532-CW

16.   These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members must check the settlement website at www.CytoSportSettlement.com regularly for updates and further details regarding extensions of these dates of performance.

17.   In the event the First Amended Settlement Agreement And Release is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the First Amended Settlement Agreement And Release, or the First Amended Settlement Agreement And Release is terminated pursuant to its terms for any reason, then the following shall apply:

(a)   All orders and findings entered in connection with the Settlement Agreement And Release shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)   The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this First Amended Settlement Agreement And Release and such findings had never been made;

(c)   Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against CytoSport or Plaintiff of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative;

(d)   Nothing in this Order or pertaining to the First Amended Settlement Agreement And Release, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case; and

(e)   All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

18.   Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other

7

capacity, shall commence or continue any action against any of the Released Parties (as that term is defined in the First Amended Settlement Agreement And Release) in any court or tribunal asserting any of the Released Claims (as that term is defined in the First Amended Settlement Agreement And Release).

19. Garden City Group, Inc. is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the First Amended Settlement Agreement And Release.

20. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the First Amended Settlement Agreement And Release, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

IT IS SO ORDERED, this 18th day of November, 2013

_____
THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE

8

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Case No.: 4:11-cv-03532-CW