# Exhibit 1

## FIRST AMENDED SETTLEMENT AGREEMENT AND RELEASE

The parties hereto, by and through their respective counsel, in consideration for and subject to the promises, terms and conditions contained in this First Amended Settlement Agreement and Release ("Settlement Agreement"), hereby agree, subject to Court approval pursuant to Federal Rule of Civil Procedure 23, as follows:

### I. RECITALS

WHEREAS, on or about July 18, 2011, Plaintiff Claire Delacruz ("Plaintiff") initiated a class action lawsuit against CytoSport, Inc. ("CytoSport," together with Plaintiff, the "Parties" and each a "Party") in the United States District Court for the Northern District of California, Case No. 4:11-cv-03532 (the "Action");

WHEREAS, Plaintiff filed the now-operative Second Amended Complaint in the Action on April 18, 2012;

WHEREAS, Plaintiff has alleged that CytoSport has falsely or misleadingly represented the nutritional attributes and healthfulness of its Muscle Milk® Ready-to-Drink protein beverage (the "RTD") and Muscle Milk® protein bar (the "Bar," together with the RTD, the "Products") by, among other things: (1) using the words "Healthy Sustained Energy" on the label of certain RTDs, (2) using the words "Healthy Fats" on the label of certain RTDs, (3) using the words "Good Carbohydrates" on the label of certain RTDs, (4) using the words "Healthy Sustained Energy" on the label of the Bars, (5) using the words "0g Trans Fat" on the label of the Bars, (6) including fractionated palm kernel oil and partially hydrogenated palm oil as ingredients in the Bars, and (7) using similar words and phrases in the advertising and marketing of the Products on CytoSport's website and in television commercials;

WHEREAS, the Second Amended Complaint asserts claims for alleged violations of California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), fraud, negligent misrepresentation, and unjust enrichment on behalf of a purported nationwide class of consumers;

WHEREAS, Plaintiff, by and through her counsel, has conducted an investigation into the facts and law relating to the matters alleged in the Action by, *inter alia*, conducting fact discovery (including the depositions of three senior CytoSport executives and the production of thousands of pages of documents) and exchanging expert reports, as well as legal research and briefing on the sufficiency of the claims in the Second Amended Complaint;

WHEREAS, Plaintiff and her counsel hereby acknowledge that in the course of their investigation they received, examined, and analyzed information, documents, products, and other items that they deem necessary and appropriate to enable them to enter into this Settlement Agreement on a fully informed basis;

WHEREAS, this Settlement Agreement was reached as a result of extensive arms-length negotiations between counsel for Plaintiff and Defense Counsel and after multiple meditation sessions with the Hon. Edward A. Panelli (ret.) and Hon. Carl J. West (ret.), both currently affiliated with JAMS;

WHEREAS, counsel for Plaintiff has considered that, if the claims asserted in the Action are not settled now by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, involve highly complex legal and factual issues relating to class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation. In light of these factors, counsel for Plaintiff and Plaintiff have concluded that it is desirable and in the best interests of Plaintiff and the members of the putative class to settle the claims asserted in the Action at this time upon the terms set forth in this Settlement Agreement;

WHEREAS, counsel for Plaintiff and Plaintiff have concluded that the settlement embodied in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the putative class;

WHEREAS, CytoSport has vigorously denied and continues to vigorously deny all of the claims and contentions alleged in the Action, denies any wrongdoing and denies any liability to Plaintiff or any members of the putative class;

SETTLEMENT AGREEMENT

WHEREAS, CytoSport has also considered the risks and potential costs of continued litigation, on the one hand, and the benefits of the proposed settlement, on the other hand, and desires to settle the Action upon the terms and conditions set forth in this Settlement Agreement;

WHEREAS, CytoSport has agreed not to oppose class action treatment of the claims alleged in the Action solely for the purpose of effecting the compromise and settlement of those claims on a class basis as set forth herein and not for any other purpose; and

NOW THEREFORE, it is hereby stipulated and agreed, by and between the Parties, through their respective counsel, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after a hearing or hearings as provided for in this Settlement Agreement; and (b) upon such approval by the Court, a Final Order and Judgment, substantially in the form attached hereto as Exhibit "B," be entered dismissing the Action with prejudice, once the Effective Date (as defined below) has been reached, all upon the following terms and conditions.

## II. DEFINITIONS

1.    "Bar Date" means the final time and date by which a Claim Form must be received by the Settlement Administrator in order for a Settlement Class Member to be entitled to any of the settlement consideration contemplated in this Settlement Agreement.

2.    "Claim Form" means the claim and release form(s) substantially in the form attached hereto as Exhibit "C," which may be modified to meet the requirements of the Claims Administrator, pursuant to which Settlement Class Members can recover one of the benefits described in Paragraphs 32 through 34.

3.    "Claim Period" means the time period from the Notice Date through the Bar Date, which is the time period that Settlement Class Members will have to claim the benefits and payments contemplated by Paragraphs 32 through 34 of this Settlement Agreement.

4.    "Class Counsel" means the law firm of Baron & Budd, P.C.

5.    "Class Period" means the period of time beginning July 18, 2007 through December 31, 2012.

6.      "Court" means the United States District Court for the Northern District of California and the Judge assigned to the Action.

7.      "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

8.      "Effective Date" means the date on which the Final Order and Judgment (defined below) in the Action becomes "Final." As used in this Settlement Agreement, "Final" means three business days after all of the following conditions have been satisfied:

(a)      The Final Order and Judgment has been entered; and

(b)      (i) if reconsideration and/or appellate review is not sought from the Final Order and Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or (ii) if reconsideration and/or appellate review is sought from the Final Order and Judgment: (A) the date on which the Final Order and Judgment is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Judgment is no longer subject to judicial review.

9.      "Final Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (c) to rule upon an application by Class Counsel for an award of attorneys' fees.

10.      "Final Order and Judgment" means an order fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit "B."

11.      "Long Form Notice" means the long form "NOTICE OF SETTLEMENT," substantially in the form attached hereto as Exhibit "D."

12.    "Notice Date" means the date that the Summary Notice is initially published in USA Today (or another newspaper, as provided in Exhibit F), and shall be within 60 days of the Court's entry of the Preliminary Approval Order.

13.    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Notice Procedures, substantially in the form attached hereto as Exhibit "A."

14.    [This paragraph intentionally left blank.]

15.    "Released Claims"

(a)    "Released Claims" means any and all claims, demands, rights, damages, obligations, suits, liens, and causes of action over every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in paragraph 47 below) as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(i)    were brought or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(ii)    relate in any way to any claim, advertisement, representation, assertion, promise, or similar statement made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness

or nutritional attributes of the Products, including but not limited to all claims that relate in any way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the use of the words "Good Carbohydrates" with respect to the Products; the calories provided by the Products; the ingredients in the Products, including but not limited to the amounts and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type; the amount and/or presence of fat or saturated fat in the Products; the amount and/or presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the Products; the amount and/or presence of protein in the Products; the marketing of the Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative beverage" and/or related statements; guidelines concerning when and/or in what quantities to use the Products; and compliance with any federal, state, or local labeling requirements with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the Products.

       (b)    "Released Claims" do not include claims for personal injury.

    16.    "Released Parties" means: CytoSport and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors; all of CytoSport's parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the development, formulation, manufacture, sale, or marketing of the Products or their labeling, packaging, or advertising.

    17.    "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their predecessors, successors, assigns, heirs, or executors.

    18.    "Settlement" means the settlement embodied in this Settlement Agreement.

    19.    "Settlement Administrator" means the qualified third party selected by the parties and approved by the Court in the Preliminary Approval Order to administer the Settlement,

SETTLEMENT AGREEMENT

including providing Summary Notice. The parties agree to recommend that the Court appoint Garden City Group as Settlement Administrator. If Garden City Group is unavailable or the parties agree otherwise, the parties may recommend a different proposed Settlement Administrator.

20.    "Settlement Class" means all persons who purchased the Products at retail in the United States during the Class Period. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of CytoSport or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

21.    "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in this Settlement Agreement, the Long Form Notice, and the Summary Notice.

22.    "Summary Notice" means the summary "Notice of Proposed Class Action Settlement," substantially in the form attached hereto as Exhibit "E."

23.    "Total Settlement Value" means the amount of $5,000,000, which is the total monetary value that the Parties ascribe to all relief, benefits, fees, costs, expenses, and any and all other expenditures to be paid by CytoSport as described herein.

### III. SUBMISSION OF THE SETTLEMENT TO THE COURT

24.    Promptly upon the signing of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court for entry of the Preliminary Approval Order, for the purpose of, among other things:

(a)    Approving the Long Form Notice and Summary Notice, substantially in the form set forth at Exhibits "D" and "E";

(b)    Finding that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiffs as the representatives of the Settlement Class, and Class Counsel as counsel for the Settlement Class, and preliminarily

approving the Settlement as being within the range of reasonableness such that the Long Form Notice and Summary Notice should be provided pursuant to this Settlement Agreement;

(c)     Scheduling the Final Fairness Hearing to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice;

(d)     Preliminarily approving the form of the Final Order and Judgment;

(e)     Directing that notice of the Settlement and of the Fairness Hearing shall be given to the Settlement Class as follows:

(i)     Publishing, starting on the Notice Date and finishing within forty-five days thereafter, the Summary Notice in accordance with the plan of publication described in Exhibit F hereto; and, in addition, that the mutually agreed-upon press release described in Exhibit F shall be posted on the websites of both Class Counsel and Defendant.

(ii)     providing a link in the Long Form Notice and the Summary Notice to a settlement website to be designed and administered by the Settlement Administrator that will contain the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a list of important dates, and any other information to which the parties may agree; and

(iii)     having the Settlement Administrator contact by email all of CytoSport's customers who purchased the Products during the Class Period for whom CytoSport has valid email addresses, to provide such customers with the Summary Notice.

(f)     Providing that Settlement Class Members will have until the Bar Date to submit Claim Forms;

(g)     Providing that any objections by any Settlement Class Member to the certification of the Settlement Class and the proposed Settlement contained in this Settlement Agreement, and/or the entry of the Final Order and Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing

only if, on or before the date(s) specified in the Long Form Notice, the Summary Notice and Preliminary Approval Order, such objector files with the Court a notice of the objector's intention to appear, and otherwise complies with the requirements in Paragraphs 67 through 68 of this Settlement Agreement;

        (h)     Establishing dates by which the parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

        (i)     Providing that all Settlement Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such members of the Settlement Class timely file valid written requests for exclusion or opt out in accordance with this Settlement Agreement and the Long Form Notice;

        (j)     Providing that Settlement Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Long Form Notice, the Summary Notice, and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator;

        (k)     Providing a procedure for Settlement Class Members to request exclusion or opt out from the Settlement, by timely mailing such request to the Settlement Administrator;

        (l)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and the Preliminary Approval Order; and

        (m)     Pending the Fairness Hearing, enjoining Plaintiffs and Settlement Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims.

    25.    Following the entry of the Preliminary Approval Order, the Long Form Notice and Summary Notice shall be given and published in the manner directed and approved by the Court.

26.    The parties agree that the notice plan contemplated by this Settlement Agreement is valid and effective, that it provides reasonable notice to the Settlement Class, and that it represents the best practicable notice under the circumstances.

### IV. THE SETTLEMENT CONSIDERATION

**A.    Injunctive Relief**

27.    No later than forty-five days following the Effective Date, CytoSport will implement the following changes with respect to the Products:

(a)    CytoSport will cease to use the words "Healthy, Sustained Energy" on the Principal Display Panel on the newly printed packaging of any of the Products; and

(b)    CytoSport will cease to use the words "Healthy Fats" on newly printed packaging of the RTD Product; provided, however that CytoSport may use the term "Healthy Fats" on the packaging of the RTD Product or any related product so long as (i) such product contains fewer than 0.5 grams of saturated fat per serving, or (ii) CytoSport also includes the words "See nutrition information for saturated fat content" in connection with the words "Healthy Fats."

28.    CytoSport may continue to use any labels printed earlier than forty-five days following the Effective Date, regardless of whether those labels comply with the restrictions set forth in the preceding paragraph, until seventy-five days following the Effective Date. After seventy-five days after the Effective Date, CytoSport may only use labels that comply with the restrictions set forth in the preceding paragraph on any new Products manufactured after that date.

29.    Nothing in this Settlement Agreement shall be construed to require CytoSport to relabel any Product manufactured on or before seventy-five days after the Effective Date, even if it is not sold until after that date.

30.    CytoSport shall be required to abide by the requirements in the Paragraphs 27(a)-(b) for no longer than three years following the Effective Date.

31.     The Parties hereby agree that the monetary value of the injunctive relief described in paragraphs 27-28 herein is $1,000,000 (such amount the "Agreed Injunctive Relief Value").

**B.      Monetary Relief**

32.     The Available Monetary Relief shall consist of the total sum of $1,000,000. CytoSport will contribute the Available Monetary Relief for distribution to eligible Settlement Class Members who purchased the Products in the United States during the class period, and the remaining amount, if any, in *cy pres* to the American Heart Association as follows:

(a)     A Settlement Class Member will be entitled to receive $30.00 total for his or her purchases of the Products during the Class Period. To be eligible for the amount described in the preceding sentence, such Settlement Class Member must complete a Claim Form and provide his or her name, email address, and mailing address. Such Settlement Class Member must also submit a signed attestation form in which he or she describes, under penalty of perjury, which of the Products he or she purchased during the Class Period and the location of such purchases.

(b)     If the aggregate value of the claims made pursuant to this paragraph 32(a) does not exceed $1,000,000, then CytoSport will pay the difference between the aggregate amount of such claims and the sum of $1,000,000 as follows:

(i) First, the amount to be paid to each Settlement Class Member who completed a Claim Form shall be increased on a *pro rata* basis, up to the $1,000,000 aggregate total of Available Monetary Relief, so that each claimant may receive up to $60.00.

(ii) Next, if the total payments made to the Settlement Class Members who completed a Claim Form pursuant to paragraphs 32(a) and 32(b)(i) does not exceed the Available Monetary Relief, then CytoSport shall pay any remaining Available Monetary Relief to the American Heart Association as a *cy pres* donation.

      (c)     If the total payments made to Settlement Class Members who completed a Claim Form exceeds the Available Monetary Relief, then the amount to be paid to each Settlement Class Member shall be reduced on a *pro rata* basis such that the aggregate value of all such claims equals the Available Monetary Relief.

     33.     In no event shall CytoSport be required to pay any amount greater than the Available Monetary Relief for payments pursuant to paragraph 32. CytoSport shall provide funds to be paid to each Settlement Class Member who submitted a valid Claim Form, as described in paragraphs 32(a) and 32(b)(i), to the settlement administrator no later than 30 days after the Effective Date. The settlement administrator shall then take reasonable steps to promptly distribute the funds to Settlement Class Members who submitted a valid Claim Form. CytoSport shall provide funds to the settlement administrator no later than 180 after the Effective Date for any payments made to the American Heart Association pursuant to paragraph 32(b)(ii).

## C.    Balance of the Total Settlement Value

     34.     A Balance of the Total Settlement Value shall be calculated as the Total Settlement Value less the following: (i) the Agreed Injunctive Relief Value (*i.e.*, $1,000,000); (ii) distributions to Settlement Class Members and the American Heart Association in accordance with paragraph 32 (*i.e.*, $1,000,000); (iii) payments to Class Counsel and the Class Representative as described in paragraphs 38-44, herein; and (v) all costs of providing notice to the Settlement Class and administering the settlement, including but not limited to the administration of the settlement described in paragraphs 51-66, herein.

     35.     If the Balance of the Total Settlement Value is greater than zero, then such amount shall be distributed in the form of distributions of current inventory, relabeled Muscle Milk® Light products, or other products with a similar nutrient profile, as follows: at charitable athletic events focused on health-related topics (*e.g.*, running events affiliated with cancer or heart disease prevention organizations, such as the Susan G. Komen Race for the Cure), according to a plan approved by the Court, which shall be submitted to the Court by the Parties in connection with the hearing on Final Approval of this Settlement Agreement. The products to

be distributed pursuant to this paragraph must be labeled consistently with the requirements of paragraphs 27-30 above. The products to be distributed must also have at least three months of valid use before the expiration date shown on the products, as of the date that the products are shipped to the intended beneficiaries. The value of any products distributed pursuant to this paragraph shall be measured exclusively according to the retail value of such products. The distribution of products contemplated by this paragraph shall occur over a period of three years following the Effective Date. The products distributed pursuant to this paragraph shall be in addition to any other charitable donations planned by CytoSport, and CytoSport shall not seek a tax deduction for such product donations.

36.     In no event shall CytoSport be obligated to pay or disburse pursuant to this Settlement Agreement an amount in excess of the Total Settlement Value less the Agreed Injunctive Relief Value.

## V. ATTORNEYS FEE-AND-EXPENSE AWARD AND CLASS
## REPRESENTATIVE AWARD

37.     Class Counsel may petition the Court for an award of attorneys' fees, costs, and expenses pursuant to California Civil Procedure Code Section 1021.5. For purposes of this Settlement Agreement And Release only, CytoSport does not oppose, and will not encourage or assist a third party in opposing, Class Counsel's request for attorneys' fees and costs totaling $1,187,500; nor does CytoSport contest the reasonableness of the amount; nor does CytoSport contest Plaintiff's and Class Counsel's assertion that they have conferred a benefit on the public in prosecuting and settling the Action. .

38.     Subject to Court approval, CytoSport will pay Class Counsel the attorneys' fees and costs and expenses, as ordered by the Court. Such payment by CytoSport will be in lieu of any statutory fees Plaintiff and/or Class Counsel might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action. Class Counsel will not seek in excess of $1,187,500 for attorneys' fees and costs and expenses and, in any event, Plaintiffs and Class Counsel agree that CytoSport shall not pay, or be obligated to

pay, in excess of $1,187,500 for attorneys' fees and costs, all of which funds shall be paid from the Total Settlement Value.

39.     Class Counsel and Plaintiff will ask the court for the payment of a stipend from CytoSport to Plaintiff in the amount of $5,000, such amount to be deemed a portion of the Total Settlement Value. CytoSport will not oppose this request by Class Counsel and Plaintiff for the stipend payment. Class Counsel and Plaintiff will not seek in excess of $5,000 in stipend payments and, in any event, Plaintiff and Class Counsel agree that CytoSport shall not pay, or be obligated to pay, in excess of $5,000 in stipend payments.

40.     Plaintiff and Class Counsel, and each of them, agree that upon CytoSport's compliance with the terms and conditions of this Settlement Agreement, CytoSport will forever and finally have satisfied all of its obligations to Plaintiff and/or Class Counsel, or any of them, concerning payment of attorneys' fees, costs and expenses in the Action, and will forever and finally be absolved, released and discharged of any liability whatsoever to Plaintiff and/or Class Counsel, or any of them, concerning attorneys' fees in the Action. It is further agreed that under no circumstances will Class Counsel, or any of them, sue CytoSport for, or because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Settlement Agreement. Under no circumstances will CytoSport be liable to Class Counsel, or any of them, for, because of, relating to, concerning or as a result of any payment or allocation of attorneys' fees made in accordance with this Settlement Agreement; and Class Counsel, and each of them, release CytoSport from any and all claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Stipulation and Settlement. CytoSport shall have no responsibility for any taxes associated with the attorneys' fees, costs, and expenses paid by CytoSport pursuant to this Settlement Agreement.

41.     CytoSport shall pay fifty percent (50%) of the attorneys' fees and expenses, awarded by the Court, by wire to a financial institution of Class Counsel's choosing within 30 days after the Effective Date. CytoSport shall pay the remaining fifty percent (50%) of such

attorneys' fees and expenses, awarded by the Court, by wire to a financial institution of Class Counsel's choosing in four equal monthly payments, subject to Plaintiff's and Class Counsel's compliance with the terms of the Settlement Agreement. Class Counsel shall provide sufficient wiring instructions to Defense Counsel at least ten business days before such payment is due.

42.    CytoSport shall pay the stipend to Plaintiff described in paragraph 40 herein in accordance with Plaintiff's instructions within 30 days following the Effective Date.

43.    The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel or for any stipend payments to be paid to Plaintiffs are not part of the settlement of the Released Claims as set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees or stipends, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to any of them or reversal or modification of any of them, shall not operate to terminate or cancel this Settlement Agreement or otherwise affect or delay the finality of the Final Order and Judgment or the Settlement.

## VI. RELEASES AND DISMISSAL OF ACTION

44.    Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

45.    Members of the Settlement Class who have opted out of the Settlement by the date set by the Court do not release their claims and will have no right to obtain any benefits of the Settlement.

46.    The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Settlement Class Members hereby expressly,

knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section. Settlement Class Members are not releasing any claims for personal injury. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

47.     Upon the Effective Date, the Action shall be dismissed with prejudice. Class Counsel shall have the responsibility for ensuring that the Action is timely dismissed with prejudice in accordance with the terms of this Settlement Agreement.

48.     The Court shall retain jurisdiction over the Parties to this Settlement Agreement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

49.     Upon the Effective Date: (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members; and (b) the Settlement Class Members shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

### VII.  ADMINISTRATION OF THE SETTLEMENT

50.     Within 30 days after the entry of the Preliminary Approval Order, CytoSport will coordinate with the Settlement Administrator to provide notice to the Settlement Class as provided in this Settlement Agreement.

51.     Because the names, e-mail addresses, and other personal information about Settlement Class Members will be provided to the Settlement Administrator by the Settlement Class Members for purposes of providing payments and processing opt out requests, the Settlement Administrator will execute a non-disclosure agreement with CytoSport and will take all reasonable steps to ensure that any information provided to it by Settlement Class Members will be used solely for the purpose of effecting this Settlement.  Any such information provided to the Settlement Administrator will not be provided to Plaintiff or Class Counsel; however, Class Counsel will designate one attorney who may inspect such information upon his or her execution of, and subject to, the terms of the non-disclosure agreement.

52.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall:

(a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Settlement Agreement or by court order; and

SETTLEMENT AGREEMENT

(b)      Receive opt out and other requests from members of the Settlement Class
to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a
copy thereof within three days of receipt. If the Settlement Administrator receives any exclusion
forms or other requests from Settlement Class Members to exclude themselves from the
Settlement after the deadline for the submission of such forms and requests, the Settlement
Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

53.      CytoSport will reimburse the Settlement Administrator for reasonable costs, fees,
and expenses of providing notice to the Settlement Class and administering the Settlement in
accordance with this Settlement Agreement, and such funds shall be drawn from the Total
Settlement Value. The Parties specifically agree that CytoSport shall not be liable for the costs,
fees, and expenses of providing notice to the Settlement Class and administering the Settlement
above and beyond the funds available included in the Total Settlement Value. The Parties agree
that if the costs, fees and expense of providing notice to the Settlement Class and administering
the Settlement in accordance with this Settlement Agreement exceed $307,500, then CytoSport
shall be entitled to deduct the next $42,500 from the payment of attorneys' fees and costs
awarded by the Court, but CytoSport shall be solely responsible for any notice and claims
administration costs that exceed $350,000. By way of example, if notice and claims
administration costs total $500,000, then CytoSport shall pay the Settlement Administrator the
total sum of $500,000, but shall deduct the sum of $42,500 from the payment of attorneys' fees
and costs awarded by the Court leaving the sum of $1,145,000 owed to Plaintiff's counsel (*i.e.*
$1,187,500 - $42,500 = $1,145,000) (all of which payments shall be deducted from the Total
Settlement Value).

54.      Each Settlement Class Member shall submit a Claim Form, to be completed in
hard copy or on-line, listing each of the Products purchased. When requested in the Claim Form,
the Claim Form shall be signed under penalty of perjury. Claim Forms will be: (a) included on
the settlement website to be designed and administered by the Settlement Administrator; and (b)

made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order.

55.     Any Settlement Class Member who, in accordance with the terms and conditions of this Settlement Agreement, neither seeks exclusion from the Settlement Class nor files a Claim Form will not be entitled to receive any payments, benefit, or any other relief pursuant to this Settlement Agreement, but will be bound together with all Settlement Class Members by all of the terms of this Settlement Agreement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

56.     Claim Forms that do not meet the requirements set forth in this Settlement Agreement and in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

(a)     The Settlement Class Member seeks payment for products that are not covered by the terms of this Settlement Agreement;

(b)     Failure to fully complete and/or sign the Claim Form;

(c)     Illegible Claim Form;

(d)     The Settlement Class Member cannot identify which of the Products he or she purchased;

(e)     The Claim Form is fraudulent;

(f)     The Claim Form is duplicative of another Claim Form;

(g)     The person submitting the Claim Form is not a Settlement Class Member;

(h)     Failure to submit a Claim Form by the Bar Date; and/or

(i)     The Claim Form otherwise does not meet the requirements of this Settlement Agreement.

57.     The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Settlement Agreement.  Each Claim Form shall be submitted to and

reviewed by the Settlement Administrator, who shall determine in accordance with the terms and conditions of this Settlement Agreement the extent, if any, to which each claim shall be allowed. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, maintaining a record of each and every payment made to a Settlement Class Member.

58.     Claim Forms that do not meet the terms and conditions of this Settlement Agreement shall be rejected by the Settlement Administrator. The Settlement Administrator shall notify the Settlement Class Member through the email address provided in the Claim Form of the rejection. Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Settlement Class Members.

59.     No person shall have any claim against CytoSport, Defense Counsel, Plaintiff, Plaintiff's counsel, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations or distributions made in accordance with this Settlement Agreement. This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Settlement Agreement.

60.     Any Settlement Class Member who fails to submit a Claim Form by the Bar Date shall be forever barred from receiving any benefit pursuant to this Settlement Agreement, but shall in all other respects be bound by all of the terms of this Settlement Agreement including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning any of the Released Claims. Where an attestation form is required to be submitted as part of the Claim Form, the Claim Form will be deemed to have been submitted only when the attestation form is postmarked, if received with a postmark, or equivalent mark by a courier company indicated on the envelope or mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Claim Form. In all other cases, including the submission of claims on-line, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

61.     Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

62.     The Settlement Administrator shall distribute payments to eligible Settlement Class Members on a date that occurs only after the Effective Date.

63.     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Settlement Agreement.

64.     All notification duties imposed by 28 U.S.C. § 1715 shall be borne by CytoSport, including the corresponding expenses, and shall be separate and in addition to any other obligation imposed herein.

65.     CytoSport and the Released Parties are not and will not be obligated to compute, estimate, or pay any taxes on behalf of any Plaintiff, any Settlement Class Member, Plaintiff's counsel, Class Counsel, and/or the Settlement Administrator.

## VIII.  OBJECTIONS AND OPT-OUTS BY SETTLEMENT CLASS MEMBERS

66.     Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must send a written objection by fax, U.S. mail, or e-mail to the Settlement Administrator and send by U.S. mail or e-mail a copy to Class Counsel and Defense Counsel at the address set forth below postmarked no later than the date specified in the Preliminary Approval Order.  Settlement Class Members who object must set forth their full name, current address, and telephone number.  Objections must be served:

Upon Class Counsel at:

BARON & BUDD, P.C.
ROLAND TELLIS
MARK PIFKO
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: 818.839.2333
Facsimile: 818.986.9698
E-mail: mpifko@baronandbudd.com

Upon CytoSport at:

GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH
TIMOTHY W. LOOSE
MATTHEW L. BERDE
555 Mission St., Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
E-mail: mberde@gibsondunn.com

67.     Objecting class members must state in writing all objections and the reasons for each objection, and state whether the objecting class member intends to appear at the Fairness Hearing either with or without separate counsel. No member of the Settlement Class shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court and served on Class Counsel and Defense Counsel on or before the date specified in the Preliminary Approval Order. Members of the Settlement Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

68.     Members of the Settlement Class may elect to opt out of the settlement, relinquishing their rights to benefits hereunder. Members of the Settlement Class who opt out of the Settlement will not release their claims pursuant to this Settlement Agreement. Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator by fax, U.S. Mail, or e-mail a letter including their name, address, and telephone number and providing a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement. Any request for exclusion or opt out must be postmarked on or before the opt out deadline provided in the Court's Preliminary Approval Order. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

69.     Any member of the Settlement Class who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

70.     Not later than three business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests.  Notwithstanding any other provision of this Settlement Agreement, if more than 1,000 members of the Settlement Class opt out of the Settlement, CytoSport, in its sole discretion, may rescind and revoke the entire Settlement and this Settlement Agreement, thereby rendering the Settlement null and void in its entirety, by sending written notice that CytoSport revokes the settlement pursuant to this paragraph to Class Counsel within 10 business days following the date the Settlement Administrator informs CytoSport of the number of Settlement Class members who have requested to opt out of the Settlement pursuant to the provisions set forth above.

71.     On the date set forth in the Preliminary Approval Order, a Final Fairness Hearing shall be conducted to determine final approval of the Settlement.  Upon final approval of the Settlement by the Court at or after the Final Fairness Hearing, the parties shall present the Final Order and Judgment, substantially in the form attached to this Settlement Agreement as Exhibit "B," to the Court for approval and entry.

## IX.  SCOPE AND EFFECT OF CERTIFICATION OF SETTLEMENT CLASS
### AND RELEASE OF CLAIMS

72.     For purposes of settlement only, the parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "A") granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order and Judgment, and appointing Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class.

73.     CytoSport does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action. If this Settlement Agreement is

terminated pursuant to its terms, or the Effective Date for any reason does not occur, the order
certifying the Settlement Class for purposes of effectuating this Settlement Agreement, and all
preliminary and/or final findings regarding that class certification order, shall be automatically
vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement
Class had never been certified pursuant to this Settlement Agreement and such findings had
never been made, and the Action shall return to the procedural status quo in accordance with this
paragraph.

74.     In the event the terms or conditions of this Settlement Agreement, other than
terms pertaining to attorneys' fees, costs, expenses, and/or stipend payments, are materially
modified by any court, either party in its sole discretion to be exercised within 14 days after such
a material modification may declare this Settlement Agreement null and void. For purposes of
this paragraph, material modifications include but are not limited to any modifications to the
definitions of the Settlement Class, Settlement Class Members, or Released Claims, changes to
the notice plan described in Paragraph 24, and/or any modifications to the terms of the settlement
consideration described in Paragraphs 27 through 34.

## X. SETTLEMENT NOT EVIDENCE AGAINST PARTIES

75.     The provisions contained in this Settlement Agreement are not and shall not be
deemed a presumption, concession or admission by CytoSport of any default, liability or
wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or
proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in
evidence or otherwise used by any person in the Action, or in any other action or proceeding,
whether civil, criminal or administrative. CytoSport does not admit that it or any of the Released
Parties has or have engaged in any illegal or wrongful activity or that any person has sustained
any damage by reason of any of the facts complained of in the Action. CytoSport does not
consent to certification of the Settlement Class for any purpose other than to effectuate the
Settlement of the Action.

## XI. BEST EFFORTS

76.     Class Counsel shall take all necessary actions to accomplish approval of the Settlement, notice, and dismissal of the Action. The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

77.     Each party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

## XII. MISCELLANEOUS PROVISIONS

78.     The parties agree that the recitals are contractual in nature and form a material part of this Settlement Agreement.

79.     This Settlement Agreement and its accompanying Exhibits set forth the entire understanding of the parties. No change or termination of this Settlement Agreement shall be effective unless in writing and signed by Class Counsel and Defense Counsel. Any and all previous agreements and understandings between or among the parties regarding the subject matter of this Settlement Agreement, whether written or oral, and including but not limited to the settlement agreement previously signed by the parties, are superseded by this Settlement Agreement.

80.     This Settlement Agreement and the Settlement contemplated herein shall be governed by, and construed in accordance with, the laws of the State of California, without regard to conflict of laws principles.

81.     All of the parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have

been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

82.     The waiver by any Party of a breach of any term of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party. The failure of a Party to insist upon strict adherence to any provision of the Settlement Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

83.     The headings in this Settlement Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

84.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. The date of execution shall be the latest date on which any Party signs the Settlement Agreement.

85.     This Settlement Agreement has been negotiated among and drafted by Class Counsel and Defense Counsel. To the extent there is any uncertainty or ambiguity in this Settlement Agreement, none of the Parties will be deemed to have caused any such uncertainty or ambiguity. Accordingly, this Settlement Agreement should not be construed favor of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 shall not apply to the construction or interpretation of this Settlement Agreement.

86.     Except as specifically provided in this Settlement Agreement, the Parties and/or their counsel will not issue any press release or make other public statements regarding the Settlement or the Action without the prior written approval of all Parties, other than to state that the Action "has been resolved."

87.     The Parties believe that this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: May ___, 2013

By: _____
        Claire Delacruz

DATED: May ___, 2013

BARON & BUDD, P.C.
ROLAND TELLIS
MARK PIFKO

By: _____
        Roland Tellis

Attorneys for Plaintiff,
Claire Delacruz

DATED: May ___, 2013

CYTOSPORT, INC.

By: _____
        Bobbie White

DATED: May ___, 2013

GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH
TIMOTHY W. LOOSE
MATTHEW L. BERDE

By: _____
        G. Charles Nierlich

Attorneys for Defendant,
CYTOSPORT, INC.

---

SETTLEMENT AGREEMENT

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

DATED: May____, 2013

By: _____
     Claire Delacruz

DATED: May____, 2013       BARON & BUDD, P.C.
                         ROLAND TELLIS
                         MARK PIFKO

By: _____
     Roland Tellis

Attorneys for Plaintiff,
Claire Delacruz

DATED: May 8, 2013       CYTOSPORT, INC.

By: _____
     Bobbie White

DATED: May 8, 2013       GIBSON, DUNN & CRUTCHER LLP
                         G. CHARLES NIERLICH
                         TIMOTHY W. LOOSE
                         MATTHEW L. BERDE

By: _____
     G. Charles Nierlich

Attorneys for Defendant,
CYTOSPORT, INC.

# EXHIBIT A

1   BARON & BUDD, P.C.
    ROLAND TELLIS, SBN 186269
2   rtellis@baronbudd.com
    MARK PIFKO, SBN 228412
3   mpifko@baronbudd.com
    15910 Ventura Boulevard, Suite 1600
4   Encino, CA 91436
    Telephone: 818.839.2333
5   Fax: 818.986.9698

6   Attorneys for Plaintiff
    CLAIRE DELACRUZ individually, and
7   on behalf of other members of the public similarly situated

8
    GIBSON, DUNN & CRUTCHER LLP
9   G. CHARLES NIERLICH, SBN 196611
    gnierlich@gibsondunn.com
10  TIMOTHY W. LOOSE, SBN 241037
    tloose@gibsondunn.com
11  MATTHEW L. BERDE, SBN 260615
    mberde@gibsondunn.com
12  555 Mission Street, Suite 3000
    San Francisco, CA  94105-2933
13  Telephone: 415.393.8200
    Fax: 415.393.8306
14
    Attorneys for Defendant
15  CYTOSPORT, INC., a California Corporation

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                           OAKLAND DIVISON

19

20  CLAIRE DELACRUZ, individually, and on        CASE NO.: 4:11-cv-03532-CW
    behalf of other members of the general public
21  similarly situated,                          AMENDED [PROPOSED] ORDER
                                                  PRELIMINARILY APPROVING CLASS
22                    Plaintiff,                  ACTION SETTLEMENT, PROVISIONALLY
                                                  CERTIFYING A NATIONWIDE
23          v.                                    SETTLEMENT CLASS, APPROVING
                                                  PROPOSED NOTICE, AND SCHEDULING
24  CYTOSPORT, INC., a California                 FAIRNESS HEARING
    Corporation,
25
    Defendant.
26

27

28

1     Upon review and consideration of the First Amended Settlement Agreement And Release, and

2 the attachments thereto (Dkt. No. 66), and the Plaintiff's Motion for Preliminary Approval (Dkt. No.

3 58), which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED

4 as follows:

5     1.    The Court has carefully reviewed the First Amended Settlement Agreement And

6 Release, as well as the files, records, and proceedings to date in the Action. The definitions in the

7 First Amended Settlement Agreement And Release are hereby incorporated as though fully set forth

8 in this Order, and capitalized terms shall have the meanings attributed to them in the First Amended

9 Settlement Agreement And Release.

10     2.    The parties have agreed to settle the Action upon the terms and conditions set forth in

11 the First Amended Settlement Agreement And Release, which has been filed with the Court. The

12 First Amended Settlement Agreement And Release, including all exhibits thereto, is preliminarily

13 approved as fair, reasonable, and adequate. Plaintiff in the Action, by and through her counsel, has

14 investigated the facts and law relating to the matters alleged in her complaint, including extensive

15 pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the claims, and an

16 evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was

17 reached as a result of extensive arm's length negotiations between counsel for Plaintiff, on the one

18 hand, and counsel for CytoSport, on the other hand, occurring over approximately one year and

19 multiple mediation sessions with two respected mediators—the Honorable Edward A. Panelli and the

20 Honorable Carl J. West, both currently affiliated with JAMS. The settlement confers substantial

21 benefits upon the Settlement Class, particularly in light of the damages that Plaintiff and Class

22 Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties,

23 delays, and other risks associated with continued litigation, trial, and/or appeal.

24     3.    The Court conditionally certifies, for settlement purposes only: a class of all persons

25 who purchased one or more Muscle Milk® Ready-to-Drink beverages (the "RTD") and/or Muscle

26 Milk® bars (the "Bar," together with the RTD, the "Products") at retail in the United States from July

27 18, 2007 through December 31, 2012 (the "Settlement Class"). Excluded from the Settlement Class

28

1

1   are all persons who are employees, directors, officers, and/or agents of CytoSport or its subsidiaries

2   and affiliated companies, as well as the Court and its immediate family and staff.

3          4.      The Court conditionally finds, for settlement purposes only and conditioned upon the

4   entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that

5   the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil

6   Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous

7   that joinder of all members thereof is impracticable; (b) there are questions of law and fact common

8   to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class

9   they seek to represent for purposes of settlement; (d) the Plaintiff has fairly and adequately

10  represented the interests of the Settlement Class and will continue to do so, and the Plaintiff has

11  retained experienced counsel to represent her; (e) for purposes of settlement, the questions of law and

12  fact common to the Settlement Class Members predominate over any questions affecting any

13  individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to

14  the other available methods for the fair and efficient adjudication of the controversy.  The Court also

15  concludes that, because this Action is being settled rather than litigated, the Court need not consider

16  manageability issues that might be presented by the trial of a nationwide class action involving the

17  issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these

18  findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a

19  nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

20         5.      The Court appoints the law firm of Baron & Budd, P.C. as counsel for the Class

21  ("Class Counsel").  For purposes of these settlement approval proceedings, the Court finds that this

22  law firm is competent and capable of exercising its responsibilities as Class Counsel.  The Court

23  designates named Plaintiff Claire Delacruz as the representative of the Settlement Class.

24         6.      The Final Fairness Hearing shall be held before this Court on          , at          , to

25  determine whether the First Amended Settlement Agreement And Release is fair, reasonable, and

26  adequate and should receive final approval.  The Court will rule on Class Counsel's application for an

27  award of attorneys' fees, costs, and expenses (the "Fee Application") at that time.  Papers in support

28  of final approval of the First Amended Settlement Agreement And Release and the Fee Application

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING          Case No.: 4:11-cv-03532-CW

1  shall be filed with the Court according to the schedule set forth in Paragraph 15 below. The Final

2  Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further

3  notice to the Settlement Class. After the Final Fairness Hearing, the Court may enter a Final Order

4  and Judgment in accordance with the First Amended Settlement Agreement And Release that will

5  adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement And

6  Release) with respect to the claims being settled.

7       7.       Pending the Final Fairness Hearing, all proceedings in the Action, other than

8  proceedings necessary to carry out or enforce the terms and conditions of the First Amended

9  Settlement Agreement And Release and this Order, are stayed.

10      8.       The Court approves, as to form and content, the Long Form Notice and Summary

11  Notice, attached as Exhibits "D" and "E," respectively, to the First Amended Settlement Agreement

12  And Release. As soon as possible after the entry of this Order, but not later than sixty (60) days after

13  the entry of this Order, CytoSport will coordinate with the Settlement Administrator concerning

14  notice to the Settlement Class as follows:

15           (a)       commencing publication on the Notice Date (as that term is defined in the First

16  Amended Settlement Agreement) of the Summary Notice in accordance with the plan of publication

17  described in Exhibit F to the Settlement Agreement; and, in addition, posting of the mutually agreed-

18  upon press release described in Exhibit F on the websites of both Class Counsel and Defendant.;

19           (b)       providing a link in the Long Form Notice and the Summary Notice to a

20  settlement website to be designed and administered by the Settlement Administrator that will contain

21  the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a

22  list of important dates, and any other information to which the parties may agree; and

23           (c)       having the Settlement Administrator contact by email all of CytoSport's

24  customers who purchased the Products during the Class Period for whom CytoSport has valid email

25  addresses, to provide such customers with the Summary Notice.

26      9.       The Court finds that the Long Form Notice and Summary Notice are reasonable, that

27  they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that

28  they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

3

1    Specifically, the Court finds that the manner of dissemination of the Long Form Notice and Summary

2    Notice described in Paragraph 8 complies with Rule 23(e) of the Federal Rules of Civil Procedure as

3    it is a reasonable manner of providing notice to those Settlement Class Members who would be

4    bound by the settlement.  The Court also finds that the manner of dissemination of the Long Form

5    Notice and Summary Notice described in Paragraph 8 complies with Rule 23(c)(2), as it is also the

6    best practicable notice under the circumstances, provides individual notice to all Settlement Class

7    Members who can be identified through a reasonable effort, and is reasonably calculated, under all

8    the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the

9    terms of the settlement, and their right to object to the settlement or exclude themselves from the

10   Settlement Class.  *See, e.g., Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009)

11   (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand*

12   *Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd*

13   *v. Retail Concepts, Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court

14   approved plan disseminating notice by email, in-store posting, and website posting).

15          10.     Settlement Class Members will have until              , to submit their Claim Forms,

16   which is due, adequate, and sufficient time.

17          11.     Each Settlement Class member who wishes to be excluded from the Settlement Class

18   and follows the procedures set forth in this Paragraph shall be excluded.  Putative members of the

19   Settlement Class who wish to opt out of the settlement must send a letter by fax, U.S. mail, or e-mail

20   in the form specified in the First Amended Settlement Agreement And Release and Long Form

21   Notice to:  *Delacruz v. CytoSport* c/o GCG, P.O. Box 35069, Seattle, WA  98124-3508,

22   , postmarked (or the equivalent for fax or e-mail), with copies to Class Counsel and Defense Counsel,

23   postmarked (or the equivalent for fax or e-mail) no later than              .  All persons or entities who

24   properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish

25   their rights to benefits with respect to the First Amended Settlement Agreement And Release, should

26   it be approved.

27          12.     Any member of the Settlement Class who has not timely submitted a written request

28   for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the

4

1 proposed settlement contained in the First Amended Settlement Agreement And Release, the

2 certification of the Settlement Class, the entry of the Final Order and Judgment, the amount of fees

3 requested by Class Counsel, and/or the amount of the incentive awards requested by the named

4 Plaintiffs. Any Settlement Class Member who intends to object to the First Amended Settlement

5 Agreement And Release must send a written objection by fax, U.S. mail, or e-mail to the Settlement

6 Administrator, with copies to Class Counsel and Defense Counsel at the addresses set forth below,

7 postmarked (or the equivalent for fax or e-mail) no later than         . Settlement Class Members

8 who fail to file and serve timely written objections in the manner specified above shall be deemed to

9 have waived all objections and shall be foreclosed from making any objection (whether by appeal or

10 otherwise) to the settlement. No Settlement Class Member shall be entitled to be heard at the Final

11 Fairness Hearing (whether individually or through separate counsel) or to object to the settlement,

12 and no written objections or briefs submitted by any Settlement Class Member shall be received or

13 considered by the Court at the Final Fairness Hearing, unless written notice of the objecting class

14 member's intention to appear at the Final Fairness Hearing and copies of any written objections

15 and/or briefs shall have been filed with the Court and served on Class Counsel and Defense Counsel

16 by         . Settlement Class Members who object must set forth their full name, current

17 address, and telephone number.

18                    Settlement Administrator

19          *Delacruz v. CytoSport*
            c/o Garden City Group
20          P.O. BOX 35069
21          Seattle, WA  98124-3508

22          Counsel for the Class

23          Baron & Budd, P.C.
            Roland Tellis
24          Mark Pifko
25          15910 Ventura Boulevard, Suite 1600
            Encino, California  91436
26          Telephone: 818.839.2333
            Facsimile:  818.986.9698
27          E-mail: mpifko@baronandbudd.com

28

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION                    Case No.: 4:11-cv-03532-CW
SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Counsel for CytoSport

Gibson, Dunn & Crutcher LLP
G. Charles Nierlich
Timothy W. Loose
Matthew L. Berde
555 Mission St., Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
E-mail: mberde@gibsondunn.com

13.     Class Counsel shall file their Fee Application on or before              .

14.     Papers in support of final approval of the First Amended Settlement Agreement And Release, and in response to objections to the Settlement Agreement And Release or the Fee Application, shall be filed with the Court on or before              .

15.     In summary, the dates of performance are as follows:

(a)     The Notice Date shall occur within sixty (60) days after the entry of this Order and the notice provided in accordance with Exhibit F to the First Amended Settlement Agreement shall be completed within 45 days thereafter;

(b)     Settlement Class members may submit Claim Forms or may submit requests for exclusion postmarked no later than 90 days following the Notice Date;

(c)     Class Counsel shall file their Fee Application on or before 75 days following the Notice Date;

(d)     All objections to the First Amended Settlement Agreement And Release and written notices of the objecting class member's intention to appear at the Final Fairness Hearing shall be filed and served no later than 90 days following the Notice Date;

(e)     Papers in support of final approval of the First Amended Settlement Agreement And Release, and in response to objections to the Settlement Agreement And Release or the Fee Application, shall be filed with the Court on or before 120 days following the Notice Date; and

(f)     The Final Fairness Hearing shall be held on              , at              .

6

Case4:11-cv-0.   2-CW   Document67-1   Filed05/08/.   Page38 of 73

16.     These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members must check the settlement website at www.CytoSportSettlement.com regularly for updates and further details regarding extensions of these dates of performance.

17.     In the event the First Amended Settlement Agreement And Release is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the First Amended Settlement Agreement And Release, or the First Amended Settlement Agreement And Release is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement Agreement And Release shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this First Amended Settlement Agreement And Release and such findings had never been made;

(c)     Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against CytoSport or Plaintiff of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative;

(d)     Nothing in this Order or pertaining to the First Amended Settlement Agreement And Release, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case; and

(e)     All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

7

18.     Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence or continue any action against any of the Released Parties (as that term is defined in the First Amended Settlement Agreement And Release) in any court or tribunal asserting any of the Released Claims (as that term is defined in the First Amended Settlement Agreement And Release).

19.     Garden City Group, Inc. is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the First Amended Settlement Agreement And Release.

20.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the First Amended Settlement Agreement And Release, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

IT IS SO ORDERED, this __ day of _____, 2013

_____
THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT B

BARON & BUDD, P.C.
ROLAND TELLIS, SBN 186269
rtellis@baronbudd.com
LAURA BAUGHMAN, SBN 263944
lbaughman@baronbudd.com
MARK PIFKO, SBN 228412
mpifko@baronbudd.com
1999 Avenue of the Stars, Suite 3450
Los Angeles, CA 90067
Telephone: 310.860.0476
Fax: 310.860.0480

Attorneys for Plaintiff
CLAIRE DELACRUZ individually, and
on behalf of other members of the public similarly situated

GIBSON, DUNN & CRUTCHER LLP
G. CHARLES NIERLICH, SBN 196611
gnierlich@gibsondunn.com
TIMOTHY W. LOOSE, SBN 241037
tloose@gibsondunn.com
MATTHEW L. BERDE, SBN 260615
mberde@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone: 415.393.8200
Fax: 415.393.8306

Attorneys for Defendant
CYTOSPORT, INC., a California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISON

| | |
|---|---|
| CLAIRE DELACRUZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTOSPORT, INC., a California Corporation,<br><br>Defendant. | CASE NO.: 4:11-cv-03532-CW<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; FINAL JUDGMENT** |

1      WHEREAS, by order dated _____, 2013, this Court granted preliminary approval

2 of the proposed class action settlement between the parties in the above-captioned action (the

3 "Action").

4      WHEREAS, the Court also provisionally certified a nationwide Settlement Class for

5 settlement purposes only, approved the procedure for giving notice and forms of notice, and

6 set a final fairness hearing to take place on _____. On that date, the Court

7 held the duly noticed final fairness hearing to consider: (1) whether the terms and conditions

8 of the Settlement Agreement and Release are fair, reasonable and adequate; (2) whether a

9 judgment should be entered dismissing the named Plaintiff's complaint on the merits and

10 with prejudice in favor of Defendant CytoSport, Inc. ("CytoSport") and against all persons

11 or entities who are Settlement Class Members; and (3) whether and in what amount to

12 award attorney's fees and expenses to counsel for the Settlement Class.

13      WHEREAS, the Court considered all matters submitted to it at the hearing and

14 otherwise, and it appears that notice substantially in the form approved by the Court was

15 given in the manner that the Court ordered.

16      WHEREAS, the settlement was the result of extensive and intensive arms-length

17 negotiations occurring over several years and multiple mediation sessions with several

18 respected mediators—the Honorable Edward A. Panelli and the Honorable Carl J. West,

19 both currently affiliated with JAMS. Counsel for the parties are highly experienced in this

20 type of litigation, with full knowledge of the risks inherent in this Action. The extent of

21 written discovery, depositions, document productions, and independent investigations by

22 counsel for the parties, and the factual record compiled, suffices to enable the parties to

23 make an informed decision as to the fairness and adequacy of the settlement.

24      WHEREAS, the Court has determined that the proposed settlement of the claims of

25 the Settlement Class Members against CytoSport, as well as the release of CytoSport and

26 the Released Parties, the significant relief provided to the Settlement Class Members—in

27 the form of CytoSport's agreement to make certain payments to Settlement Class Members

28 as well as its agreement to discontinue the use of certain words and phrases in the labeling

1

1   and marketing of certain Muscle Milk® products—as described in the Settlement
2   Agreement And Release, and the award of attorneys' fees and expenses requested, are fair,
3   reasonable and adequate.
4       NOW, THEREFORE, IT IS HEREBY ORDERED THAT:
5       1.    The Settlement Agreement and Release, including any attachments thereto, is
6   expressly incorporated by reference into this Final Order and Judgment and made a part
7   hereof for all purposes.  Except where otherwise noted, all capitalized terms used in this
8   Final Order and Judgment shall have the meanings set forth in the Settlement Agreement
9   and Release.
10      2.    The Court has personal jurisdiction over the Parties and all Settlement Class
11  Members, and has subject-matter jurisdiction over this Action, including, without limitation,
12  jurisdiction to approve the proposed settlement, to grant final certification of the Settlement
13  Class, to settle and release all claims arising out of the transactions alleged in Plaintiff's
14  complaint in the Action, and to dismiss this Action on the merits and with prejudice.
15      3.    The Court finds, for settlement purposes only and conditioned upon the entry
16  of this Final Order and Judgment and upon the occurrence of the Effective Date, that the
17  requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil
18  Procedure have been satisfied in that: (a) the number of Settlement Class Members is so
19  numerous that joinder of all members thereof is impracticable; (b) there are questions of law
20  and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the
21  claims of the Settlement Class they seek to represent for purposes of settlement; (d) the
22  Plaintiff has fairly and adequately represented the interests of the Settlement Class and will
23  continue to do so, and the Plaintiff has retained experienced counsel to represent her; (e) for
24  purposes of settlement, the questions of law and fact common to the Settlement Class
25  Members predominate over any questions affecting any individual Settlement Class
26  Member; and (f) for purposes of settlement, a class action is superior to the other available
27  methods for the fair and efficient adjudication of the controversy.  The Court also concludes
28  that, because this Action is being settled rather than litigated, the Court need not consider

2

1   manageability issues that might be presented by the trial of a nationwide class action

2   involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620

3   (1997). In making these findings, the Court has considered, among other factors: (i) the

4   interests of Settlement Class Members in individually controlling the prosecution or defense

5   of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending

6   separate actions; (iii) the extent and nature of any litigation concerning these claims already

7   commenced; and (iv) the desirability of concentrating the litigation of the claims in a

8   particular forum. The Court takes guidance in its consideration of certification and

9   settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

10       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

11   finally certifies this Action for settlement purposes as a nationwide class action on behalf of:

12   a class of all persons who purchased one or more Muscle Milk® Ready-to-Drink beverages

13   (the "RTD") and/or Muscle Milk® bars (the "Bar," together with the RTD, the "Products")

14   at retail in the United States from July 18, 2007 through December 31, 2012 (the

15   "Settlement Class"). As defined in the Settlement Agreement and Release, "Settlement

16   Class Member(s)" means any member of the Settlement Class who does not elect exclusion

17   or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set

18   out in the Settlement Agreement And Release and the Long Form Notice. Excluded from

19   the Settlement Class are all persons who are employees, directors, officers, and/or agents of

20   CytoSport or its subsidiaries and affiliated companies, as well as the Court and its

21   immediate family and staff.

22       5.    The Court appoints the law firm of Baron & Budd, P.C. as counsel for the

23   Class ("Class Counsel"). The Court designates named Plaintiff Claire Delacruz as the

24   representative of the Settlement Class. The Court finds that the named Plaintiff and Class

25   Counsel have fully and adequately represented the Settlement Class for purposes of entering

26   into and implementing the Settlement Agreement and Release and have satisfied the

27   requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;   Case No.: 4:11-cv-03532-CW
FINAL JUDGMENT

1    6.    The Court finds that the electronic and publication notice are in accordance

2 with the terms of the Settlement Agreement and Release and this Court's Preliminary

3 Approval Order, and as explained in the declarations filed before the Final Fairness

4 Hearing:

5        (a)    constituted the best practicable notice to Settlement Class Members

6 under the circumstances of this Action;

7        (b)    were reasonably calculated, under the circumstances, to apprise

8 Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude

9 themselves from the Settlement Class and the proposed settlement, (iii) their right to object

10 to any aspect of the proposed settlement (including final certification of the Settlement

11 Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of

12 the Settlement Class's representation by Plaintiff or Class Counsel, and/or the award of

13 attorneys' and representative fees), (iv) their right to appear at the Final Fairness Hearing

14 (either on their own or through counsel hired at their own expense), and (v) the binding

15 effect of the orders and Final Order and Judgment in this Action, whether favorable or

16 unfavorable, on all persons and entities who do not request exclusion from the Settlement

17 Class;

18        (c)    constituted reasonable, due, adequate, and sufficient notice to all

19 persons and entities entitled to be provided with notice; and

20        (d)    fully satisfied the requirements of the Federal Rules of Civil Procedure,

21 including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States

22 Constitution (including the Due Process Clause), the Rules of this Court, and any other

23 applicable law.

24    7.    The Court finds that CytoSport provided notice of the proposed settlement to

25 the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.

26 Furthermore, the Court has given the appropriate state and federal government officials the

27 requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to

28

4

1   the proposed settlement before entering its Final Order and Judgment and no such

2   objections or comments were received.

3       8.      The terms and provisions of the Settlement Agreement and Release, including

4   any and all amendments and exhibits, have been entered into in good faith and are hereby

5   fully and finally approved as fair, reasonable and adequate as to, and in the best interests of,

6   the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable

7   requirements of the Federal Rules of Civil Procedure, the United States Constitution

8   (including the Due Process Clause), and any other applicable law.  The Court finds that the

9   Settlement Agreement and Release is fair, adequate and reasonable based on the following

10  factors, among other things:

11          (a)     There is no fraud or collusion underlying this settlement, and it was

12  reached after good faith, arms-length negotiations, warranting a presumption in favor of

13  approval.  *Officers for Justice v. Civil Serv. Comm'n.,* 688 F.2d 615, 625 (9th Cir. 1982).

14          (b)     The complexity, expense and likely duration of the litigation favor

15  settlement on behalf of the Settlement Class, which provides meaningful benefits on a much

16  shorter time frame than otherwise possible.  Based on the stage of the proceedings and the

17  amount of investigation and informal discovery completed, the Parties have developed a

18  sufficient factual record to evaluate their chances of success at trial and the proposed

19  settlement.

20          (c)     The support of Class Counsel, who are highly skilled in class action

21  litigation such as this, and the Plaintiff, who has participated in this litigation and evaluated

22  the proposed settlement, also favors final approval.  *See Boyd v. Bechtel Corp.,* 485 F. Supp.

23  610, 622 (N.D. Cal. 1979); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1291 (9th Cir.

24  1992).

25          (d)     The settlement provides meaningful relief to the Settlement Class,

26  including the injunctive and monetary relief described below, and falls within the range of

27  possible recoveries by the Settlement Class.

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;        Case No.: 4:11-cv-03532-CW
FINAL JUDGMENT

1    The parties are directed to consummate the Settlement Agreement and Release in

2  accordance with its terms and conditions.   The Court hereby declares that the Settlement

3  Agreement and Release is binding on all parties and Settlement Class Members, and it is to

4  be preclusive in all pending and future lawsuits or other proceedings.

5    9.    As described in the Settlement Agreement and Release, CytoSport has agreed

6  to make payments to be distributed to eligible Settlement Class Members, and, not later than

7  forty-five (45) days following the Effective Date, to provide for the following injunctive

8  relief:

9    (a)    To cease using the words "Healthy, Sustained Energy" on any newly-printed

10    labels of Muscle Milk® RTD and Bars.

11    (b)    To cease using the words "Healthy Fats" on any newly-printed labels of

12    Muscle Milk® RTD.   However, CytoSport is permitted to use the words

13    "Healthy Fats" on labels of Muscle Milk® RTD (or related products) so long

14    as such product contains fewer than 0.5 grams of saturated fat per serving, or

15    CytoSport also includes the words "See nutrition information for saturated fat

16    content" in connection with the words "Healthy Fats" on the label.

17    10.    The terms and requirements of the Injunctive Relief described in the preceding

18  paragraph shall expire at the earliest of (a) three (3) years after the Effective Date, or (b) the

19  date upon which there are changes to any applicable statute, regulation, or other law that

20  CytoSport reasonably believes would require a modification to any of the changes described

21  in the preceding paragraph in order to comply with the applicable statute, regulation, or law.

22  Nothing in this Final Order and Judgment shall prevent CytoSport from implementing

23  changes prior to the Effective Date.   This Final Order and Judgment does not preclude

24  CytoSport from making further changes to any of its product labels or marketing: (i) that

25  CytoSport reasonably believes are necessary to comply with any statute, regulation, or other

26  law of any kind; (ii) that are necessitated by product changes and/or to ensure that

27  CytoSport provides accurate product descriptions; or (iii) that are more detailed than those

28  required by the Settlement Agreement and Release and/or this Final Order and Judgment.

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;    Case No.: 4:11-cv-03532-CW
FINAL JUDGMENT

1    11.    Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court

2  hereby awards Class Counsel attorney's fees and expenses in the amount of $_____

3  and stipends of $_____to each of the class representatives. The attorneys' fees

4  are based on the amount of time class counsel reasonably expended working on this action.

5  CytoSport shall pay such attorney's fees and expenses and class representative stipends

6  according to the schedule, and in the manner, described in the Settlement Agreement and

7  Release. Such payment by CytoSport will be in lieu of statutory fees Plaintiffs and/or their

8  attorneys might otherwise have been entitled to recover, and this amount shall be inclusive

9  of all fees and costs of Class Counsel in the Action. In the event that any dispute arises

10  relating to the allocation of fees amongst Class Counsel and any other attorneys for

11  Plaintiffs, Class Counsel will hold CytoSport harmless from any and all such liabilities,

12  costs, and expenses of such dispute.

13    12.    This Action is hereby dismissed with prejudice and without costs as against

14  CytoSport and the Released Parties.

15    13.    Upon the Effective Date, the Releasing Parties (as that term is defined in the

16  Settlement Agreement And Release) shall be deemed to have, and by operation of the Final

17  Order and Judgment shall have, fully, finally and forever released, relinquished, and

18  discharged all Released Claims against the Released Parties. Released Claims means and

19  includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and

20  causes of action of every nature and description whatsoever, ascertained or unascertained,

21  suspected or unsuspected, existing or claimed to exist, including unknown claims (as

22  described in Paragraph 14 below) as of the Effective Date by Plaintiff and all Settlement

23  Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors,

24  administrators, representatives, agents, attorneys, partners, successors, predecessors-in-

25  interest, and assigns) that:

26    (i)    were brought or that could have been brought against the Released

27  Parties, or any of them, and that arise out of or are related in any way to any or all of the

28  acts, omissions, facts, matters, transactions, or occurrences that were or could have been

1   directly or indirectly alleged or referred to in the Action (including, but not limited to

2   alleged violations of state consumer protection, unfair competition, and/or false or deceptive

3   advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*,

4   Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of

5   contract; breach of express or implied warranty; fraud; unjust enrichment, restitution,

6   trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims

7   sounding in contract and tort); and

8            (ii)    relate in any way to any claim, advertisement, representation, assertion,

9   promise, or similar statement made by any of the Released Parties in any forum or medium

10   whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness or

11   nutritional attributes of the Products, including but not limited to all claims that relate in any

12   way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with

13   respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the

14   use of the words "Good Carbohydrates" with respect to the Products; the calories provided

15   by the Products; the ingredients in the Products, including but not limited to the amounts

16   and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any

17   variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type;

18   the amount and/or presence of fat or saturated fat in the Products; the amount and/or

19   presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the

20   Products; the amount and/or presence of protein in the Products; the marketing of the

21   Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative

22   beverage" and/or related statements; guidelines concerning when and/or in what quantities

23   to use the Products; and compliance with any federal, state, or local labeling requirements

24   with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the

25   Products.

26         However, Released Claims do not include claims for personal injury.

27         14.    The Released Claims include known and unknown claims relating to the Action,

28   and the Settlement Agreement and Release is expressly intended to cover and include all such

8

1   injuries or damages, including all rights of action thereunder.  Settlement Class Members have

2   expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California

3   Civil Code, which provides as follows:

4           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
            CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
5           FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
            BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
6           SETTLEMENT WITH THE DEBTOR.

7

8   Settlement Class Members have expressly waived and relinquished any and all rights and

9   benefits that they may have under, or that may be conferred upon them by, the provisions of

10   Section 1542 of the California Civil Code, or any other law of any state or territory that is

11   similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully

12   waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver

13   and relinquishment, the Settlement Class Members have acknowledged that they are aware that

14   they or their attorneys may hereafter discover claims or facts in addition to or different from

15   those that they now know or believe exist with respect to Released Claims, but that it is their

16   intention to hereby fully, finally, and forever settle and release all of the Released Claims known

17   or unknown, suspected or unsuspected, that they have against the Released Parties.   In

18   furtherance of such intention, the release herein given by the Settlement Class Members to the

19   Released Parties shall be and remain in effect as a full and complete general release

20   notwithstanding the discovery or existence of any such additional different claims or facts.

21   Each of the Parties expressly acknowledged that it has been advised by its attorney of the

22   contents and effect of Section 1542, and with knowledge, each of the Parties has expressly

23   waived whatever benefits it may have had pursuant to such section.  Settlement Class

24   Members are not releasing any claims for personal injury.  Plaintiff has acknowledged, and

25   the Settlement Class Members shall be deemed by operation of the Final Order and

26   Judgment to have acknowledged, that the foregoing waiver was separately bargained for and

27   a material element of the settlement of which this release is a part. .

28

15.    Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

16.    The Court orders that, upon the Effective Date, the Settlement Agreement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiff, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiff or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiff or Settlement Class Members, seeking to certify a class that includes Plaintiff or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

17.    Neither the Settlement Agreement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

        (a)    offered by any person or received against CytoSport as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by CytoSport of the truth of the facts alleged by the Plaintiff or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of CytoSport;

        (b)    offered by any person or received against CytoSport as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with

10

1   respect to any statement or written document approved or made by CytoSport or any other

2   wrongdoing by CytoSport;

3          (c)    offered by any person or received against CytoSport or as evidence of a

4   presumption, concession, or admission with respect to any default, liability, negligence,

5   fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered,

6   received in evidence, or referred to for any other reason against any of the settling parties, in

7   any civil, criminal, or administrative action or proceeding; provided, however, that nothing

8   contained in this paragraph shall prevent the Settlement Agreement and Release (or any

9   agreement or order relating thereto) from being used, offered, or received in evidence in any

10  proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or

11  order relating thereto) or the Final Order and Judgment, or in which the reasonableness,

12  fairness, or good faith of the parties in participating in the settlement (or any agreement or

13  order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the

14  Final Order and Judgment, or the Claim Form as to CytoSport, Plaintiff, or the Settlement

15  Class Members; or

16         (d)    offered by any person or received against the Plaintiff or any other class

17  representative as evidence or construed as or deemed to be evidence that any of their claims.

18  Notwithstanding the foregoing, CytoSport may file the Settlement Agreement and Release,

19  this Final Order and Judgment, and/or any of the documents or statements referred to therein

20  in support of any defense or claim that is binding on and shall have *res judicator, collateral*

21  *estoppel,* and/or preclusive effect in all pending and future lawsuits or other proceedings

22  maintained by or on behalf of Plaintiff and/or any other Settlement Class Members, and

23  each of them, as well as their heirs, executors, administrators, successors, assigns, and/or

24  any other of the Releasing Parties.

25      18.    The Court has jurisdiction to enter this Final Order and Judgment. Without in

26  any way affecting the finality of this Final Order and Judgment, this Court expressly retains

27  exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and

28  all matters relating to the administration, consummation, validity, enforcement and

11

1   interpretation of the Settlement Agreement and Release and of this Final Order and

2   Judgment, including, without limitation, for the purpose of:

3           (a)    enforcing the terms and conditions of the Settlement Agreement And

4   Release and resolving any disputes, claims or causes of action that, in whole or in part, are

5   related to or arise out of the Settlement Agreement And Release, and/or this Final Order and

6   Judgment (including, without limitation: whether a person or entity is or is not a Settlement

7   Class Member; whether claims or causes of action allegedly related to this Action are or are

8   not barred or released by this Final Order and Judgment; and whether persons or entities are

9   enjoined from pursuing any claims against CytoSport);

10          (b)    entering such additional orders, if any, as may be necessary or

11   appropriate to protect or effectuate this Final Order and Judgment and the Settlement

12   Agreement and Release (including, without limitation, orders enjoining persons or entities

13   from pursuing any claims against CytoSport), or to ensure the fair and orderly

14   administration of the settlement; and

15          (c)    entering any other necessary or appropriate orders to protect and

16   effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement

17   And Release, the settling Parties, and the Settlement Class Members.

18      19.    Without further order of the Court, the settling Parties may agree to reasonably

19   necessary extensions of time to carry out any of the provisions of the Settlement Agreement

20   And Release.

21      20.    In the event that the Effective Date does not occur, certification shall be

22   automatically vacated and this Final Order and Judgment, and all other orders entered and

23   releases delivered in connection herewith, shall be vacated and shall become null and void.

24        IT IS SO ORDERED, this _____ day of _____, 2013.

25

26

27                               _____
                                THE HONORABLE CLAUDIA WILKEN

28                               UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT C**

## CLAIM FORM AND INSTRUCTIONS

**The Settlement Administrator must receive this Claim Form no later than [GCG TO INSERT] in order for it to be considered.**

### *Claire Delacruz v. CytoSport, Inc.*
### Case Number 4:11-cv-03532-CW (United States District Court, Northern District of California)

### Please read all of the following instructions carefully before filling out your Claim Form.

1. Please review the Notice of Settlement (the "Notice") and have the Notice with you when you complete your Claim Form. If you do not have the Notice, or if you misplaced it, you may request a copy from the Settlement Administrator, Garden City Group, Inc. ("GCG") at the settlement website or mailing address below.

2. Under the terms of the Settlement in the above-referenced class action lawsuit, you may be entitled to receive $30.00 for your purchases of Muscle Milk® Ready-to-Drink or Muscle Milk® Bars products made between July 18, 2007 and December 31, 2012.

3. Complete the Claim Information below by filling in your name, your current mailing address, and e-mail address. Please type or print legibly in black ink. Only one Claim Form per household will be honored.

4. If you desire an acknowledgment of receipt of your Claim Form, send it by Certified Mail, Return Receipt Requested.

5. You must submit your Claim Form and any supporting documents electronically at: **www.CytoSportSettlement.com**, or by mail to:   *Delacruz v. CytoSport* **c/o GCG**
   **P.O. BOX 35069**
   **Seattle, WA 98124-3508.**

6. Once your Claim Form is received, the Settlement Administrator will review the Claim Form for compliance.

7. Keep a copy of your completed Claim Form for your records. If your claim is rejected, the Settlement Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

### CLAIM INFORMATION

Claimant Name:

_____     _____
Street Address:

_____     _____
City, State, Zip Code:                        E-mail address:

_____     _____

**I understand that in order for my household to obtain any payment under this Settlement, I must sign and date the following certification under penalty of perjury:**

*I certify under penalty of perjury that I purchased one or more Muscle Milk RTD or Bar products as described below:*

| Product Purchased | Location of Purchase |
|---|---|
| | |
| | |
| | |

_____     _____
Signature of Claimant                         Date

_____
Print name and, if applicable, title

**EXHIBIT D**

## NOTICE OF SETTLEMENT

**If you purchased certain Muscle Milk® products, you may benefit from a Proposed Class Action Settlement.**

**READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE CHECK THE SETTLEMENT WEBSITE AT WWW.CYTOSPORTSETTLEMENT.COM REGULARLY FOR UPDATES AND FURTHER DETAILS**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in *Delacruz v. CytoSport, Inc.*, a class action lawsuit in which the Plaintiff alleges that CytoSport inaccurately represented the nutritional attributes and healthfulness of certain of its Muscle Milk® Ready-to-Drink ("RTD") beverages and Muscle Milk® bars ("Bars"). CytoSport denies all of the Plaintiff's claims. The Court did not rule in favor of either party. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuit.

- Your legal rights may be affected whether you act or do not act. Read this notice carefully.

- If you are eligible, the Proposed Settlement may provide you with payments based on your purchases of Muscle Milk® RTD and Bar products.

- You are a Class Member if you purchased Muscle Milk® RTD or Bars at retail in the United States from July 18, 2007 through December 31, 2012. See questions 5-6 on page 4, below for further information.

- You are not part of the class if you: (a) did not purchase Muscle Milk® RTD or Bars at retail; (b) are an employee, director, officer, or agent of CytoSport or its subsidiaries and affiliated companies, (c) are a Judge of the Court in which the Action is pending or part of their immediate family and staff. See question 6 on page 4, below.

### YOUR RIGHTS AND CHOICES:

| *YOU MAY:* | | *DUE DATE* |
|---|---|---|
| **FILE A CLAIM FORM** | This is the only way that you may receive monetary reimbursement. | *By____, 2013* |
| **EXCLUDE YOURSELF** | Ask to get out of the Proposed Settlement. If you do this, you cannot get any benefits provided in the Proposed Settlement, but you keep your right to sue CytoSport yourself regarding the claims in the lawsuit. | *By____, 2013* |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlement. Even if you object, you must still submit a valid claim form by ____, 2013 in order to receive a payment. | *By____, 2013* |
| **APPEAR IN THE LAWSUIT OR GO TO A HEARING** | Participate in the Proposed Settlement on your own or through your own lawyer. You can also ask to speak in Court about the Proposed Settlement. | *By____, 2013* |
| **DO NOTHING** | You get no settlement benefits and you give up the right to sue CytoSport on your own regarding the claims later. | |

- These rights and choices – **and the deadlines to exercise them** – are further explained in this Notice.

- These deadlines may be moved, **cancelled or otherwise modified**, so please check the settlement website at www.CytoSportSettlement.com regularly for updates and further details.

- The Court still has to decide whether to approve the Proposed Settlement. Benefits will be provided only if the Court approves the Proposed Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ........................................................................................................ 4

    1.    Why did I get this Notice? ................................................................ 4

    2.    What are the lawsuits about? ............................................................ 4

    3.    Why is this a class action? ............................................................... 4

    4.    Why is there a Proposed Settlement? ............................................. 5

WHO IS IN THE PROPOSED SETTLEMENT CLASS ............................................................. 5

    5.    How do I know if I'm part of the Proposed Settlement Class? ........... 5

    6.    Are there exceptions to being included? ........................................ 5

THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET .............................. 5

    7.    What does the Proposed Settlement provide? ................................. 5

    8.    How do I submit a claim for reimbursement? ................................ 6

    9.    When will I get my Proposed Settlement benefits? ......................... 6

    10.    What am I giving up to stay in the Class? ....................................... 6

    11.    Can I get out of the Proposed Settlement and the Class? ................ 8

    12.    How do I exclude myself from the Proposed Settlement? ............... 8

    13.    If I don't exclude myself, can I still sue CytoSport for the same things later? ........ 9

    14.    If I exclude myself, can I get any benefits from this Proposed Settlement? ........ 9

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT ........ 9

    15.    How do I tell the Court I don't like the Proposed Settlement? .......... 9

    16.    What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? ........ 9

YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT ..................................... 10

    17.    Can I appear or speak in this lawsuit and Proposed Settlement? ........ 10

    18.    How can I appear in this lawsuit? ................................................. 10

IF YOU DO NOTHING ...................................................................................................... 10

    19.    What happens if I do nothing at all? .............................................. 10

THE LAWYERS REPRESENTING YOU .......................................................................... 10

    20.    Do I have a lawyer in this case? ................................................................ 10

    21.    How much will lawyers for the Class Counsel be paid and how will they be paid? ....... 11

THE COURT'S FAIRNESS HEARING ............................................................................ 11

    22.    When and where will the Court decide whether to approve the Proposed Settlement? .. 11

    23.    Do I have to come to the hearing? ............................................................. 11

    24.    Can I speak at the hearing? ...................................................................... 11

GETTING MORE INFORMATION .................................................................................... 12

    25.    Are more details about the lawsuit and the Proposed Settlement available? ................. 12

    26.    How do I get more information? ................................................................ 12

## BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

A Court ordered that this Notice be given because you have the right to know about a Proposed Settlement that may affect you. You have legal rights and choices to make before the Court decides whether to approve the Proposed Settlement.

This Notice explains:
- What the lawsuits are about.
- Who is included in the Proposed Settlement.
- How the Proposed Settlement may benefit you.
- What your legal rights are.
- How to get benefits of the Proposed Settlement.

| 2. | What are the lawsuits about? |
|---|---|

The Plaintiff in this lawsuit claims that CytoSport inaccurately labeled and marketed certain Muscle Milk® RTD beverages and Muscle Milk® bars by, among other things, using the words "Healthy Sustained Energy," "Healthy Fats," and "Good Carbohydrates" on the label of certain RTDs; using the words "Healthy Sustained Energy" and "0g Trans Fat" on the label of the Bars; including fractionated palm kernel oil and partially hydrogenated palm oil as ingredients in the Bars; and using similar words and phrases relating to claims concerning healthiness or nutrition, in the advertising and marketing of the RTDs and Bars on CytoSport's website and other marketing and advertising. The Plaintiff claims that the allegedly inaccurate use of these words violates California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.), and state common law.

CytoSport denies all these claims of wrongdoing and asserts that its RTD and Bar products provide a number of benefits, including protein. The Court has not issued a final ruling on the strengths or weaknesses of the Plaintiff's case or CytoSport's contentions in this lawsuit. Nevertheless, CytoSport has agreed to the proposed settlement to avoid the risk and expense of further litigation. Plaintiffs believe that their claims have merit, but that the proposed settlement is fair, reasonable, and in the best interests of the members of the Settlement Class given the risk and expense of further litigation.

This case is pending in the United States District Court for the Northern District of California, Oakland Division. The full name of the action is *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people, called Class Representatives, sue on behalf of other people who have similar claims. All these people together are a "Class" or "Class Members." One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class. In a class action, the court has a responsibility to assure that prosecution and resolution of the class claims by the Class Representatives and class counsel is fair. In this lawsuit, the Class Representatives are asking the Court to decide the issues for all purchasers of certain Muscle Milk® RTD and Bar products.

- 4 -

| 4. | Why is there a Proposed Settlement? |
|---|---|

The Court did not rule in favor of either party. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuits. The Class Representative and her attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS

| 5. | How do I know if I'm part of the Proposed Settlement Class? |
|---|---|

As part of the settlement, the parties have agreed to the certification of a Settlement Class for purposes of this settlement only. The Settlement Class includes all individuals who purchased Muscle Milk® Ready-to-Drink beverages or Muscle Milk® bars at retail in the United States from July 18, 2007 through December 31, 2012.

If this describes you, **you are automatically a member of the Settlement Class unless you exclude yourself by following the steps for exclusion described below.** Persons who are members of the Settlement Class and do not exclude themselves will be eligible for the compensation offered by the settlement if they meet the specified criteria, submit a valid Claim Form, and the Court gives final approval to the settlement. Class Members will be bound by the settlement, if approved by the Court, whether or not they submit a Claim Form and will be prevented from bringing other claims covered by the settlement. Those who exclude themselves from the Settlement Class will not be bound by the settlement and will not receive any payments from the settlement.

| 6. | Are there exceptions to being included? |
|---|---|

All persons who are employees, directors, officers and agents of CytoSport or its subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending and their immediate family and staff, are also excluded.

## THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET

| 7. | What does the Proposed Settlement provide? |
|---|---|

**The Proposed Settlement provides for a number of significant benefits.** It was negotiated between the Plaintiff and CytoSport, through their attorneys, and has been preliminarily approved by the Court. The proposed terms are:

**A.      Injunctive Relief**

CytoSport has agreed to cease using the words "Healthy, Sustained Energy" on any newly-printed labels of Muscle Milk® RTDs and Bars. Additionally, CytoSport has agreed to cease using the words "Healthy Fats" on any newly-printed labels of Muscle Milk® RTD. However, CytoSport is permitted under the Proposed Settlement to using the words "Healthy Fats" on labels of Muscle Milk® RTD (or related products) so long as such product contains fewer than 0.5 grams of saturated fat per serving, or CytoSport also includes the words "See nutrition information for saturated fat content" in connection with the words "Healthy Fats" on the label. The specific injunctive relief agreed to between the parties can be found in the Settlement Stipulation filed with the Court and located on the settlement website, www.CytoSportSettlement.com.

**B.      Payments**

CytoSport will make $1,000,000 available for payments to class members (the "Available Monetary Relief"). A class member who purchased one or more Muscle Milk® RTD or Bar products during the period described in the answer to Question 5 above is entitled to receive $30.00 for such purchases. To be eligible for such payments, a class member must timely and properly complete and submit a claim form and provide his or her name, email

address, and mailing address. A class member must also timely and properly complete and submit a signed attestation form in which he or she describes, under penalty of perjury, which Muscle Milk® products he or she purchased, the date of the purchase(s), and the location of the purchase(s).

If the total amount of payments to be made to all class members who timely and properly complete and submit claim forms and signed attestations exceeds the Available Monetary Relief, then the amount to be paid to each such class member shall be reduced on a *pro rata* basis so that the aggregate value of all such claims equals the Available Monetary Relief. Additional details concerning reimbursement may be found in section IV of the Settlement Agreement.

If the total amount of payments to be made to all class members who timely and properly complete and submit claim forms and signed attestations does not exceed the Available Monetary Relief, then CytoSport will pay the difference between that total amount and the sum of $1,000,000 as follows:

    1.    First, the amount to be paid to each class member who submitted a timely and proper claim form and attestation shall be increased on a *pro rata* basis, up to an aggregate of $1,000,000, so that each such class member may receive up to $60.00.

    2.    Next, if the total payments made to all class members who submitted a timely and proper claim form and attestation does not exceed $1,000,000, then CytoSport shall pay any remaining Available Monetary Relief to the American Heart Association as a charitable donation.

**C. Product Donations**

CytoSport may also distribute products at charitable athletic events focused on health-related topics (*e.g.*, running events affiliated with cancer or heart disease prevention organizations, such as the Susan G. Komen Race for the Cure).

| 8. | How do I submit a claim for reimbursement? |
|---|---|

To submit a claim, you **must** complete an electronic or hard copy claim form (and, if instructed to do so, an attestation form along with any other requested forms) and submit them at www.CytoSportSettlement.com by _____, 2013, or, for hard copy, paper format, by mailing the claim form and any supporting papers to: *Delacruz v. CytoSport* c/o Garden City Group, P.O. Box 35069, Seattle, WA 98124-3508 by _____, 2013.

| 9. | When will I get my Proposed Settlement benefits? |
|---|---|

Settlement benefits will be available only after the Proposed Settlement is approved and becomes final. The Court will hold a hearing on _____, 2013, to decide whether to approve the Proposed Settlement. If the Court approves the Proposed Settlement, there may be appeals, and the Proposed Settlement can't become final until all appeals are resolved. It is always uncertain how long appeals will take – they can take many months or longer. You should check the settlement website at www.CytoSportSettlement.com for updates on the status of the Proposed Settlement and applicable deadlines. Please be patient. Furthermore, please be aware that the parties will not know the exact value of each claim for payment until *after* all claim forms have been received and validated by the claims administrator.

**YOUR RIGHTS AND CHOICES – EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

| 10. | What am I giving up to stay in the Class? |
|---|---|

If you do not exclude yourself from the Class, then you are automatically in the Class if you purchased Muscle Milk® RTD or Muscle Milk® Bars between July 18, 2007 and December 31, 2012. If you stay in the Class, you

can't sue or be part of any other lawsuit against CytoSport about the claims in this lawsuit, as set forth below. In addition, if you stay in the Class, all the Court's orders will apply to you.

By staying in the Class, you become a Settlement Class Member and you are agreeing to fully, finally and forever release, relinquish, and discharge any current or future claims you might have against CytoSport that relate to the claims in this lawsuit. The entire release contained in the Proposed Settlement Agreement is set forth below:

> "Released Parties" means: CytoSport and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors; all of CytoSport's parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the development, formulation, manufacture, sale, or marketing of the Products or their labeling, packaging, or advertising.

> "Released Claims" means any and all claims, demands, rights, damages, obligations, suits, liens, and causes of action over every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in paragraph 47 below) as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

> (i) were brought or that could have been brought against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of any and all federal, state, commonwealth, district, or territorial consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; negligent misrepresentation; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

> (ii) relate in any way to any claim, advertisement, representation, assertion, promise, or similar statement made by any of the Released Parties in any forum or medium whatsoever about, concerning, regarding, portraying, and/or relating to the healthfulness or nutritional attributes of the Products, including but not limited to all claims that relate in any way to: the use of the words "Healthy Sustained Energy" and/or "Sustained Energy" with respect to the Products; the use of the words "Healthy Fats" with respect to the Products; the use of the words "Good Carbohydrates" with respect to the Products; the calories provided by the Products; the ingredients in the Products, including but not limited to the amounts and/or presence of: (a) fractionated palm kernel oil, partially hydrogenated palm oil, or any variant thereof, (b) *trans* fat, (c) sugars of any type, or (d) artificial sweeteners of any type; the amount and/or presence of fat or saturated fat in the Products; the amount and/or presence of cholesterol in the Products; the amount and/or presence of carbohydrates in the Products; the amount and/or presence of protein in the Products; the marketing of the Products as "premium," "healthy," part of a "healthy lifestyle," as a "healthy alternative beverage" and/or related statements; guidelines concerning when and/or in what quantities to use the Products; and compliance with any federal, state, or local labeling requirements with respect to the healthfulness, nutritional content, and/or the nutritional attributes of the Products.

> "Released Claims" do not include claims for personal injury.

The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of

action thereunder. Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section. Settlement Class Members are not releasing any claims for personal injury. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

## 11.    Can I get out of the Proposed Settlement and the Class?

You can get out of the Proposed Settlement and the Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class. If you exclude yourself, you can't get Proposed Settlement benefits and you can't object to the Proposed Settlement. But you keep the right to file your own lawsuit or join another lawsuit against CytoSport about the claims in this lawsuit.

## 12.    How do I exclude myself from the Proposed Settlement?

To exclude yourself, you must send by fax, U.S. Mail, or e-mail a letter that contains all of the following:

- Your name, current address and telephone number;

- A statement that you want to be excluded from the case *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW, that you do not wish to be a Settlement Class Member, and that you want to be excluded from any judgment entered in this case;

- Your signature (or your lawyer's signature).

Your exclusion request must be signed mailed, faxed or e-mailed, and ***postmarked, or the equivalent for fax or e-mail, by***         , 2013, to:

Garden City Group, Settlement Administrator
P.O. Box 35069, Seattle, WA 98124-3508
Facsimile: [###-###-####]
E-Mail: [EMAIL ADDRESS]

You cannot exclude yourself on the phone.

| **13.** | **If I don't exclude myself, can I still sue CytoSport for the same things later?** |
|---|---|

No. Unless you exclude yourself, you give up the right to sue CytoSport as described in response to Question 10. If you want to keep the right to sue CytoSport in a new lawsuit, you have to exclude yourself from this Class and Proposed Settlement. Remember, any exclusion request must be signed, mailed, faxed, or e-mailed, and postmarked (or the equivalent for fax or e-mail) by _____, **2013**.

| **14.** | **If I exclude myself, can I get any benefits from this Proposed Settlement?** |
|---|---|

No. If you exclude yourself, you can't get any Proposed Settlement benefits.

## YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT

| **15.** | **How do I tell the Court I don't like the Proposed Settlement?** |
|---|---|

If you're a Class Member and don't exclude yourself, you can tell the Court you don't like the Proposed Settlement or some part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a written objection by fax, U.S. mail, or e-mail setting forth your full name, current address, telephone number, to the Settlement Administrator and send by e-mail or U.S. mail a copy to Class Counsel and Defense Counsel postmarked no later than _____, 2013. Please use the following addresses:

| Settlement Administrator | Counsel for the Class: | Counsel for CytoSport: |
|---|---|---|
| Garden City Group, Settlement Administrator Garden City Group, P.O. Box 35069, Seattle, WA 98124-3508 Facsimile: [###-###-####] E-Mail: [EMAIL ADDRESS] | Baron & Budd, P.C. Roland Tellis Mark Pifko 15910 Ventura Boulevard, Suite 1600 Encino, California 91436 Telephone: 818.839.2333 Facsimile: 818.986.9698 E-mail: mpifko@baronandbudd.com | Gibson, Dunn & Crutcher LLP G. Charles Nierlich Matthew L. Berde 555 Mission St., Suite 3000 San Francisco, CA 94105 Telephone: 415.393.8200 Facsimile: 415.393.8306 E-mail: mberde@gibsondunn.com |

You must also state in writing all objections and the reasons for each objection, and state whether you intend to appear at the Final Fairness Hearing either with or without separate counsel. You will not be entitled to be heard at the Final Fairness Hearing or to object to the Settlement, and no written objections or briefs submitted by you shall be received or considered by the Court at the Final Fairness Hearing, unless written notice of your intention to appear at the Final Fairness Hearing and copies of any written objections and/or briefs are filed with the Court and served on Class Counsel and Defense Counsel on or before _____, 2013. If you fail to file and serve timely written objections in the manner specified above, you shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

If you object through a lawyer, you will have to pay for the lawyer yourself.

| **16.** | **What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement?** |
|---|---|

Objecting is the way to tell the Court what you don't like about the Proposed Settlement. You can object only if you stay in the Class and don't exclude yourself.

Excluding yourself is the way to tell the Court you do not want to be a part of the Class and the Proposed Settlement, and that you want to keep the right to file your own lawsuit. If you exclude yourself, you cannot object because the Proposed Settlement no longer will affect you.

### YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT

| 17. | Can I appear or speak in this lawsuit and Proposed Settlement? |

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

| 18. | How can I appear in this lawsuit? |

If you want to participate (or have your own lawyer instead of Class Counsel participate or speak for you) in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection (see question 17 above) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information too.

Your Notice of Appearance must be signed, mailed and *__postmarked by__* _____, *2013*, to the Court at:

> Clerk of Court
> U.S. District Court
> Northern District of California
> [OAKLAND ADDRESS]

Copies of your Notice of Appearance must also be signed, mailed, e-mailed, or faxed and *__postmarked, or the equivalent for e-mail and facsimile, by__* _____, *2013*, to the same addresses for the Settlement Administrator, Counsel for the Class, and Counsel for CytoSport, appearing on page 9 of this Notice, in Question 15.

### IF YOU DO NOTHING

| 19. | What happens if I do nothing at all? |

If you do nothing:

- You will stay a member of the Class and all of the Court's orders will apply to you.

- You will receive reimbursement. You will only be eligible to receive reimbursement under the Proposed Settlement if you complete a claim form with appropriate information.

- You won't be able to sue, or join a new lawsuit against CytoSport, about the issues and claims in this lawsuit, ever again, unless you exclude yourself.

### THE LAWYERS REPRESENTING YOU

| 20. | Do I have a lawyer in this case? |

Yes, the Court has appointed the following law firms to represent the Class as Class Counsel:

Baron & Budd, P.C.
Roland Tellis
Mark Pifko
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: 818.839.2333
Facsimile: 818.986.9698
E-mail: mpifko@baronandbudd.com

You will not be charged for these lawyers.

You may also consult your own lawyer at your own expense.

| 21. | How much will lawyers for the Class Counsel be paid and how will they be paid? |
|---|---|

Class Counsel will ask the Court to approve payment of attorneys' fees and expenses of no more than $1,187,500. Class Counsel will also ask the Court to award the named class representative $5,000. Class Counsel will file their Fee Application with the Court on or before           , 2013. CytoSport will pay the amounts awarded by the Court, up to these maximums.

### THE COURT'S FAIRNESS HEARING

| 22. | When and where will the Court decide whether to approve the Proposed Settlement? |
|---|---|

The Court will hold a Final Fairness Hearing at         on         , 2013. This hearing date may be moved, cancelled or otherwise modified, so please check the settlement website at www.CytoSportSettlement.com regularly for further details. The Court is located at 1301 Clay St., Oakland, CA 94612. At this hearing, the judge will consider all objections, if any, and will consider whether the Proposed Settlement is fair, reasonable, and adequate to the Class. The judge will listen to people who have asked to speak at the hearing. The judge may also decide how much to award to Class Counsel for their fees and expenses. At or after the hearing, the judge will decide whether to approve the Proposed Settlement. We do not know how long these decisions will take.

| 23. | Do I have to come to the hearing? |
|---|---|

You don't have to come to the hearing. Class Counsel will answer questions the Court has. But you and/or your lawyer are welcome to come at your own expense. If you send an objection, you don't have to come to the hearing for the judge to consider it.

| 24. | Can I speak at the hearing? |
|---|---|

You can ask the Court to allow you (or your lawyer) to speak at the hearing. To do so, you or your lawyer must file a Notice of Appearance that says you wish to speak. You can find how to file a Notice of Appearance, and the due date for filing, in question 18 on page 10 of this Notice. If you submit an objection and wish to speak about it at the Final Fairness Hearing, you must include that information in your objection (see question 15 on page 9).

You cannot speak at the hearing if you exclude yourself.

## GETTING MORE INFORMATION

| 25. | Are more details about the lawsuit and the Proposed Settlement available? |
|---|---|

This Notice only summarizes the lawsuit and Proposed Settlement. More details are in the complaints filed in these class actions and in the Settlement Stipulation. You can get copies of these documents by visiting the Proposed Settlement website, www.CytoSportSettlement.com.

You can also look at all of the documents filed in the lawsuit at the Office of the Clerk, United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA 94612.

| 26. | How do I get more information? |
|---|---|

You can get more information and read common questions and answers by visiting the Proposed Settlement website, www.CytoSportSettlement.com or calling (###) ###-####.

- 12 -

# EXHIBIT E

Legal Notice                                                              Legal Notice

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### IF YOU PURCHASED CERTAIN MUSCLE MILK® PRODUCTS, YOU MAY BE ELIGIBLE TO RECEIVE BENEFITS UNDER A PROPOSED CLASS ACTION SETTLEMENT

A settlement has been proposed in class action lawsuits against CytoSport, Inc. ("CytoSport") regarding certain Muscle Milk® products.

**What Is This Notice About?**

A lawsuit is pending in the United States District Court, Northern District of California that may affect your rights. Plaintiffs allege that CytoSport misled consumers of Muscle Milk® ready-to-drink and bar products in the way that CytoSport labeled and marketed those products. CytoSport vigorously denies these allegations. The Court did not rule in favor of the Plaintiff or CytoSport. Instead, the parties agreed to a settlement to avoid the expense and risks of continuing the lawsuits.

**Am I A Member Of The Class?**

You are a class member if you purchased, at retail in the United States, one or more Muscle Milk® ready-to-drink beverages (the "RTD") or Muscle Milk® bars (the "Bar") between July 18, 2007 and December 31, 2012.

**What Does The Settlement Provide?**

The settlement requires CytoSport to discontinue the use of certain statements in the labeling and/or marketing of RTD and Bar products. Class members may be eligible to receive $30.00. CytoSport may also distribute products at charitable athletic events focused on health-related topics.

Class Counsel also will ask that the Court award up to approximately $1,187,500 in attorneys' fees and expenses they incurred on behalf of the Class, and for an incentive payment of $5,000 for the class representative.

**What Are My Rights?**

You have four options under the Settlement: (1) submit a claim for reimbursement; (2) object; (3) do nothing; or (4) exclude yourself.

If you are a member of the Settlement Class and do not exclude yourself, you will be bound by any judgment in the case and will release certain claims you may have against CytoSport as set forth in the

full Notice of Settlement (at Section 10) at www.CytoSportSettlement.com. Please read the release language carefully as it affects your rights.

1.  To submit a claim for reimbursement, you must complete a Claim Form electronically at www.CytoSportSettlement.com or in hard copy by U.S. Mail to Garden City Group, P.O. Box 35069, Seattle, WA 98124-3508 by [DATE], 2013. You must also comply with the other requirements listed at www.CytoSportSettlement.com..

2.  To Object to the Settlement, you must file a written objection with the Clerk of the Court by [DATE], 2013, and serve copies of your objection on the Settlement Administrator and the parties. The Court will decide whether to approve the Settlement at the Final Fairness Hearing on [DATE], 2013, at [TIME]. For specific procedures for objecting, please see the full Notice of Settlement at www.CytoSportSettlement.com.

3.  If You Do Nothing, you will not receive any reimbursement under the Settlement, but you will be bound by the terms of the Settlement and will release certain claims against CytoSport as explained in the full Notice of Settlement on the settlement website.

4.  To Exclude Yourself from the Class and the Settlement: If you wish to exclude yourself ("opt out") from the Settlement, you must, by [DATE], 2013, send to the Settlement Administrator by fax ([###-###-####]), email [(EMAIL ADDRESS)], or U.S. Mail (Garden City Group, P.O. Box 35069, Seattle, WA 98124-3508), a signed letter that includes your name, address, and telephone number and a statement that you wish to be excluded from the Settlement. If you submit a timely and valid request for exclusion, you will no longer be a member of the Class and will receive no benefits under the Settlement, but you will retain whatever claims you may have against CytoSport.

This Notice is a summary only. To get additional information, including a copy of the First Amended Settlement Agreement And Release and full Notice of Settlement, visit www.CytoSportSettlement.com. The deadlines in this Notice may be moved,

cancelled or otherwise modified, so please check the website regularly for updates.

BY ORDER OF THE U.S. DISTRICT COURT

## EXHIBIT F

## PLAN OF PUBLICATION FOR SUMMARY NOTICE

Pursuant to Paragraph 24(e)(i) of the Settlement Agreement by and between Plaintiff

Claire Delacruz and Defendant CytoSport, Inc. (the "Settlement Agreement"), the Summary

Notice shall be published as follows on or before the Notice Date as specified in the Preliminary

Approval Order (capitalized terms used herein but not defined shall have the same meanings as

ascribed to those terms in the Settlement Agreement):

1. Twice in a weekday edition of USA Today (or, if USA Today is not available, another national newspaper of similar distribution);

2. Twice in a weekday edition of the California distribution of the same national newspaper as described in Paragraph 1, above;

3. For four (4) weeks on the internet site www.people.com and on various internet sites that are part of the Univision online network; and

4. The posting a joint press release issued by Class Counsel and Defendant upon preliminary approval of the settlement contemplated by the Settlement Agreement on PR Newswire's National U.S.1 and Hispanic newslines.