Theodore H. Frank (SBN 196332)
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
(703) 203-3848
tfrank@gmail.com

*In pro per*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLAIRE DELACRUZ, individually, and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CYTOSPORT, INC., A California Corporation<br><br>Defendant,<br><br>Theodore H. Frank,<br><br>Objector. | Case No. 4:11-cv-03532-CW<br><br>**CLASS ACTION**<br><br>**OBJECTION TO PROPOSED SETTLEMENT AND FEE REQUEST AND NOTICE OF APPEARANCE**<br><br>Date: May 15, 2014<br>Time: 2:00 P.M.<br>Courtroom: 2, Fourth Floor<br>Judge: Hon. Claudia Wilken |

## I. I am a member of the class and intend to appear at the fairness hearing.

I am a United States resident. I often purchased Muscle Milk Ready-To-Drink products between July 18, 2007 and December 31, 2012 at a variety of convenience stores and supermarkets in the greater Washington, DC, area, in particular Giant Food, 3450 Washington Blvd., Arlington, VA 22201; and Metro Café and Gourmet, 901 N. Nelson St., Arlington, VA 22201. In addition, I would purchase Muscle Milk Ready-To-Drink products as a meal replacement on various occasions throughout the country when I was traveling and could not easily find my preferred protein shake, Pure Protein.

Over the class period, I purchased more than twelve bottles of Muscle Milk Ready-To-Drink products, including multiple 14-ounce bottles of Chocolate Light flavor; and at least one bottle of each of the Chocolate, Cookies 'N Crème, Strawberries 'N Crème, and Vanilla Crème flavors. On March 6, 2014, I filed a claim; my claim number is 30682, and my control number is 4925621485. A true and correct copy of my receipt for my claim form is attached as Exhibit 1. My best estimate is that I purchased at least thirty bottles over the class period, but in an abundance of caution, I claimed only twelve at the settlement website.

I am therefore a member of the class with standing to object to the settlement. Fed. R. Civ. Proc. 23(e)(5).

My business mailing address is 1718 M Street No. 236, Washington, DC 20036. My phone number is (703) 954-8042. My e-mail address is tfrank@gmail.com.

I hereby give notice of my intent to reserve the right to appear at the fairness hearing in this case. I do not currently plan to attend, but if I do, I will appear *in pro per* to discuss matters raised in this Objection. I do not intend to call any witnesses at the fairness hearing, but reserve the right to make use of all documents entered on to the docket by any settling party or objector. I reserve the right to cross-examine any witnesses who testify at the hearing in support of final approval or to supplement this objection if the parties introduce new arguments for settlement approval or valuation after the objection deadline. I join the objections of any other objectors or *amici* to the extent those objections are not inconsistent with this one.

## II. I join in particular the objection of Will Chamberlain.

With the exception of Section III.D, I join the objection of Mr. Will Chamberlain (Docket No. 78), as he has covered many of my objections well. So that there is no ambiguity, I attach a copy of that objection

as Exhibit 2.

I make some additional objections:

*First*, as Mr. Chamberlain does, I object to class counsel agreeing to a settlement that *ab initio* provides for *cy pres* instead of for direct class benefit. But I further argue that this is improper as a matter of law, because the settlement fund belongs to the class. American Law Institute, *Principles of the Law of Aggregate Litig.* § 3.07 (2010); *Klier v. Elf Atochem North America, Inc.*, 658 F. 3d 468 (5th Cir. 2011).

*Second*, I object to any attorney-fee award that treats the distribution of *cy pres* as equivalent to money given to the class. "Class members are not indifferent to whether funds are distributed to them or to *cy pres* recipients, and class counsel should not be either." *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 178 (3d Cir. 2013). *Cy pres* should be discounted when calculating attorneys' fees both because it is in-kind relief that is for the benefit of the defendant and because treating *cy pres* as a dollar-for-dollar equivalent incentivizes class counsel to disregard its obligation to maximize class recovery in favor of third-party non-client charities. *Id.*; *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F.Supp.2d 1040, 1077 (S.D. Tex. 2012).

*Third*, I object to class counsel's attempt to claim that notice and settlement administration expenses are class benefits in an effort to defend their fee. Dkt. 74 at 8. As *In re Aqua Dots Prod. Liab. Litig.* recognized, notice and settlement administration expenses are a social **cost** that militate against class certification. 654 F.3d 748, 752-53 (7th Cir. 2011). Just as class members "are not indifferent to whether funds are distributed to them or to *cy pres* recipients," they are even less indifferent about whether funds are distributed to them or to third-party for-profit settlement administrators.

*Fourth*, to the extent that class counsel attempts to refute the *cy pres* objections by arguing that it would be infeasible to identify and compensate class members, that argument requires that the class should not be certified under Fed. R. Civ. Proc. 23: a class action is not superior to other forms of litigation if class members cannot hope to benefit.

To sum up, this is a settlement designed to create the *illusion* of much greater relief than is actually provided in order to justify a larger attorney fee than Ninth Circuit law would permit if the relief were fairly valued. The parties are entitled to decide that the chances of success and failure mean that the settlement can only be worth $2 million ($1M in fees and $1M in payments to class-member claimants); this is not an argument that the settlement fund must be $20 million or a different number. But settlement fairness

requires not just a fair settlement size, but a fair settlement *allocation. In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013). $1M for the attorneys and $1M for the class is an unfair allocation.

### III. This objection is brought in good faith.

I have previously objected to class-action settlements.

I apologize in advance that this section is long; however, it is my experience from representing a client objecting to an abusive class-action settlement from Baron & Budd, they responded with a series of baseless *ad hominem* attacks rather than addressing the merits of the underlying arguments. In the event I am unable to respond to such attacks, I preempt them here. If the Court disregards class counsel's *ad hominem* arguments, it can disregard this section as well.

I am a graduate of University of Chicago Law School; a member of the Illinois, California, and District of Columbia bars; a former clerk for a judge on the U.S. Court of Appeals on the Seventh Circuit; and a member of the American Law Institute.

In 2009, I founded the non-profit Center for Class Action Fairness. It is currently a 501(c)(3) public-interest law firm with four attorneys; Mr. Chamberlain was a summer intern with the Center in 2013. (While I understand Mr. Chamberlain worked from previous Center briefs, his objection was independently made and reflects his own thinking; I did not assist him with his brief.) In an August 2013 *New York Times* article discussing two of the Center's cases, Mr. Adam Liptak called me "the leading critic of abusive class-action settlements."

I bring this objection for the benefit of consumers and the class as a whole. As a child, I admired Ralph Nader and consumer reporter Marvin Zindler (whose autographed photo was one of my prized childhood possessions), and read every issue of *Consumer Reports* from cover to cover. I have focused my practice on conflicts of interest in class actions because, among other reasons, I saw a need to protect consumers that no one else was filling, and as a way to fulfill my childhood dream of being a consumer advocate.

A "professional objector" is one who brings objections in the hopes of extracting a *quid quo pro* payment to withdraw the objection or appeal of the objection's denial. By that legal definition, I am not a "professional objector," as I have never settled an objection for payment. I bring this objection in good faith.

If this Court has any skepticism about my motives, I am happy to stipulate to an injunction forbidding me from seeking compensation for settling my objection at any stage without court approval.

I have indeed brought multiple objections and represented clients *pro bono* in multiple cases where they objected to unfair class action settlements. But we have won the majority of those objections, and the majority of appeals that we have argued, including each of the three appeals I have argued in the Ninth Circuit that have been decided. In the process, the Center and I have improved recovery for class members by tens of millions of dollars.

The difference between a "professional objector" and a public-interest objector is a material one. As the federal rules are currently set up, "professional objectors" have an incentive to file objections regardless of the merits of the settlement or the objection. In contrast, a public-interest objector such as myself has to triage dozens of requests for *pro bono* representation and dozens of unfair class action settlements, loses money on every losing objection (and most winning objections) brought, can only raise charitable donations necessary to remain afloat by demonstrating success, and has no interest in wasting limited resources and time on a meritless objection. The Center for Class Action Fairness objects to only a small fraction of the number of unfair class action settlements it sees; indeed, I personally object to only a fraction of the number of unfair class action settlements where I am a class member. (While one district court called me a "professional objector" in the broader sense, the court made clear that it was not meant pejoratively, and awarded me fees for a successful objection that improved the settlement for the class. *Dewey v. Volkswagen*, 909 F. Supp. 373, 396 n. 24 (D.N.J. 2012).)

In my experience, class counsel frequently try to detract from the legal merits of my objections by accusing me of only bringing objections to seek fees. It is unclear why this is meant to discredit my objections any more than it discredits plaintiffs' case that their attorneys seek fees. In any event, the claim is irrelevant here: as a *pro se* objector, I am not entitled to fees, and will not request them.

In my experience, class counsel frequently try to detract from the legal merits of my objections by falsely accusing me or my organization of a goal to "end class actions, not improve them." The accusation—aside from being utterly irrelevant to the legal merits of any particular objection—has no basis in reality. I have been writing and speaking about class actions publicly for nearly a decade, and I have never asked for an end to the class action, just proposed reforms for ending the *abuse* of class actions and class-action

settlements; I have frequently confirmed my support for the principles behind class actions in declarations under oath, interviews, essays, and public speeches, including a January 2014 presentation in New York that was broadcast nationally on C-SPAN 1. That I oppose class action abuse no more means that I oppose class actions than that someone who opposes food poisoning opposes food.

In my experience, class counsel frequently try to detract from the legal merits of my objections by misquoting half of a single sentence in *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 773, 785 (N.D. Ohio 2010) that alleged that an argument I made against "kicker" clauses was "long on ideology and short on law." It is worth noting that *Lonardo* was criticizing only one particular argument as "ideolog[ical]"; it otherwise held that "Frank's policy arguments contribute to the legal discussion regarding this important area of law," and awarded fees to my client based on the $2 million benefit to the class caused by the objection. Most importantly, I ultimately won the argument: the Ninth Circuit agreed with me and disagreed with *Lonardo* on the question of whether "kicker" arrangements where fees from a separate fund revert to the defendant are improper. *Contrast In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) *with Lonardo*, 706 F. Supp. 2d at 785. Even if it were true in 2010 that my argument in *Lonardo* against the kicker was "short on law," it is not true now that that same argument has persuaded the Ninth Circuit.

I have repeatedly seen class counsel in other cases attempt to discredit my objections by claiming that the objections are "ideological." I fail to see why that is relevant, but I believe that the primary beneficiaries of class actions are supposed to be the class members, and that class actions are harmful to society when their settlements are structured to benefit the attorneys instead. This may be "ideology," but I think it's inherent in the nature of fiduciary duty to one's clients and the constitutional requirement of adequate representation. Fortunately, the appellate courts I have argued in front of have agreed with this "ideology." *See, for example, Bluetooth.*

## CONCLUSION

As Mr. Chamberlain notes, "this is not a close case." The attorney fee is disproportionate to the actual class recovery and unfairly puts *cy pres* recipients ahead of the class. The settlement should be rejected; if approved, fees should be reduced to $333,333 to reflect the Ninth Circuit's 25% benchmark.

Case No. 4:11-cv-03532-CW
FRANK OBJECTION TO PROPOSED SETTLEMENT AND FEE REQUEST
5

Dated: March 12, 2014                    Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank (SBN 196332)
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC, 20036
(703) 203-3848
tfrank@gmail.com

*In pro per*

## PROOF OF SERVICE

I hereby certify that on this day I electronically filed this objection using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

I further certify that I emailed this objection and its exhibits to administrator@CytoSportSettlement.com, mpifko@baronbudd.com, and mberde@gibsondunn.com.

DATED this 12th Day of March, 2014

                                          */s/ Theodore H. Frank*
                                          Theodore H. Frank