March 10, 2014

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Settlement Administrator
*Delacruz v. CytoSport, Inc.*
c/o GCG
P.O. Box 35069
Seattle, WA 98124-3508

**FILED**

MAR 1 2 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*S/=*

Counsel for the Class
Baron & Budd, P.C.
Roland Tellis
Mark Pifko
15910 Ventura Boulevard
Suite 1600
Encino, CA 91436

Counsel for CytoSport
Gibson, Dunn & Crutcher LLP
G. Charles Nierlich
Matthew L. Berde
Timothy W. Loose
555 Mission St.
Suite 3000
San Francisco, California 94105

Re: *Delacruz v. CytoSport, Inc.*, Case No. 4:11-cv-03532-CW; Objection to Settlement

Dear Sir and Ma'am:

Class member Craig Smotzer, 1914 Clark Avenue, Cleveland, Ohio 44109, hereby objects to the proposed settlement of this class action and the request for attorney's fees. Mr. Smotzer is a class member and has not opted out of this Settlement. Mr. Smotzer purchased Muscle Milk® Ready-to Drink beverages or Muscle Milk® bars at retail in the United States from July 18, 2007, through December 31, 2012. Please consider the following detailed Objections:

1.      Class Counsel's requested fee is unreasonable relative to the likely class benefit. Class Counsel has requested a fee of $1,187,500.00 for a settlement that is likely to deliver less than $100,000.00 to class members. *See Sylvester v. Cigna*, 369 F. Supp. 2d 34, 52 (D. Me. 2005)(experience shows that fewer than 10% of class files a claim). In this claims-made settlement, class members are able to file claims for a maximum of $60.00. Few people will go through the trouble of submitting a claim for an amount so small, as parties are well aware. Therefore, it will be remarkable if more than $100,000.00 of settlement benefits is paid to those class members who take the time to submit claim forms for such a minimal benefit.

2.      The Injunctive Relief (which the parties value at $1,000,000); the Administrative Expenses; providing Notice to the Class; the *cy pres* award; and, providing "relabeled Muscle Milk® Light products, or other products with a similar nutrient profile, to charitable athletic events focused on health-related topics such as running events affiliated with cancer or heart disease prevention organizations, including the Susan B. Komen Race for the Cure" should not be counted as part of the settlement fund or settlement benefit to the class members ("Alleged Benefits"). These so-called "exceptional benefits" will not be paid to the class members or the next best recipient who stands in the class members' shoes. These payments will not in any way

1

compensate the class members, who have already sustained damages, but instead will be paid to arbitrary organizations who have no relationship to the class members.

3.     Even if the so-called injunctive relief were to be considered as part of the settlement consideration, class counsel's fee request would still be 108% of the total settlement, well in excess of any percentage fee ever approved in this Circuit. If the total value of the settlement is $1.1 million ($1 million in cy pres and $100,000 in claims filed), then the maximum reasonable fee would be $275,000, or 25% of $1.1 million.

4.     Federal courts value claims-made settlements based upon the value of the benefits actually claimed by class members. *See e.g., In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 189-90 (D. Me. 2003)(Hornby, J.) ("Recognizing that percentage of funds is the preferred method of assessing fees in a settlement like this, with lodestar analysis providing only a check, I can effectively gauge appropriate attorney fees only if I know the total value of the settlement…I have determined to delay award of attorney fees **until experience shows how many vouchers are exercised and thus how valuable the settlement really is.**"); *In re Excess Value Ins. Coverage Litig.*, 2005 U.S. Dist. LEXIS 45104 (SDNY 2006) at *28-33 (same).

5.     In valuing a settlement, the Court should look to the actual claims rate. *See Yeagley v. Wells Fargo & Co.*, 2008 U.S. Dist. LEXIS 5040 (N.D. Cal. January 18, 2008) (referring to parties' valuation based on an assumed 100% claims rate as "fiction" and "fantasy," and awarding fee of 25% of claimed benefits). *See also Managing Class Action Litigation: A Pocket Guide for Judges,* Federal Judicial Center (3rd Ed. 2010).

6.     The cy pres product distribution of this settlement is nothing more than a marketing incentive program for CytoSport. In fact, providing "relabeled Muscle Milk® Light products, or other products with a similar nutrient profile, to charitable athletic events focused on health-related topics such as running events affiliated with cancer or heart disease prevention organizations, including the Susan B. Komen Race for the Cure allows CytoSport to garner "good will", for allegedly donating products, and to advertise their re-labeled products. That is a benefit to CytoSport, not to the class members!

7.     Given the abuse class members have already suffered at the hands of CytoSport, they certainly will be reluctant to engage in further use of CytoSport products. Hence, in light of the dubious value of the benefit offered to class members, the redemption rate is virtually guaranteed to be miniscule. The low redemption rates which typically accompany these "in-kind" settlements make a mockery of the concept that class members should receive value for settling their claims. This abuse is particularly troubling when, as in the instant case, class attorneys are paid in cash while Class Members receive injunctive relief and obscure cy pres product distribution of dubious value.

8.     The amount that CytoSport has agreed to pay Class Counsel could have been paid to the Class. Cytosport's agreement to pay unreasonable attorneys' fees to class counsel calls into question the fairness of the settlement, since "if fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits

2

provisions, in the form of lower monetary payments to class members…" *Staton v. Boeing Co.,* 327 F. 3d 938, 964 (9th Cir. 2003). That benefit here is the claims filing requirement and the low cap on maximum claims. If class counsel had agreed to accept a reasonable fee for their work on this case with modest results, perhaps class members could receive payments with higher upper limits. This would have made it likely that more class members would file claims.

9.      Objectors play an important role in assuring that settlements and attorneys' fees are reasonable and fair, which is why their existence is assured and guaranteed under Rule 23(e)(5). Several cases have discussed why objectors are necessary to the class settlement process, including *Vollmer v. Selden,* 350 F.3d 656 (7th Cir. 2003):

> Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees it will take away. [Citation]. Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value…. The slightness of individual recovery does not make the counsel's purpose invalid nor his role as objector less vital. 350 F. 3d at 660 (emphasis added).

10.     Objectors provide a benefit to the Class Action Settlement. Independent information provided by Objector's counsel complements the Court's fiduciary role in protecting the class members, rather than detracting from it, and prevents a rubber stamp of a settlement which may not have resolved the issues in favor of class members.

11.     Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections. Objector also reserves the right to supplement these Objections with other and fuller objections.

12.     The Class Members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, and the legal fees that are proposed to be paid.

13.     These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these objections have been met.

14.     Objector will rely on these written Objections. Objector does not plan to attend the fairness hearing, but rather will rely on their written Objections.

15.     For the foregoing reasons, this Court should (a) sustain these Objections in full; (b) deny approval of the settlement, for the reasons stated herein; (c) award class counsel no more than a reasonable percentage of the amount of money actually paid to class members who filed claims; and, (d) upon completion of the fairness hearing, enter such orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of this settlement.

Craig Smotzer

Respectfully submitted,

SAM P. CANNATA (Ohio No. 0078621)
30799 Pinetree Rd., #254
Pepper Pike, Ohio 44124
(216) 214-0796 Voice
spc@cplpa.com

Counsel for Objector

4

**MUST BE POSTMARKED ON OR BEFORE MARCH 12, 2014**

*Delacruz v. CytoSport, Inc.*
c/o GCG
P.O. Box 35069
Seattle, WA 98124-3508
Toll-Free: 1 (855) 590-8658

CYS




Claim No: 7658804          Control No: 2882361980

CRAIG SMOTZER
1914 CLARK AVE.
CLEVELAND, OH  44109
US

**REQUIRED ADDRESS INFORMATION OR CORRECTIONS**
If the pre-printed address to the left is incorrect or out of date, **OR** if there is no pre-printed data to the left, **YOU MUST** provide your current name and address here:

Name:

Address:

City/State/ZIP:

## CLAIM FORM AND INSTRUCTIONS

**The Settlement Administrator must receive this Claim Form no later than March 12, 2014 in order for it to be considered.**

### *Claire Delacruz v. CytoSport, Inc.*
### Case Number 4:11-cv-03532-CW (United States District Court, Northern District of California)
### Please read all of the following instructions carefully before filling out your Claim Form.

1. Please review the Notice of Settlement (the "Notice") and have the Notice with you when you complete your Claim Form. If you do not have the Notice, or if you misplaced it, you may request a copy from the Settlement Administrator, Garden City Group, Inc. ("GCG") at the Proposed Settlement website or mailing address below.

2. Under the terms of the Settlement in the above-referenced class action lawsuit, you may be entitled to receive up to $60.00 for your purchases of Muscle Milk® Ready-to-Drink or Muscle Milk® Bars products made between July 18, 2007, and December 31, 2012. The actual amount that you receive will depend on the amount of your claim and the total number of claims received.

3. Complete the Claim Information below by filling in your name, your current mailing address, and e-mail address. Please type or print legibly in black ink. Only one Claim Form per household will be honored.

4. If you desire an acknowledgment of receipt of your Claim Form, send it by Certified Mail, Return Receipt Requested.

5. You must submit your Claim Form and any supporting documents electronically at: www.CytoSportSettlement.com, or by mail to:  *Delacruz v. CytoSport c/o GCG, P.O. BOX 35069, Seattle, WA 98124-3508.*

6. Once your Claim Form is received, the Settlement Administrator will review the Claim Form for compliance.

7. Keep a copy of your completed Claim Form for your records. If your claim is rejected, the Settlement Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

Claimant Name:
CRAIG SMOTZER

Street Address:
1914 CLARK AVENUE

City:
CLEVELAND

State:
OH

ZIP Code:
44109

Email Address:
CRAIG.SMOTZER@gmail.com

QUESTIONS? CALL TOLL-FREE 1 (855) 590-8658

To view GCG's Privacy Notice, please visit http://www.gcginc.com/pages/privacy-policy.php

**I understand that in order for my household to obtain any payment under this Settlement, I must sign and date the following attestation under penalty of perjury:**

| Product Purchased: |
|---|
| VANILLA MUSCLEMILK |

| Location of Purchase: |
|---|
| BP AMPM / 711 |

| Product Purchased: |
|---|
| BANANA MUSCLEMILK |

| Location of Purchase: |
|---|
| BP AMPM / 711 |

| Product Purchased: |
|---|
| STRAWBERRY AND CREAM MUSMILK |

| Location of Purchase: |
|---|
| BP AMPM / 711 |

| Product Purchased: |
|---|
|  |

| Location of Purchase: |
|---|
|  |

| Product Purchased: |
|---|
|  |

| Location of Purchase: |
|---|
|  |

_____
Signature of Claimant

3 / 10 / 2014
Date

CRAIG SMOTZER
Print name and, if applicable, title

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR PURCHASES, PLEASE PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐