Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:  (818) 839-2333
Facsimile:   (818) 986-9698

Attorneys for Plaintiff
CLAIRE DELACRUZ individually, and
on behalf of other members of the general
public similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE DELACRUZ, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CYTOSPORT, INC., a California Corporation,<br><br>　　　　　Defendant. | Case Number:  4:11-cv-03532-CW<br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE TO OBJECTOR THEODORE FRANK'S MOTION FOR ADMINISTRATIVE RELIEF** |

# I. INTRODUCTION

Under Northern District of California Civil Local Rule 7-11(b), Plaintiff Claire Delacruz ("Plaintiff") submits this response to the Motion for Administrative Relief for Leave to File Declaration of Theodore H. Frank (Dkt. 84) (the "Administrative Motion"), which was filed by Objector Theodore H. Frank ("Frank").

As a threshold matter, the Court should be aware that prior to Frank's filing of the Administrative Motion, Plaintiff's counsel informed Frank that Plaintiff would stipulate to an Order permitting Frank to file his proffered declaration (Dkt. 84-1), so long as Frank would agree that Plaintiff could file a sur-reply in response. Frank rejected Plaintiff's proposal, however, and instead, stated, by email, as follows:

> I don't agree to a sur-surreply that I haven't seen. If you would prefer I'd consent to you withdrawing your brief and filing a corrected one that complies with Rule 11 and relevant ethical rules. But I have no intent of agreeing to another cycle of ad hominems and misquotations.

The essence of the Administrative Motion is that in Plaintiff's Response to Objections to Final Approval of Class Action Settlement (Dkt. 82) ("Plaintiff's Response"), Plaintiff purportedly made "disparaging and false accusations" (*see* Dkt. 84 at 1:24) about Frank, and, as such, Frank should be permitted to have the last word. To that end, Frank claims that "good cause" exists to supplement the record with his declaration because Plaintiff's Response is tantamount to the submission of "new evidence" in support of a reply brief. (*Id.* at 2:7-20.)

Contrary to Frank's assertions, there is nothing "new" about the arguments in Plaintiff's Response. As Frank is well aware, in his Objection to Proposed Settlement and Fee Request and Notice of Appearance (Dkt. 79) (the "Objection"), Frank sought to "preemptively" address his purported "good faith" motives in pursuing his objection. (*See id.* at 3:6-10.) Specifically, in that regard, without any factual support, Frank accused Plaintiff's counsel of filing "an abusive class action" and resorting to "*ad hominem* attacks rather than addressing the merits of the underlying arguments." (See *id.* at 3:5-9.) Frank then devoted several pages of the Objection to argue to the Court that he is not a

"professional objector," all of which was based on his own definition of that term (*Id.* at 3:25-5:22.)

In Plaintiff's Response, Plaintiff noted, among other things, Frank's notorious reputation as a serial or professional objector, Frank's having filed numerous class action objections around the country, and Plaintiff cited to the other district courts' dealings with Frank in *Dennis v. Kellogg Co.*, Case No. 09-CV-1786 (S.D. Cal. Nov. 14, 2013) and *Lonardo v. Travelers Indemnity Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010). Plaintiff's Reponses then devoted the bulk of the discussion to the substance of the Objection.

Frank appears to be hyper-sensitive to the notion that he makes a living objecting to class action settlements. Nevertheless, the issue of Frank's true motives and reputation were introduced into these proceedings *by Frank, not Plaintiff*. As a result, Plaintiff had every right to respond, and did so appropriately. The arguments in Plaintiff's Response, however, are not "new evidence" and, in any event, Frank's declaration (Dkt. 84-1) does nothing to assist the Court in evaluating the merits of his objection.

## II. FRANK PLACED HIS REPUTATION AT ISSUE IN HIS OBJECTION AND PLAINTIFF RESPONDED ACCORDINGLY

Frank's Administrative Motion incredibly claims that Plaintiff's observations about Frank's true motives in objecting to class actions is "new evidence," to which he must respond. Yet, Frank ignores that he devoted *over half* of his original Objection to "preemptively" addressing his notorious reputation. Of course, Frank had every right to do so and Plaintiff had every right to respond.

First, Plaintiff did not falsely claim that Frank's client sought attorneys' fees in the *Dennis v. Kellogg Co.* case. In fact, the district court's order reflects that Frank's client did, in fact, make an unsuccessful request for attorneys' fees on behalf of other objectors, even though neither Frank nor his client participated in the appeal:

> Objector Henderson does not object to the fairness of the settlement amount; rather, *he argues that other objectors should be entitled to attorneys' fees* for their prior success on appeal. *But neither Henderson, nor his counsel, Theodore Frank of the Center for Class Action Fairness, participated in the appeal*. The objectors that in fact prevailed on appeal, class members

> Stephanie Berg and Omar Rivero, are no longer participating in this case. They have apparently terminated their association with objector's counsel Darrell Palmer, and neither objects to the present settlement or moves for fees. *Accordingly, the propriety of a fee award on behalf of their efforts on appeal is not properly before the Court.*
>
> * * *
>
> For these reasons and in light of all briefing and oral argument on his behalf, the Court OVERRULES all of Henderson's objections *and DENIES as unwarranted his request for a fee award to objectors' counsel.*

*Dennis v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 163118, at *14-*15 (S.D. Cal. Nov. 14, 2013) (emphasis added).

Second, Frank takes issue with Plaintiff's characterization of him as a "professional objector." Yet, Frank's declaration confirms that he receives a monthly salary from an organization called the "Center for Class Action Fairness," which has admittedly filed *dozens* of class action objections around the country. (*See* Dkt. 84-1 at ¶ 6.) And, although Frank has "disclaimed any right to fees in this case," his declaration confirms that his "Center" sought fees totaling $193,000 in three cases where the Center did *nothing* towards litigating the case to a settlement.

Instead, the Center sought fees solely in connection with its objections. In that regard, Frank touts the $87,000 fee his Center obtained in *In re Apple Inc. Sec. Litig.*, 2011 WL 1877988 (N.D. Cal. May 17, 2011), but he neglects to inform the Court that the district court in the *Apple Inc. Sec. Litig.* case rejected Frank and his co-counsel's original request for an inflated fee of $297,916, because it "would result in an excessive hourly rate of more than $2,800." *Id.* at *4-6. And, Frank requested a lodestar multiplier of 2.2 in his fee petition in *Lonardo*, which that court also denied. *See*, *Lonardo*, 706 F. Supp. 2d at 813-14 ("Ultimately, it is not fair to compare Mr. Frank's limited role as counsel for an objector in this case to Class Counsel's central role as the architect of the lawsuit and the Settlement Class."). In sum, there can be no real dispute that Frank and his "Center" are in the *business* of objecting to class action settlements. In Plaintiff's book, that is the definition of a "professional objector."

Third, in the Administrative Motion, Frank curiously takes issue with Plaintiff's citation to the *Lonardo* case in Plaintiff's Response (*see* Dkt. 82 at 2:24-25).  But, while the court in *Lonardo* did not refer to Frank as "professional objector," Plaintiff very clearly, and appropriately, noted a quotation from that case, which indisputably referred to Frank's brief as "long on ideology and short on law."  *Lonardo*, 706 F. Supp. 2d at 785.

Finally, because Frank's objection attached a copy of Chamberlain's objection, Plaintiff's Response referred to them collectively as the "Frank/Chamberlain" objection. Plaintiff understands, however, that Frank does not object to Plaintiff's incentive payment, and, as a result, Plaintiff regrets any confusion created by the collective reference to the "Frank/Chamberlain" objection.  Nevertheless, because Chamberlain does object to Plaintiff's incentive payment, Plaintiff stands by the substance of her response.

## III. CONCLUSION

Frank devoted pages of the Objection to "preemptively" address his motivation and reputation as a notorious, serial objector.  Accordingly, Plaintiff and her counsel had every right to respond, and did so appropriately.  Plaintiff's response was not tantamount to the introduction of "new evidence," and, in any event, Frank's proffered declaration (Dkt. 84-1) does not assist the Court in evaluating the merits of his objection.

Dated: April 29, 2014                        BARON & BUDD, P.C.

By:  /s/ Roland Tellis
     Roland Tellis

     Roland Tellis (SBN 186269)
     rtellis@baronbudd.com
     Mark Pifko (SBN 228412)
     mpifko@baronbudd.com
     BARON & BUDD, P.C.
     15910 Ventura Boulevard, Suite 1600
     Encino, California  91436
     Telephone: (818) 839-2333
     Facsimile: (818) 986-9698

     Attorneys for Plaintiff and the Class